UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON REEVES** | **CIVIL NO: 19-10766** |
| **V.** | **SECTION: T** |
| **CITY OF NEW ORLEANS, ET AL** | **MAG:    5** |

## ANSWER TO ORIGINAL COMPLAINT

Now into court, through his undersigned counsel and individually appears defendant Raymond Burkart, Jr. in answer to the complaint filed by plaintiff Shannon Reeves states:

### Jurisdiction

1. The allegations contained in paragraphs 1 and 2 are admitted as to statements of law. All other allegations contained therein are denied for lack of sufficient information to justify belief thereof

### Venue

2. The allegations contained in paragraph 3 are admitted as a statement of law. All other allegations contained therein are denied for lack of sufficient information to justify belief thereof.

3. The allegations contained in paragraphs 4 and 5 are denied for lack of sufficient information to justify belief thereof.

### Parties

4. The allegations contained in paragraph 6 are denied for lack of sufficient information to justify belief thereof.

5. The allegation contained in paragraph 7 is admitted.

6. The allegations contained in paragraphs 8, 9, and 10 are admitted.

7. Defendant admits the City of New Orleans employs people. All other allegations contained in paragraph 11 are denied for lack of sufficient information to justify belief thereof.

8. The allegations contained in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 are admitted as to the named defendants were/are employees of the City of New Orleans and defendant resides in Louisiana. All other allegations contained therein are denied for lack of sufficient information to justify belief thereof.

## Factual Complaint

9. The allegations contained in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 for lack of sufficient information to justify belief thereof.

**Americans with Disabilities Act**

10. The allegations contained in paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84 are denied for lack of sufficient information to denied belief thereof.

11. The allegations contained in paragraph 85 are denied except to admit plaintiff was dismissed in accordance with the Rules of the New Orleans Civil Service, local Commission, which is the state law governing the hiring, paying, promoting, disciplining, and terminating civil servants for cause. Only the Appointing Authority for the Police Department (Superintendent of Police) can terminate

plaintiff, subject to her right to appeal her termination through the Civil Service Commission, Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court.

12. The allegations contained in paragraphs 86 are denied for lack of sufficient information to justify belief thereof.

**Retalition**

13. The allegations contained in paragraphs 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 142, 144 and 145 are denied for lack of sufficient information to justify belief thereof.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief against defendant can be granted

2. All employment actions taken by defendant with respect to plaintiff were based on:
   a. Rules of the Civil Service Commission and subject to review by supervisors, Civil Service Commission, and State Courts.
   b. Legitimate, non-retaliatory reasons included, but not limited violations of leave without pay status for years and inability to perform the job description of a Police Officer contained in a written announcement for the position of a Police Officer by the Civil Service Commission.

3. At all relevant times herein defendant acted in good faith and did not violate any provision of civil service rules, local, state or federal law, Louisiana and United States Constitutions, and any other relevant rule, regulation, ordinance, or guideline.

4. The allegations against defendant such as laughing or reviewing plaintiff's file without proper authorization, is specifically denied. However, if established, the allegations do not show the deprivation of a state, local, and/or federal or state statutory or constitutional protected right.

5. To the best of defendant's knowledge, information, and belief plaintiff was denied both workers compensation and pension benefits after being afforded due process and prior to filing this complaint.

6. Plaintiff filed this lawsuit in bad faith and in retaliation for being denied workers compensation and pension benefits, and failed to establish before termination by the appointing authority she is consistently able to perform public safety duties described in the civil service written announcement for the position of Police Officer.

7. Plaintiff failed to maintain standards of service described in the Rules of the Civil Service Commission to remain employed by the City of New Orleans as a Police Officer after numerus hearings in accordance with civil service rules and state law.

8. Plaintiff attended several status hearings with counsel in accordance with civil service rules prior to her termination by the appointing authority to discuss her ability to comply with the standards of service described in the Rules of the Civil Service Commission and the written job description for the position of Police Officer.

9. Defendant neither acted on nor relied on impermissible facts or unlawful criteria for any decision concerning plaintiff and her continued employment by the City of New Orleans.

10. Defendant had reasonable grounds for believing the actions taken with respect to plaintiff were reasonable and valid, and not in violation of any law, constitutional right, rule, regulation or guidance.

11. Plaintiff failed to perform and/or was unable certain functions and/or comply with certain guidelines set out regarding her position as a police officer.

12. Defendant affirmatively avers plaintiff is estopped by her own conduct from asserting some or all of the claims in her complaint, and therefore, should have all or some of the claims dismissed with prejudice.

13. Defendant has no responsibility or liability for the allegations or damages complained of because the allegations and damages were not caused by or as a result of any action or inaction of defendant.

14. Plaintiff's recovery, if any, may be limited by the doctrine of after acquired evidence.

15. Defendant cannot be subject to official or personal liability under the doctrine of qualified and/or good faith immunity.

16. Plaintiff did not sustain any damages as alleged in her complaint.

17. If plaintiff did sustain any damages, which is specifically denied, they were caused in whole or in part by her own intentional acts, inactions, or negligence, which fault or negligence serves to bar or diminish any claim for recovery.

18. If plaintiff did sustain injury or damages, which is specifically denied, they resulted from the fault on the part of others for whom defendant had no responsibility or control.

19. If plaintiff did sustain injury or damage, which is specifically denied, she failed to mitigate her damages.

20. Plaintiff's claims for damages are barred because defendant's actions regarding plaintiff were done in good faith and motivated as a result of maintaining standards of service necessary for public safety, and effective and efficient operation of the police department.

21. If plaintiff sustained any damages, which is specifically denied, defendant is entitled to an offset against plaintiff for any amounts earned or that should have been earned through reasonable diligence.

22. Plaintiff assumed the risk of termination as a result of her excessive absenteeism without just cause.

23. Plaintiff is not entitled to any award of liquidated damages, punitive damages, or penalties.

24. Defendant denies he acted with reckless ignoring or malice regarding plaintiff's federal, local or state protected rights.

25. Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver of plaintiff's contributory negligence, lack of fault of defendant, release and satisfaction, set-off for any wages or benefits received, and estoppel and/or unclean hands.

26. Plaintiff's alleged special, general, and putative damages claimed by plaintiff are speculative in nature and not recoverable.

27. Plaintiff's damages, which are specifically denied, are subject to federal and state statutory limits regarding their extent, costs, and interest.

28. Defendant was not acting under color or law.

29. Defendant specifically pleads the defenses of discretionary function, absolute discretionary and/or qualified immunity, good faith, public duty, and immunities

30. Defendant pleads the immunities and limitations for public bodies and officials pursuant to La. *R.S. 9:2798.1*.

31. There is no policy or custom established by defendants upon which to base defendant Burkart's liability.

32. This complaint against defendant is not warranted by existing law or in good faith.

33. Defendant contends he should be awarded all costs incurred is defending plaintiff's claims as the prevailing party pursuant to *42 USC § 1988*, and any other damages he may be entitled to under local, state, and/or federal law.

34. Defendant reserves the right to assert additional defenses and/or counterclaim that may become available or apparent during discovery, and to amend this answer.

**Wherefore**, defendant Raymond Burkart, Jr. prays after all legal delays and due proceedings there is judgment in his favor and against plaintiff Shannon Reeves dismissing her complaint at her costs and awarding defendant all costs of these proceedings including reasonable attorney's fees.

      /s/ Eric J. Hessler_____
Eric J. Hessler
2802 Tulane Ave.
New Orleans, LA 70119
Tel. No. 504.301.9913
Email: hessler.law@gmail.com

Raymond C. Burkart, Jr., Attorney At Law, LLC

By: /s/ Raymond C. Burkart, Jr.\_\_
Raymond C. Burkart, Jr. (#3673)
321 N. Florida # 104
Covington, LA 70433
Tel. # 985.893.3390
Fax # 985.893.3390
Email: burkartr@bellsouth.net
      rcbjratty@yahoo.com

Certificate of Service

I hereby certify a copy of the answer was electronically filed on 9/10/19 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Ellyn J. Clevenger
Attorney for Plaintiff

Sunni LeBeouf
Attorney, City of New Orleans


      /s/ Raymond C. Burkart, Jr.