SHANNON REEVES, EEOC CHARGE NO. 461-2017-01099
RESPONSE TO NOPD'S POSITION STATEMENT

TO:    Ms. Tania Reyes, Federal Investigator
       500 Poydras Street
       Room 809
       New Orleans, Louisiana 70130

FROM:  Ellyn Clevenger, Attorney at Law
       1100 Poydras Street
       Suite 2601
       New Orleans, Louisiana 70163

December 9, 2018

The NOPD states that "it did not discriminate against Shannon Reeves, based on her sex or any alleged disability, and that the department responded promptly to investigate and remove the supervisor she charged with sexual harassment, once Ms. Reeves came forward with the sexual harassment complaint."

The department did not promptly investigate and remove Officer Reeves' supervisor. After Officer Reeves made her complaint, she continued to work directly under Rhett Charles for approximately six weeks. The NOPD transferred Charles to another division only after Officer Reeves, subsequent to making the complaint, continued to request that she not be required to work under him.

The department's investigation of Charles took over a year, and concluded with Charles receiving a "slap on the wrist." Charles was suspended for one day, and was demoted in name only; his salary and benefits were not impacted. This does not suggest a "prompt" or appropriate response to the complaint.[1]

The department was aware of, and essentially acquiesced in, Charles' behavior. At least eight women, in addition to Officer Reeves, had complained of sexually harassing behavior by Charles over the years leading up to Officer Reeves' complaint, and the department had taken no action to address the behavior. Additionally, the department had implemented no sexual harassment policy to assist in addressing the complaints or protect victims of harassment.

Finally, the NOPD's statement - that the particulars detailed in the complaint do not include any allegations of discrimination by NOPD based on her sex – is clearly wrong. The complaint details the NOPD's failure to provide an adequate procedure for complaining of sexual harassment and concomitant failure to protect victims of sexual harassment, including allowance of further harassment/retaliation for making a complaint, as well as systemic sanctioning of sexual harassment by a senior officer. These actions fall precisely within the definition of sexual harassment contemplated by Title VII of the Civil Rights Act.

---

[1] Based upon information and belief, Charles continues to work in positions of public trust, representing the department; he regularly assists with security at Saints football games, for example.

**Plaintiff's Attachment 6**
to Plaintiff's Response to Defendants' 12(b)(6) Motion

With respect to the NOPD's position as to the complaint regarding Officer Reeves' disability, the requisite accommodation (with respect to Officer Reeves' migraine headaches) was that she not be subject to a workspace which included fluorescent lighting. This was not a request for protective headgear; rather, Officer Reeves was informed by the department that it would not accommodate this request, and that her only recourse would be to wear protective headgear.

The NOPD refused to accommodate Officer Reeves, and placed the responsibility on her by suggesting that she obtain and wear protective headgear. It is disingenuous for the NOPD to suggest that its failure to accommodate Reeves was based upon not having received a request for protective headgear.