UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON REEVES | CIVIL ACTION NO. 19-10766 |
| VERSUS | SECTION "T" |
| | JUDGE GUIDRY |
| CITY OF NEW ORLEANS, ET AL. | |
| | MAG. DIV. (5) |
| | MAGISTRATE JUDGE NORTH |

**DEFENDANTS' REPLY MEMORANDUM IN
FURTHER SUPPORT OF RULE 12(b)(6) MOTIONS TO DISMISS**

**MAY IT PLEASE THE COURT:**

Defendants, the City of New Orleans ("City) and named Individual Defendants, Paul Noel, Jenerio Sanders, Walter Powers, Michael Harrison, Rannie Mushatt, and Arlinda Westbrook (collectively, "Individual Defendants"), without waiving, and expressly reserving all motions, defenses, objections and arguments, respectfully submit their Reply in Further Support of their Rule 12(b)(6) Motions to Dismiss (R. Docs. No. 27 and 38).  In her Opposition, Plaintiff purports to state facts conclusively, without applying the relevant legal standard governing Rule 12(b)(6), to avoid dismissal of some, if not all, of her claims against the Defendants.  In a last ditch effort to state a claim against these Defendants, Plaintiff submits substantial documentation to the Court which is clearly outside the scope of a Rule 12(b)(6) Motion to Dismiss.[1]  Despite Plaintiff's efforts, her original Complaint fails to sufficiently plead facts for her claims against Defendants

---

[1] Defendants expressly object to Plaintiff's submission of over 100 pages of documentation to oppose the motions to dismiss, including medical information and other materials, some of which date back to 2012. Defendants expressly request that this Court strike and/or not consider most of Plaintiff's exhibits, as they are legally irrelevant to whether Plaintiff has pled "specific facts" in her Original Complaint to support claims under Title VII and the ADA that are proper and timely.  Plaintiff's submission of over 100 pages of documents in opposition to a motion to dismiss, including medical information, is an obvious attempt to confuse the relevant legal issues before this Court. Accordingly, Defendants expressly object to, and request that most of these documents be stricken or not considered in Plaintiff's opposition to Defendants' Motions to Dismiss.

under Title VII and the ADA to survive, such that her claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

# LAW AND ARGUMENT

**I.  Plaintiff concedes that her claims under Title VII and the ADA against the Individual Defendants should be dismissed.**

In her Opposition, Plaintiff does not deny that the Individual Defendants are not proper defendants under the ADA and Title VII and should therefore be dismissed as parties to this lawsuit. Further, Plaintiff does not substantively address Defendants' argument that she cannot bring suit against the Individual Defendants under Title VII or the Americans with Disability Act (ADA). In her original Complaint, Plaintiff has asserted duplicative claims against the City and the Individual Defendants; the Individual Defendants, as employees of the City, are not Plaintiff's "employer" under the relevant statutes.

Specifically, duplicative claims against individual defendants in their official capacity and against a municipal entity itself are properly subject to dismissal.[2]  Second, Fifth Circuit jurisprudence is clear to the effect that no personal liability under Title VII and the ADA extends to the named Individual Defendants because they are not Plaintiff's "employer" and may not be

---

[2]  *See, e.g., Derischebourg v. Clark*, No. 15-1712, 2016 U.S. Dist. LEXIS 2239 (E.D. La. Jan. 8, 2016) (dismissing official capacity claim as redundant of claim against employer Board); and *Jenkins v. City of Westwego*, No. 09-3033, 2009 U.S. Dist. LEXIS 92493, at *15 (E.D. La. Sept. 21, 2009) ("[T]he Fifth Circuit has affirmed the dismissal of official capacity claims on a 12(b)(6) motion because they are duplicative of claims against the governmental entity."); *Dejean v. Town of Washington*, No. 13-3020, 2015 U.S. Dist. LEXIS 66784, at *12 (W.D. La. Apr. 23, 2015) (holding that when a government entity itself is a defendant in a lawsuit, "claims against specific individuals in their official capacity are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them"); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (dismissing claims against municipal officer and employees as duplicative of claims against respective governmental entity), and *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996) (dismissing claims against individual defendants in official capacities as redundant of claims asserted against the government entity); *Winn v. New Orleans City*, No. 12-1307, 2014 U.S. Dist. LEXIS 24365, at *6 (E.D. La. Feb. 26, 2014) (dismissing official capacity claims after finding claims were "redundant and without independent legal significance")).

held personally liable for damages under Title VII and the ADA.³ Thus, all of Plaintiff's claims under Title VII and the ADA against the Individual Defendants should be dismissed with prejudice.

**II.     Plaintiff does not substantively address Defendants' argument that she has failed to state a claim for her Title VII and ADA claims.**

   A.    *Plaintiff's Claims under Title VII and the ADA are untimely and unexhausted.*

The Court should not be persuaded by Plaintiff's baseless attempt to possibly convert Defendants' Motion to Dismiss into a motion for summary judgment by attaching over 100 pages of documents, including medical information. *See* footnote 1. In support of her opposition, Plaintiff attaches over 100 pages of documents of purported evidence to try to controvert Defendants' argument that her EEOC charges were not timely. Plaintiff cites to *Tucker v. Waffle House, Inc.*, 2013 U.S. Dist. LEXIS 52991 (E.D. La. 4/11/13), as support for her proposition that the Court can consider matters of "public record" without having to convert the motion to a motion for summary judgment. *See* Opp. at p. 3, footnote 3.

First, the vast majority of the documents submitted with Plaintiff's opposition to the motion to dismiss are not matters of "public record," notwithstanding that Plaintiff may have submitted such records to the EEOC. Many of the documents are legally irrelevant to the timeliness of Plaintiff's claims and/or constitute inadmissible hearsay. By way of example, but not intended to be exhaustive, Plaintiff has attached "Physician's Examination Certifications" going back to 2014; a report from a licensed social worker in 2015; a report from a neurologist in 2015; attendance

---

³ *See Grant*, 21 F.3d at 651-52 (recognizing that the statutory scheme of Title VII "indicated that Congress did not intend to impose individual liability on employees" and acknowledging that the Fifth Circuit had "failed to uncover a single case in which a public official has been held personally liable for backpay under Title VII"); *Franklin v. City of Slidell*, 928 F.Supp.2d 874, 882 (E.D. La. 2013) (Individuals, who are not employers, are not subject to liability under the ADA); *Indest v. Freeman Decorating, Inc.*, No. 95-16, 1995 U.S. Dist. LEXIS 8643, at *1 (E.D. La. June 20, 1995) (holding that "[t]he law is well settled in the Fifth Circuit that employees cannot be sued in their individual capacities under Title VII").

records going back to 2015; and a newspaper article from July of 2017, which clearly constitutes inadmissible hearsay. Notwithstanding that these documents are not properly submitted in opposition to Defendants' Motion to Dismiss, they further support the fact that Plaintiff's Title VII and the ADA claims are untimely and unexhausted. Plaintiff expressly acknowledges in her Opposition to Defendants' Motion to Dismiss (R. Doc. No. 44, p. 8), that a charge of discrimination must be filed within 300 days of the action which the Complainant alleges to be improper, and that the timely filing of a charge is a prerequisite to filing suit.

Contrary to Plaintiff's assertions otherwise, district courts are not unbridled in their discretion in determining whether or not to consider matters outside the pleadings. *Werner v. Dep't of Homeland Sec.*, 441 F. App'x 246, 248 (5th Cir. 2011) (finding that the district court's reliance where a party attached over one-hundred documents to a motion to dismiss "far" exceeded what was intended to be allowed into evidence). The fact that Plaintiff attached over one hundred pages of documentation, clearly demonstrates what Plaintiff is really trying to accomplish here— avoid the well-settled standard for dismissal under Fed. R. Civ. P. 12(b)(6) and to convert the instant motions to dismiss into a motion for summary judgment.

Even should the Court consider the documents attached by Plaintiff (to which Defendants object), Plaintiff's claims are clearly untimely. As stated by Defendants in their Motions to Dismiss, to be able to file suit under Title VII, a plaintiff must have (1) exhausted his or her administrative remedies, and (2) filed suit within the time permitted after receiving a "notice of right to sue." *Taylor v. Books-A-Million*, 296 F.3d 376, 378-79 (5th Cir. 2002). Moreover, as stated, to file suit under Title VII and the ADA, a plaintiff first must file a charge with the EEOC within a certain time period from the alleged discriminatory acts, and in deferral jurisdictions like Louisiana, a 300-day period applies. *See Martin v. Winn-Dixie Louisiana, Inc.*, 132 F. Supp. 3d

794, 815 (M.D. La. 2015). "A charge shall be in writing and signed and shall be verified." 29 CFR 1601.9. Plaintiff relies on this additional documentation, namely, documents allegedly submitted in connection with her EEOC charges, to try to show that her claims were timely filed.

Even accepting Plaintiff's argument that the intake questionnaire submitted on April 20, 2017 properly "constitutes a charge of discrimination"[4] the vast majority of Plaintiff's allegations in her Complaint under the ADA are prescribed or time barred as the alleged denial of accommodations occurred in July 13, 2015 and September 24, 2015, and by her own admission, Plaintiff did not go to the EEOC until 2017, such that these claims were time-barred even accepting Plaintiff's date of April 20, 2017. *See* R. Doc. 1 at ¶¶ 65-68. From the face of Plaintiff's Complaint, and the referenced EEOC charges contained therein, Plaintiff's EEOC charges were not timely, and Plaintiff failed to properly exhaust her administrative remedies prior to filing suit.

Plaintiff cannot have it both ways. She cannot rely upon her April 20, 2017 Intake Questionnaire to assert that she timely filed charges with the EEOC, and after failing to perfect her charges for 17 months, then rely upon the actual September 14, 2018 EEOC Charges to assert that she properly exhausted her administrative remedies. Without waiving their objections to Plaintiff's submission of 100 pages of documentation in opposition to the motions to dismiss, Plaintiff's April 20, 2017 Intake Questionnaire (R. Doc. No. 44-1, p. 4 of 7) upon which she relies in her opposition, expressly states the following:

> If you would like to file a charge of job discrimination, you must do so within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the

---

[4] It is important to note that the Notice of Charge of Discrimination for EEOC Charge No. 461-2017-01099, dated April 24, 2017, attached as Exhibit C to Defendants' Motion to Dismiss (R. Doc. No. 27-2) expressly states the following: Within 60 days, a perfected charge (EEC Form 5) will be available for you to review and download from the EEOC Respondent Portal once it has been received from the Charging Party." There is no question that the "perfected charges (EEOC Form 5)" as stated by the EEOC are not dated until September 14, 2018. *See* R. Doc. No. 27-2, Exhibits A and B.

EEOC's laws.  *If you do not file a charge of discrimination within the time limits, you will lose your rights.*  (Emphasis supplied.)

It is clear that the EEOC did not treat Plaintiff's Intake Questionnaire as a perfected EEOC Charge.

Plaintiff has also failed to exhaust her administrative remedies concerning alleged violations of the ADA because she has attempted to assert ADA claims that are far outside the scope of her EEOC charge.  Plaintiff's assertions in her EEOC Charges are clearly limited to highly generalized and overbroad statements that she had a "medical condition" which allegedly required an accommodation.  Compare Exhibit A to Defendants' Motion to Dismiss with R. Doc. 1 at ¶¶ 62-64.  This EEOC Charge does not discuss any issues related to alleged post-traumatic stress disorder, depression, anxiety or migraines.  Charge Number 461-2018-02385 does not even refer to any "medical condition," and simply alleges that her accommodation requests were not given.  Exhibit B.  In Charge No. 461-2017-01099, Plaintiff only broadly refers to "medical conditions" without providing any facts alleging a specific disability or discriminatory conduct.  Exhibit A.  Nowhere in Plaintiff's EEOC Charge does she provide any specific information regarding her alleged "medical condition," and that she suffered from an alleged disability.  Similarly, the substantial majority of Plaintiff's retaliation claims are untimely and many of them do not state a claim under Title VII.

Further, Plaintiff's arguments about "continuing violations" is unavailing.  Plaintiff cannot avoid the untimeliness element of her Title VII and ADA claims by simply claiming that her hostile work environment claim negates the prescribed nature of each of the discrete incidents Plaintiff refers to in her Complaint.  Plaintiff's Complaint does, in fact, allege numerous discrete acts which do not constitute a continuing violation.  Thus, Plaintiff has failed to timely assert her claims and to exhaust her administrative remedies.

B.  *Plaintiff cannot state a claim under the ADA or Title VII as a matter of law.*

As Defendants established in their supporting memoranda, for a plaintiff to state a claim for failure to accommodate under the ADA, Plaintiff must establish that "(1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013). From the face of her pleadings, Plaintiff has failed to satisfy the threshold requirement of being a "qualified" individual under the ADA. Again, to establish a *prima facie* case of disability, Plaintiff "must show that she has or has a record of (1) a physical or mental impairment (2) that substantially limits (3) one or more of her major life activities" or be regarded as having such an impairment. *See Doherty v. Nat'l Bd. of Med. Exam'rs*, No. 19-30661, 2019 U.S. App. LEXIS 33507, at *3-4 (5th Cir. Nov. 7, 2019). Plaintiff must show that she is substantially limited in working in a class or a broad range of jobs in various classes as compared to most people in the general population which she has failed to do. Plaintiff has not asserted this essential element and, thus, cannot state a claim for violation of the ADA. While Plaintiff attempts to make broad and general allegations concerning a request for an accommodation, the Court cannot even reach the issue of whether an accommodation should be provided if the person in question is not a "qualified individual with a disability" as defined under the ADA.

With respect to Plaintiff's primary allegations of sexual harassment in 2016 by Defendant Charles (which are clearly untimely and unexhausted), Plaintiff has not alleged a *prima facie* case because her Complaint makes clear that, at a minimum, that the City of New Orleans took prompt remedial action. Plaintiff first acknowledges that the alleged harassment began in February of 2016, and she did not complain until November of 2016. Plaintiff also admits in her Complaint that within a month and a half of the November 2016 complaint, Defendant Charles was transferred

- 7 -

to a different district and more importantly, engaged in no further sexual harassment against her. Moreover, the conduct that Defendant Charles allegedly engaged in after his transfer, such as supposedly making inappropriate personal Facebook postings (that were not directed at Plaintiff), making personal comments to other individuals that Plaintiff was jilted by him and videotaped him at the gym, and making a personal statement of vindication after Plaintiff was terminated, were neither severe or pervasive, nor affected a term, condition, or privilege of Plaintiff's employment. Moreover, these allegations reflect purely personal statements and/or actions by Defendant Charles.

Likewise, Plaintiff's allegations concerning conduct by other male and female police officers are not actionable as sexual harassment or the creation of a hostile work environment as a matter of law as they do not amount to "discriminatory changes in the terms and conditions of employment." *Cassey v. Coca-Cola-Enter.*, 2006 U.S. Dist. LEXIS 94378, at *21 (W.D. La. Dec. 28, 2006). The Supreme Court's standard seeks to "ensure that Title VII does not become a 'general civility code.'" *Id.* Thus, judicial standards must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006).

These allegations involve sporadic isolated incidents as alleged by the Plaintiff and simply do not rise to the severity required to state a claim for sexual harassment or hostile work environment under Title VII. Therefore, Plaintiff's claims for sexual harassment and hostile work environment should be dismissed.

C. *Plaintiff's cited case law is not controlling.*

Instead of substantively addressing Defendants' arguments that Plaintiff has failed to state a claim for relief for Title VII and violations of the ADA, Plaintiff cites to *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506 (2002) to support her contention that she has does not need to assert a *prima facie* case for employment discrimination and that the standard that she must meet is somehow lower than that required under the normal 12(b)(6) legal standard. In *Swierkiewicz*, which was decided prior to *Twombly*, the Court held a plaintiff's complaint was sufficient even though the plaintiff failed to plead a "prima facie case." *Id*. at 514.[5] However, of critical importance to this Court's determination is that *Swierkiewicz* specifically held that the "ordinary rules for assessing the sufficiency of a complaint apply." *Id*. at 511. Thus, Plaintiff's suggestion that the "ordinary rules" set forth by *Twombly* and *Iqbal* are somehow displaced here is unavailing. The requisite legal standard to be applied by the Court is that stated by Defendants in their motion to dismiss.

**III.     Plaintiff's arguments regarding her Section 1983 claim are misplaced and legally irrelevant.**

In her original Complaint (R. Doc. 1) Plaintiff did not assert a claim against the Defendants for violation of Section 1983. That fact is undisputed. However, in her Opposition, Plaintiff attempts to counter arguments that Defendants did not raise in their Motions to Dismiss again in an effort to confuse the relevant legal issues before the Court. Plaintiff has attempted to assert Section 1983 claims in her proposed Amended Complaint (not in her Original Complaint) and Defendant substantively addressed the untimeliness and deficiencies of those claims in their Opposition to Plaintiff's Motion for Leave to File Amended Complaint (R. Doc. 54). To the extent the Court deems Plaintiff's argument relevant for purposes of Defendants' Motions to Dismiss in regard to Plaintiff's Original Complaint, Defendants respectfully direct the Court to their

---

[5]    Whether *Swierkiewicz*'s liberal language regarding the pleading requirements even survives in light of *Twombly and Iqbal* is still an open question  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009); *see also Muro v. Bd. of Supervisors*, No. 19-10812, 2019 U.S. Dist. LEXIS 193485, at *5-6 (E.D. La. 11/7/19) (stating that in spite of *Swierkiewicz*, "a plaintiff must still plead facts sufficient to raise the right of relief above a speculative level" as required by *Iqbal* and *Twombly*).

discussion in the Opposition to Plaintiff's Motion for Leave (R. Doc. 54), as all of Plaintiff's §1983 claims are prescribed on their face.[6]

## CONCLUSION

In her Opposition, Plaintiff does not sufficiently address the arguments set forth by Defendants in their Motion to Dismiss. While conceding that the Individual Defendants may not be held liable under Title VII and the ADA, Plaintiff fails to substantively respond to Defendants' arguments and instead leads the Court down a confusing path. However, what is clear is that Plaintiff's Title VII and ADA claims are untimely and unexhausted and that she has failed to state a claim for which she is entitled to relief. Accordingly, the Court should grant Defendants' Motion to Dismiss, dismissing all of Plaintiff's claims with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Kim M. Boyle*
KIM M. BOYLE (#18133)
BRANDON DAVIS (#29823)
REBECCA SHA (#35317)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
kim.boyle@phelps.com
brandon.davis@phelps.com
rebecca.sha@phelps.com

**ATTORNEYS FOR DEFENDANTS THE CITY OF NEW ORLEANS, PAUL NOEL, ARLINDA WESTBROOK, JENERIO SANDERS, WALTER POWERS, RANNIE MUSHATT, AND MICHAEL HARRISON**

---

[6] However, Defendants expressly reserve their rights to file the appropriate motions, including a 12(b)(6) motion to dismiss, should the Court grant Plaintiff's motion for leave to amend.

- 10 -