UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON REEVES** | **CIVIL NO: 19-10766** |
| **V.** | **SECTION: T** |
| **CITY OF NEW ORLEANS, ET AL** | **MAG:     5** |

### ANSWER TO FIRST AMENDED COMPLAINT

Now into court, through his undersigned counsel and individually appears defendant Raymond Burkart, Jr. and in answer to the first amended complaint filed by plaintiff Shannon Reeves states:

### Jurisdiction and Venue

1. The allegations contained in paragraphs 1 and 2 are admitted as to statements of law. All other allegations contained therein are denied for lack of sufficient information to justify belief thereof.

2. The allegations contained in paragraphs 3 and 4 are denied for lack of sufficient information to justify belief thereof.

3. Defendant specifically incorporates into this answer all answers filed in the original complaint as if copied here in extenso.

### Parties

4. The allegations contained in paragraph 5 are denied for lack of sufficient information to justify belief thereof.

5. The allegation contained in paragraph 6, 7, 8, and 9 are admitted.

6. The allegations contained in paragraphs 10, 11, 12, 13, 14, 15, and 17 are denied for lack of sufficient information to justify thereof except to admit Ranni Mushatt (a deputy superintendent), Arlinda Westbrook (a deputy superintendent), Walter Powers (a sergeant), and Michael Harrison ( former superintendent) are/were employees of the New Orleans Police Department.

7. The allegations of paragraph 16 are admitted.

8. Defendant specifically incorporates in this answer all answers previously filed in response to the original complaint.

## Factual Complaint

9. The allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 for lack of sufficient information to justify belief thereof.

10. The allegations of paragraph 69 are denied except to admit Rannie Mushatt was a deputy superintendent assigned to the Investigation and Support Bureau.

11. The allegations of paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82 are denied for lack of sufficient information to justify belief thereof.

12. The allegations contained in paragraphs 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98 are denied except to admit there was a DOJ report and a voluntary consent decree was entered into between the City of New Orleans and the U.S. Department of Justice.

**Americans with Disabilities Act**

13. The allegations contained in paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, and 123 are denied for lack of sufficient information to justify belief thereof: except to deny the allegations contained in sub-paragraphs 123 (x) and (xi). Defendant admits:

    a.  he was assigned to ADD

    b.  Harrison approved terminated plaintiff after a hearing

    c.  plaintiff was dismissed in accordance with the Rules of the New Orleans Civil Service, local Commission, which is the state law governing the hiring, paying, promoting, disciplining, and terminating civil servants for cause

    d.  only the Appointing Authority for the Police Department (Superintendent of Police Harrison) can terminate plaintiff, subject to her right to appeal her termination through the Civil Service Commission, Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court.

14. Defendant specifically incorporates in this answer all answers previously filed in response to plaintiff's original complaint as if copied here in extenso.

**Retaliation**

15. The allegations contained in paragraphs 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179,

    180, 181, 182, 183, 184, 185, 186, 187, and 188 are denied for lack of sufficient information to justify belief thereof; except to deny paragraph 188 with respect to defendant Burkart.

16. Defendant specifically incorporates in this answer all answers previously filed in response to the original complaint as if copied here in extenso.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief against defendant can be granted, including but not limited to **42 U.S.C. § 1983**

2. Plaintiff's claims against defendant are time barred.

3. Defendant does not possess final policy making or delegated authority to recommend termination of plaintiff's employment as a police officer.

4. Defendant was not appointed as a Hearing Officer for plaintiff's Civil Service Rule 9 Hearings

5. All employment actions taken by defendant with respect to plaintiff were based on:

    a. Rules of the Civil Service Commission and subject to review by supervisors who have delegated and/or final policy making authority.

    b. Legitimate and non-retaliatory reasons, including but not limited to Police Department Policy and Civil Service Rules regarding leave without pay status for years and Civil Service Rules regarding inability to perform the job description of a Police Officer in the written announcement for the position of a Police Officer by the Civil Service Commission.

6. At all relevant times herein defendant acted in good faith and did not violate any provision of Civil Service Rules, local, state or federal law, Louisiana and United

States Constitutions, and any other relevant rule, regulation, ordinance, or guideline upon which plaintiff basis her cause of action.

7. The allegations against defendant such as laughing or reviewing plaintiff's file without proper authorization, is specifically denied. However, if established, the allegations do not show the deprivation of a civil service, state, local, and/or federal or state statutory or constitutional protected right. Defendant's assignment by the final policy maker (superintendent) authorized defendant to review medical information submitted by plaintiff; a requirement by police department policy and Civil Service as a basis for continued employment as a police officer.

8. To the best of defendant's knowledge, information, and belief plaintiff was denied both workers compensation and disability pension benefits after being afforded due process and prior to filing this complaint.

9. Plaintiff filed this lawsuit in bad faith and in retaliation for being denied workers compensation and pension benefits, and failed to establish before termination by the final policy maker she is consistently able to perform public safety duties described in the civil service written announcement for the position of Police Officer.

10. Plaintiff failed to maintain standards of service described in the Rules of the Civil Service Commission to remain employed by the City of New Orleans as a Police Officer after numerus hearings in accordance with civil service rules and state law.

11. Plaintiff attended several status hearings before supervisors with delegated authority over the years with counsel in accordance with civil service rules prior to her termination by the final policy maker (superintendent) to discuss her ability to

    comply with the standards of service described in the Rules of the Civil Service Commission and the written job description for the position of Police Officer.

12. Plaintiff's termination was not a disciplinary action rather; she could not maintain the standards necessary to remain a police officer as set out in the Civil Service written job description for the position of Police Officer for years.

13. Plaintiff was free to seek future employment with the City of New Orleans as a police officer if she could demonstrate in the future she met the criteria contained in the written Civil Service job announcement for police officer.

14. Plaintiff was free to apply for other employment with the City of New Orleans.

15. Defendant neither acted on nor relied on impermissible facts or unlawful criteria when plaintiff was scheduled for a Rule 9 Hearings.

16. Defendant had reasonable grounds for believing the actions taken with respect to plaintiff were reasonable and valid, and not in violation of any law, constitutional right, rule, regulation or guidance.

17. Plaintiff failed to perform and/or was unable to perform certain functions and/or comply with certain guidelines for maintaining the position of Police Officer.

18. Plaintiff failed to exhaust her administrative and state court appeals prior to filing this lawsuit.

19. Defendant affirmatively avers plaintiff is estopped by her own conduct, testimony at hearings, and medical records furnished to the final policy maker (superintendent) from asserting some or all of the claims in her complaint, and therefore, should have all or some of the claims dismissed with prejudice.

20. Defendant has no responsibility or liability for the allegations or damages complained of because the allegations and damages were not caused by or as a result of any action or inaction of defendant.

21. Damages complained of were caused by persons over whom he exercised no supervision, care, custody, control or garde and for whom he is not legally responsible, barring recovery against defendant.

22. Plaintiff's recovery, if any, may be limited by the doctrine of after acquired evidence.

23. Defendant cannot be subject to official or personal liability under the doctrine of qualified and/or good faith immunity.

24. Plaintiff did not sustain any damages as alleged in her complaint.

25. If plaintiff did sustain any damages, which is specifically denied, they were caused in whole or in part by her own intentional acts, inactions, or negligence, which fault or negligence serves to bar or diminish any claim for recovery.

26. If plaintiff did sustain injury or damages, which is specifically denied, they resulted from the fault on the part of others for whom defendant had no responsibility or control.

27. If plaintiff did sustain injury or damage, which is specifically denied, she failed to mitigate her damages.

28. Plaintiff's claims for damages are barred because defendant's actions regarding plaintiff were done in good faith and motivated as a result of maintaining standards of service necessary for public safety, and effective and efficient operation of the police department.

29. If plaintiff sustained any damages, which is specifically denied, defendant is entitled to an offset against plaintiff for any amounts earned or that should have been earned through reasonable diligence.

30. Plaintiff assumed the risk of termination as a result of failure to maintain standards necessary to be a New Orleans Police Officer including but not limited to excessive absenteeism and failure to furnish medical documentation stating when she could return to full duty, all without just cause.

31. Plaintiff is not entitled to any award of liquidated damages, punitive damages, or penalties.

32. Defendant denies his actions were reckless, ignoring, or malice regarding plaintiff's federal, local or state protected rights.

33. Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver of plaintiff's contributory negligence, lack of fault of defendant, release and satisfaction, set-off for any wages or benefits received, and estoppel and/or unclean hands.

34. Plaintiff's alleged special, general, and putative damages claimed by plaintiff are speculative in nature and not recoverable.

35. Plaintiff's damages, which are specifically denied, are subject to federal and state statutory limits regarding their extent, costs, and interest.

36. Defendant was not acting under color or law.

37. Defendant specifically pleads the defenses of discretionary function, absolute discretionary and/or qualified immunity, good faith, public duty, and immunities

38. Defendant pleads the immunities and limitations for public bodies and officials pursuant to La. ***R.S. 9:2798.1***.

39. There is no policy or custom established by defendants upon which to base defendant Burkart's liability.

40. The complaint against defendant is not warranted by existing law.

41. Defendant contends the claims filed against him were not filed in good faith and he should be awarded all costs incurred in defending plaintiff's claims as the prevailing party pursuant to ***42 USC § 1988***, and any other damages he may be entitled to under local, state, and/or federal law.

42. Defendant reserves the right to assert additional defenses and/or counterclaim that may become available or apparent during discovery, and to amend this answer.

43. Plaintiff's complaint fails to sufficiently plead facts for her claims against defendant under Title VII and the ADA to survive such that her claims should be dismissed pursuant to F.R.C.P. 12(b)(6) because defendant is not her employer.

44. Defendant re-urges all defenses raised by him in answer to plaintiff's original complaint as copied here in extenso.

**Wherefore**, defendant Raymond Burkart, Jr. prays after all legal delays and due proceedings there is judgment in his favor and against plaintiff Shannon Reeves dismissing her complaint at her costs and awarding defendant all costs of these proceedings including reasonable attorney's fees.

>   /s/ Eric J. Hessler_____
>   Eric J. Hessler
>   2802 Tulane Ave.
>   New Orleans, LA 70119
>   Tel. No. 504.301.9913
>   Email: hessler.law@gmail.com

            Raymond C. Burkart, Jr., Attorney At Law, LLC

        By:  /s/ *Raymond C. Burkart, Jr.*
             Raymond C. Burkart, Jr. (#3673)
             321 N. Florida # 104
             Covington, LA 70433
             Tel. # 985.893.3390
             Fax # 985.893.3390
             Email: burkartr@bellsouth.net
                     rcbjratty@yahoo.com

Certificate of Service

I hereby certify a copy of the answer to Shannon Reeves first amended complaint was electronically filed on 02/10/19 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Ellyn J. Clevenger | Brandon E. Davis |
| Sunni LeBeouf | Rebecca Sha |
| Chester T. Alpaugh, III | Kim M. Boyle |
| Claude A. Schlesinger | Wendy E. Manard |

                 /s/ *Raymond C. Burkart, Jr.*