```
 1                   UNITED STATES DISTRICT COURT

 2                   EASTERN DISTRICT OF LOUISIANA

 3
      ****************************************************************
 4
      SHANNON REEVES
 5
                                 CIVIL ACTION NO. 19-10766 "T"
 6    VERSUS                     NEW ORLEANS, LOUISIANA
                                 WEDNESDAY, FEBRUARY 5, 2020, 11:00 A.M.
 7

 8    NEW ORLEANS CITY, ET AL

 9    ****************************************************************

10
                  TRANSCRIPT OF MOTION HEARING PROCEEDINGS
11                HEARD BEFORE THE HONORABLE MICHAEL NORTH
                        UNITED STATES MAGISTRATE JUDGE
12

13
      APPEARANCES:
14

15    FOR THE PLAINTIFF:         MANARD LAW
                                 BY:  ELLYN J. CLEVENGER, ESQUIRE
16                               1100 POYDRAS STREET, SUITE 2610
                                 NEW ORLEANS LA   70163
17

18    FOR RHETT CHARLES:         GUSTE BARNETT SCHLESINGER
                                 HENDERSON & ALPAUGH
19                               BY:  CHESTER T. ALPAUGH III, ESQUIRE
                                 639 LOYOLA AVENUE, SUITE 2130
20                               NEW ORLEANS LA   70113

21
      APPEARANCES CONTINUED:
22

23    FOR THE DEFENDANTS:        PHELPS DUNBAR
                                 BY:  KIM M. BOYLE, ESQUIRE
24                               CANAL PLACE
                                 365 CANAL STREET, SUITE 2000
25                               NEW ORLEANS LA   70130


                          *OFFICIAL TRANSCRIPT*
```

1  APPEARANCES CONTINUED:

2

3  OFFICIAL COURT REPORTER:     CATHY PEPPER, CRR, RMR, CCR
                                CERTIFIED REALTIME REPORTER
4                               REGISTERED MERIT REPORTER
                                500 POYDRAS STREET, ROOM B-275
5                               NEW ORLEANS LA   70130
                                (504) 589-7779
6                               Cathy_Pepper@laed.uscourts.gov

7
   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
8  PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*OFFICIAL TRANSCRIPT*

**P-R-O-C-E-E-D-I-N-G-S**

M O R N I N G   S E S S I O N

WEDNESDAY, FEBRUARY 5, 2020

(COURT CALLED TO ORDER)

THE DEPUTY CLERK:  Civil Action 19-10766, Shannon Reeves versus The City of New Orleans, New Orleans Police Department, et al.

Counsel, make your appearances for the record.

MS. CLEVENGER:  Good morning, Your Honor. Ellyn Clevenger on behalf of Shannon Reeves.

MS. BOYLE:  Good morning, Your Honor. Kim Boyle on behalf of The City of New Orleans and several individual defendants, Paul Noel, Jenerio Sanders, and the people named in my memorandum.

THE COURT:  Okay.

MR. ALPAUGH:  Your Honor, Ted Alpaugh on behalf of Rhett Charles.

THE COURT:  Okay.  All right.  So, I received the plaintiff's reply memorandum last night.  To be honest, I was thinking very much along the lines of the arguments that were made in that reply memorandum coming into this hearing even before I read it.

I understand all of the futility arguments that

*OFFICIAL TRANSCRIPT*

11:12:23  1   you all are making, and some or maybe even all of them
11:12:30  2   ultimately will have merit.  I just don't think it's
11:12:33  3   appropriate in this case with these allegations, having read
11:12:38  4   the amended or the proposed amended complaint, I don't think
11:12:42  5   it's appropriate for me or for us to litigate those issues in
11:12:47  6   the context of a motion for leave to amend.
11:12:50  7            This argument wasn't made but I'm not entirely
11:12:54  8   sure that leave is required to file this amendment because of
11:13:00  9   the timing of this.  There was a second motion to dismiss, and
11:13:04 10   the motion for leave to amend the complaint was filed well
11:13:07 11   within 21 days of the second motion to dismiss.  I don't know
11:13:11 12   if that doesn't mean that leave is not even required.
11:13:14 13            So even leaving that aside, I just don't think
11:13:18 14   that issues like prescription and qualified immunity and those
11:13:23 15   questions that will require decisions around certain facts, I
11:13:30 16   don't think that this is really the right context to try to
11:13:34 17   resolve those issues.
11:13:36 18            MS. BOYLE:  May I respond, Your Honor?
11:13:38 19            THE COURT:  Sure.
11:13:38 20            MS. BOYLE:  Your Honor, first of all, thank you.  I
11:13:41 21   certainly understand the Court's point as it relates to the
11:13:43 22   timing of the second motion to amend vis-à-vis the time that
11:13:48 23   plaintiffs sought leave to amend, and bluntly, I did not focus
11:13:52 24   on that, so I really can't respond to that.
11:13:52 25            THE COURT:  Well, nobody did.

*OFFICIAL TRANSCRIPT*

| | | |
|---|---|---|
| 11:13:55 | 1 | MS. BOYLE: Yeah. So, I'm not even going to attempt to |
| 11:13:58 | 2 | respond to that. |
| 11:13:58 | 3 | I further understand the Court's concerns with |
| 11:14:01 | 4 | getting too far into issues of qualified immunity and things of |
| 11:14:04 | 5 | that nature certainly as it relates to a motion for leave to |
| 11:14:07 | 6 | amend. |
| 11:14:08 | 7 | However, as it relates to the timing standpoint, |
| 11:14:10 | 8 | Your Honor, we do believe that, on the face of the complaint |
| 11:14:15 | 9 | and under clear Fifth Circuit case law and Eastern District |
| 11:14:20 | 10 | case law as it relates to when a claim or a cause of action |
| 11:14:24 | 11 | accrues for purpose of Section 1983, we do believe that the |
| 11:14:28 | 12 | face of the complaint itself -- and plaintiff admits that the |
| 11:14:32 | 13 | complaint was filed on May 27, 2019 -- obviously, that's in |
| 11:14:38 | 14 | Pacer; we all can see that -- the face of the complaint itself, |
| 11:14:42 | 15 | along with the allegations related to the individual |
| 11:14:44 | 16 | defendants, as well as the City of New Orleans, certainly fall |
| 11:14:46 | 17 | within the Fifth Circuit's holding -- and I'm probably going to |
| 11:14:49 | 18 | mispronounce the name, but we cite it in our memorandum, |
| 11:14:53 | 19 | Your Honor -- *Piotrowski*, however you pronounce it, versus |
| 11:14:56 | 20 | *City of Houston*. |
| 11:14:56 | 21 | THE COURT: Right. |
| 11:14:57 | 22 | MS. BOYLE: In that case, as the Court is aware, the |
| 11:14:59 | 23 | Fifth Circuit actually goes into when the limitations period |
| 11:15:02 | 24 | starts to run as it relates to Section 1983 claims, and it |
| 11:15:07 | 25 | makes it abundantly clear when the plaintiff becomes aware that |

*OFFICIAL TRANSCRIPT*

| | | |
|---|---|---|
| 11:15:11 | 1 | he has suffered an injury or has sufficient information to know |
| 11:15:15 | 2 | that he has been injured. |
| 11:15:16 | 3 | In this case, Your Honor, first of all, the |
| 11:15:19 | 4 | plaintiff herself asserts in the original complaint, but |
| 11:15:21 | 5 | certainly also in the amended complaint that she first made a |
| 11:15:25 | 6 | complaint concerning the alleged harassment in November of |
| 11:15:29 | 7 | 2016.  That is not disputed in any shape, form, or fashion. |
| 11:15:33 | 8 | Second of all, Your Honor, while not in these -- |
| 11:15:36 | 9 | in this matter related to the motion for leave to amend, but |
| 11:15:39 | 10 | certainly the Court can take judicial notice in plaintiff's |
| 11:15:43 | 11 | opposition to the motion to dismiss, plaintiff attaches a |
| 11:15:47 | 12 | number of documents from the EEOC that says she first went to |
| 11:15:50 | 13 | the EEOC April 20, 2017. |
| 11:15:54 | 14 | The bottom line is, as the Fifth Circuit has |
| 11:15:57 | 15 | interpreted it when a cause of action accrues, because we're |
| 11:15:59 | 16 | dealing with prescriptive period under Louisiana law. |
| 11:16:03 | 17 | THE COURT:  Here is the problem, though, because if |
| 11:16:05 | 18 | this motion for leave to amend is granted and you all then have |
| 11:16:09 | 19 | to go down the road of you'll file a motion to dismiss, it may |
| 11:16:16 | 20 | be granted, it may be denied, it may be granted in part, then |
| 11:16:20 | 21 | will come the motion for summary judgment. |
| 11:16:22 | 22 | One of the arguments you all will make is what |
| 11:16:27 | 23 | are the ultimate employment decisions that are at stake here? |
| 11:16:32 | 24 | You're arguing about things that happened before a termination. |
| 11:16:36 | 25 | There was a termination that is clearly within the prescriptive |

*OFFICIAL TRANSCRIPT*

11:16:39  1   period.
11:16:40  2              So, there may be pieces of this complaint that
11:16:43  3   you can successfully carve out as being limited or prescribed.
11:16:49  4   I'll say *prescribed* because we're using Louisiana prescriptive
11:16:53  5   period, and it easier for me to think that way, but that
11:16:57  6   doesn't mean that the entirety of the complaint is going to be
11:17:00  7   prescribed.  You've got the issue of the termination falling
11:17:03  8   within a year of the filing of the lawsuit.  You've got
11:17:06  9   relation back issues.
11:17:08 10              These claims, as best as I can appreciate,
11:17:13 11   certainly arise out of the same operative set of facts as the
11:17:16 12   original claims were made.  They are clearly going to make an
11:17:22 13   argument that they should relate back in time, so those are two
11:17:25 14   separate issues of prescription that I can't decide in the
11:17:28 15   context of simply a motion for leave to amend.
11:17:32 16         MS. BOYLE:  I understand, Your Honor.  I mean, I will
11:17:33 17   just briefly say in regards to the relation back, I'm not quite
11:17:37 18   certain why that's even an argument as it relates to this.
11:17:40 19              Our memorandum in opposition was certainly not
11:17:43 20   intended to say that to the extent that the Court allows the
11:17:47 21   plaintiff to amend, file the first amended complaint that was
11:17:51 22   attached to her motion for leave to amend, that whatever she's
11:17:55 23   attempted to assert does not relate back to her original filing
11:17:58 24   of May 27th.
11:17:59 25              So, to me, to be perfectly honest, Your Honor,

*OFFICIAL TRANSCRIPT*

11:18:01 1   that she seems kind of almost like a red herring.  We weren't
11:18:04 2   even going down that road as relates to what she filed on
11:18:09 3   January 9th does not relate back to May 27th.
11:18:12 4           THE COURT:  Okay.  Well, let me look.  She's got
11:18:13 5   continuing offenses --
11:18:15 6           MS. BOYLE:  Under Title VII.  I understand the Court's
11:18:18 7   point, Your Honor.
11:18:18 8           THE COURT:  It's too fact intensive.  It may be that
11:18:25 9   even in a Rule 12 motion you may be able to get there.  I don't
11:18:28 10  know if you can get all the way there with every argument that
11:18:31 11  you're making, but you may be able to carve pieces of this out.
11:18:35 12  I just don't think this is the right procedural vehicle to try
11:18:39 13  to do that.
11:18:39 14          It's a first amendment.  It's arguably filed
11:18:47 15  seeking permission to do it when it's not necessary, and there
11:18:51 16  is not a scheduling order.  So, if the amendment is not futile,
11:18:57 17  there is no reason for me to deny the request for leave, and I
11:19:01 18  don't think that I can make those decisions about futility in
11:19:04 19  this context.
11:19:06 20          MS. BOYLE:  I understand, Your Honor, and the Court
11:19:09 21  notes our objection, and just to put on the record, Your Honor,
11:19:11 22  we certainly are reserving and do not waive any of our rights
11:19:14 23  to file further Rule 12 motions once the Court allows the
11:19:14 24  plaintiff to amend, but I understand exactly what the Court is
11:19:22 25  saying.

*OFFICIAL TRANSCRIPT*

```
11:19:22   1          THE COURT:  I would expect that you will file those
11:19:25   2   motions, and I would think, as someone who has been trying to
11:19:30   3   decide a number of similar motions in other cases, without
11:19:36   4   necessarily speaking to the ultimate clarity of the allegations
11:19:40   5   in the amended complaint in this case, I appreciate the effort
11:19:46   6   to try to clarify the claims in this case because sometimes
11:19:49   7   it's very difficult for the Court and for the parties to try to
11:19:52   8   ascertain exactly what it is that's being pleaded.
11:19:56   9          So, I think it's a worthy effort for a plaintiff
11:20:00  10   or a plaintiff's counsel to try to address issues that are
11:20:04  11   raised in a dispositive motion like a Rule 12 motion.  In fact,
11:20:08  12   more often than not, the district judge who is ruling on a
11:20:11  13   Rule 12 motion is going to allow the plaintiff to amend their
11:20:15  14   complaint to address certain issues anyway.
11:20:19  15          So, I think it's more likely than not that that
11:20:22  16   opportunity would be given down the road, so it's on my plate
11:20:27  17   now, and I think it's appropriate to allow the amendment and
11:20:30  18   let you all go from there.
11:20:32  19          MS. BOYLE:  Okay, Your Honor, and such that we will
11:20:34  20   respond in the time outlined under the rules for civil
11:20:37  21   procedure once it's formally amended.
11:20:43  22          THE COURT:  Right.
11:20:43  23          MS. BOYLE:  Okay.  Thank you, Your Honor, and we
11:20:44  24   appreciate the Court's time.
11:20:46  25          THE COURT:  Okay.
```

*OFFICIAL TRANSCRIPT*

```
 1        MS. CLEVENGER:  Thank you, Your Honor.
 2        (WHEREUPON, at 11:20 a.m., the proceedings were
 3   concluded.)
 4                         *   *   *
 5
 6
 7                    REPORTER'S CERTIFICATE
 8
 9        I, Cathy Pepper, Certified Realtime Reporter, Registered
10   Merit Reporter, Certified Court Reporter in and for the State
11   of Louisiana, Official Court Reporter for the United States
12   District Court, Eastern District of Louisiana, do hereby
13   certify that the foregoing is a true and correct transcript to
14   the best of my ability and understanding from the record of the
15   proceedings in the above-entitled and numbered matter.
16
17                              s/Cathy Pepper
18                              Cathy Pepper, CRR, RMR, CCR
                                Certified Realtime Reporter
19                              Registered Merit Reporter
                                Official Court Reporter
20                              United States District Court
                                Cathy_Pepper@laed.uscourts.gov
21
22
23
24
25
```

*OFFICIAL TRANSCRIPT*