UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON REEVES | CIVIL ACTION NO. 19-10766 |
| VERSUS | SECTION "T"<br>JUDGE GUIDRY |
| | MAGISTRATE DIVISION 5<br>MAGISTRATE JUDGE NORTH |
| CITY OF NEW ORLEANS;<br>RHETT CHARLES; JENERIO SANDERS;<br>PAUL NOEL;<br>RANNIE MUSHATT;<br>WALTER POWERS;<br>ARLINDA WESTBROOK;<br>RAYMOND BURKART, SR.;<br>AND<br>MICHAEL HARRISON | |

**PLAINTIFF, SHANNON REEVES', MEMORNADUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY AND MOTION TO STRIKE DISCOVERY FORWARDED BY REPRESENTED DEFENDANT**

Plaintiff, Shannon Reeves, submits this Memorandum in support of her motion to disqualify Eric J. Hessler as counsel in this matter, and to strike the discovery forwarded by Defendant Raymond Burkart, as any such discovery should be sent through counsel until the resolution of the motion. Plaintiff would show onto the Court as follows:

**A. Disqualification of Counsel**

Plaintiff consulted with Mr. Eric J. Hessler several times, in person and at his office, as well as over the telephone, between 2014 and 2017, regarding matters that are the same as, or substantially related to, material issues in the instant case. At the time of the initial consultation Hessler was the lawyer representing the Police Association of New Orleans (PANO). The latest

contact was in late 2016 or early 2017, when Plaintiff met with Mr. Hessler at his office, and, after consulting with him, left copies of paperwork for his review.

Without waiving privilege, Plaintiff consulted with Mr. Hessler surrounding workplace issues.  Mr. Hessler's representation of and consultation with Plaintiff related to the same issues before this court, including Plaintiff's disability, her treatment by the Department and advice with regard to recording statements being made by her supervisor.  Plaintiff delivered to Hessler's office documents and records in support of the problems she was experiencing in her employment with the New Orleans Police Department.  For Mr. Hessler to enter an appearance before this Court and attempt to represent an individual defendant (Raymond T. Burkart) on related matters, wherein employment discrimination and §1983 violations are asserted, is both improper and implausible.

Plaintiff's counsel consulted with Mr. Hessler as to the conflict, by emails dated January 9, 2020; January 16, 2010; and January 24, 2020.  Counsel's only response (to the email sent January 9, 2020) was to indicate that he had no file on the Plaintiff, and to ask when the consultation had taken place.  On January 16, 2020, Plaintiff's counsel communicated that the Plaintiff had taken notes as to some of the meetings with Mr. Hessler; on January 24, 2020, Plaintiff's counsel communicated one of the dates about which Plaintiff had recorded notes regarding her meeting with Mr. Hessler.

Over two months later, Mr. Hessler has not responded to the communication and request that he withdraw, nor has he given any indication that he recognizes the conflict, or that he realizes his obligation to withdraw, pursuant to Rules 1.9 and 1.16(a)(1) of both the American Bar Association and the Louisiana rules of Professional Conduct.

On March 25, 2020, Plaintiff's counsel again sent an email to Mr. Hessler, noting that this motion to disqualify him would be filed shortly.  Mr. Hessler did not respond.

The Fifth Circuit has explained, "In reviewing a motion to disqualify, "we consider the motion governed by the ethical rules announced by the national profession in light of the public interest and the litigants' rights." *Id.*  As *Dresser* [*In re Dresser Industries*, No. 92-2199 (5th Cir. Aug. 21, 1992)] indicates, our precedents have applied the ethical canons contained in the ABA Model Code. *See, e.g., Brennan's Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir. 1979); *Woods v. Covington County Bank*, 537 F.2d 804 (5$_{th}$ Cir. 1976).

Mr. Hessler's representation of any Defendant in this matter is prohibited by Rule 1.9 of the ABA Rules of Professional Conduct, Rule 1.9.[1]  Rule 1.9 of the Louisiana Rules of Professional Conduct, titled "Duties to Former Clients" mirrors the ABA rule, providing in

---

[1] Rule 1.9: Duties to Former Clients

> *Client-Lawyer Relationship*
>
> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
> (1) whose interests are materially adverse to that person; and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

pertinent part that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent[2] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives consent, in writing."[3]

In *In Re American Airlines, Inc. and AMR Corporation*, 972 F.2d 605 (5th Cir. 1992), the Fifth Circuit dealt with a law firm's consultation with American Airlines, prior to making a decision to represent Northwest Airlines. The court found that the firm had represented American Airlines in substantially related matters over the years, and was therefore precluded from representing Northwest Airlines. In accepting a mandamus decision to review the denial of the motion to disqualify the Circuit explained the importance of controlling and preventing conflicts by counsel:

> This circuit, however, has struck a different balance, electing to remain "sensitive to preventing conflicts of interest." *Matter of Consolidated Bankshares, Inc.*, 785 F.2d 1249, 1256 (5th Cir.1986). We have squarely rejected this hands-off approach in which ethical rules "guide" whether counsel's presence will "taint" a proceeding, holding instead that a "[d]istrict [c]ourt is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir.1976) (emphasis added); *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir.1980); *E.F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 376-77 (S.D.Tex.1969); *see also Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir.1984) ("the district court has the duty and responsibility of supervising the conduct of attorneys who appear before it"); *Trust Corp. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir.1983) (same); *United States v. Agosto*, 675 F.2d 965, 969 (8th Cir.1982) (same).

---

[2] In anticipation of the argument that the Plaintiff was a prospective client, and therefore that Mr. Hessler never actually represented her, Plaintiff submits that this position is implausible, in light of the long period of consultation over several years. Hessler's anticipated argument also fails in the context of Rule 1.18, which states that information obtained from a prospective client subjects an attorney to the duty imposed to former clients, prescribed by Rule 1.9.
Additionally, Louisiana Code of Evidence Article 506, titled "lawyer-client privilege," is helpful in the context of analyzing/defining when a fiduciary relationship forms, and therefore when a duty is imposed, pursuant to Rule 1.9 of the Louisiana Rules of Professional Conduct. Article 506 states that a "[c]lient" is a person, including a public officer, corporation, partnership, unincorporated association, or other organization or entity, public or private, to whom professional legal services are rendered by a lawyer, **or who consults a lawyer with a view to obtaining professional legal services from the lawyer**. [Emphasis added].

[3] Ms. Reeves has not been consulted about the conflict, nor has she waived the conflict.

### B. Motion to Clarify Representation and to Strike Discovery

Mr. Eric Hessler is currently serving as the attorney of record for Raymond Burkart Previous activity in this case has been the filing of an answer on behalf of the Defendant (doc. 12). Raymond Burkart signed the answer as co-counsel, and is currently enrolled as co-counsel, in a case in which he is also a Defendant. This is prohibited by law.

The defendant Raymond Burkhart, Jr. submitted discovery in his name on March 7, 2020 (Request for Admissions, Defendant Burkhart's First Set of Interrogatories and Request for Production of Document). Mr. Hessler is copied on Defendant Burkhart's cover letter to counsel. Defendant Burkhart's answer reflects that Mr. Hessler signed as counsel, and that Defendant Burkhart signed as co-counsel; Defendant Burkart is apparently seeking bifurcated/hybrid representation.

Defendant Burkhart is permitted to designate himself as a pro se litigant. He has not done so.4  28 U.S.C. § 1654, titled "appearance personally **or** by counsel," provides: "[i]n all courts of the United States the parties may plead and conduct their own cases **personally or by counsel** as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." [Emphasis added].

Hybrid representation is not consistent with 28 U.S.C. § 1654, in that the statute is styled "or", permitting parties to choose either option, but not both. Hybrid representation also presents a violation of Rule 3.7 of the Louisiana Rules of Professional Conduct, which mirrors ABA Model Rule 3.7, and prohibits representation by a lawyer who will be called as a witness, as follows:

---

4 28 U.S.C. § 1654; *Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Circ. 1985), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983.

(a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1)  the testimony relates to an uncontested issue;

(2)  the testimony relates to the nature and value of legal services rendered in the case; or

(3)  disqualification of the lawyer would work substantial hardship on the client.

(b)  A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

The Judiciary Act of 1789 marks Congress' first recognition of an individual's right to represented herself. 25 J. Legal Prof. 167, 168 (2001).  This right was later codified in 28. U.S.C. § 1654 (1994) ("parties may plead and conduct their own cases personally").  The right to represent oneself is based in the right of access to the courts, and flows from different constitutional underpinnings, including the First Amendment (petitioning the government for redress of grievances); the Privileges and Immunities clause; the Due Process clauses of the Fifth and Fourteenth Amendments; and the right to be heard, pursuant to the Sixth Amendment.[5] The motion is not directed to Defendant Burkhart's right to represent himself *pro se*, but rather, against his attempt to participate as co-counsel in the litigation, which is not permitted.

Because Defendant Burkart is represented by counsel at this time, the discovery forwarded by the Defendant personally should not be permitted.  The discovery should be stricken unless and until Defendant Burkart elects to proceed *pro se*.

---

[5] GUIDELINES FOR BEST PRACTICES IN PRO SE ASSISTANCE, Task Force on Pro Se Litigation, October 1, 2004, p. 9 (https://www.lasc.org/la_judicial_entities/Judicial_Council/Pro_Se_Guidelines.pdf).

### C. Prayer and Conclusion

For the reasons set forth in the Plaintiff's Motion and in this Memorandum, Plaintiff submits that Eric J. Hessler should be disqualified as counsel, and that Defendant Burkart should be ordered to elect to proceed *pro se*, or to be represented by counsel, but prohibited from appearing as co-counsel in a case in which he is also a Defendant. Finally, Plaintiff submits that the discovery forwarded by Defendant Burkart should be stricken, unless and until he elects to proceed *pro se*.

DATE:  March 25, 2020.

Respectfully submitted,

/s/ Ellyn J. Clevenger
_____
Wendy Manard (#29622)
Ellyn J. Clevenger (#32395)
Energy Centre: 1100 Poydras Street
Suite 2610
New Orleans, Louisiana 70163
Telephone: (504) 585-7777
Facsimile: (504) 556-2977

ATTORNEYS FOR PLAINTIFF
SHANNON REEVES