UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHANNON REEVES            CIVIL NO. 19-10766

V.            SECTION: T

CITY OF NEW ORLEANS, ET AL            MAG: 5

### FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF ITEMS

To:    Shannon Reeves
       Thru her attorney
       Ellyn J. Clevenger
       Wendy Manard
       1100 Poydras St. # 2610
       N.O., LA 70163

Interrogatories and request for production of items from Raymond C. Burkart, Jr. directed to Shannon Reeves to be answered in writing, under oath, and within the delays provided by Federal Rules of Civil Procedure. The answers and items should be sent to Raymond C. Burkart, Jr. 321 N. Florida # 104 Covington, LA 70433. The interrogatories and request for production of items are continuing.

You- refers to Shannon Reeves

### INTERROGATORIES

1.

Please give the name, home and work address, and home and work telephone number of anyone who assisted you in answering these interrogatories and request for production of items.



EXHIBIT 3

2.

Please give the name, home and work address, and home and work telephone number of any witness you may or will call to testify at any hearing or trial on the merits.

    A. For each witness, state each fact the witness will or may testify to

    B. If the witness is an expert please state each opinion the expert will give at trial, and each fact the expert may or will give testimony about

    C. If the witness is an expert, please attach a CV, and list of any case(s) wherein the expert gave a deposition or testified at a trial or hearing wherein he/she gave an expert opinion.

3.

List each business entity including but not limited to a sole proprietorship, partnership, joint venture, corporation, LLC, etc. you have/had an interest in, including any interest held in the name of third parties for your benefit from January 2010 until the present. (This interrogatory does not include investments in the stock market unless you are employed by the business entity or you are an officer, or you are on the board of directors)  For each listed:

    A. Give the address and telephone number

    B.  If no longer in business give date it ceased doing business

    C. List the name, home and work address, and home and work telephone number of anyone who had an interest in each including those held in the name of third parties for another person's benefit

    D. List the name, home and work address, and home and work telephone number of anyone employed either full time or part time, and dates each was employed.



EXHIBIT 3

E. List the name, home and work address, and home and work telephone number of anyone who is/was considered an independent contractor.

4.

Have you been a plaintiff, defendant, or witness in any New Orleans Civil Service Administrative Hearing, Workers Compensation Hearing/Trial, and/or lawsuit filed in any court? If so,

A. title, case name, docket number, court and state whether you were a party or witness

B. state if you were deposed in that case.

C. describe the basis of the lawsuit (Example: bankruptcy, auto accident, workers compensation, civil service appeal, civil lawsuit etc.)

D. if you were a party, state the final disposition of the case.

5.

Give the name, address, and telephone of each business entity where you volunteered without income; and/or received income for services rendered as an employee, independent contractor, police officer, member, or member of the board of directors from January 2010 until the date of trial on the merits.  For each:

A. gives dates for each

B. if you volunteered or receiving income for your services

C. if you receive(d) income, the monthly amount.

D. if you are no longer receiving income, give reason(s) why

E. name and telephone number of your immediate supervisor

F. your duties while there.



EXHIBIT 3

6.

While employed by the City of New Orleans, Police Department did you file any formal complaint(s) against any New Orleans Police Officer/Supervisor alleging administrative and/or criminal violations? If so,

    A. state the name of the person against whom you filed a formal complaint(s)

    B. name, address, and telephone number of agency where you filed the complaint

    C. name of investigator(s)

    D. date you filed the complaint(s)

    E. summary of complaint(s) made

    F. number assigned to each by the investigating agency(ies)

    G. Final disposition of each complaint.

7.

Beginning with January 1, 2010 please list each date or period of time you notified your supervisor you were unable to report for duty as a police officer due to a medical or mental health condition.

8.

For each date or period of time you notified your supervisor you were unable to report for duty as a police officer due to a medical or mental health condition please state:

    A. reason why you could not report for duty as a police officer

    B. name(s), address(es), and telephone number(s) of each health care provider who provided services to you for your condition

    C. your medical/mental diagnosis


EXHIBIT 3

D. date(s) health care services were provided to you by each health care provider (Health Care providers include, but are not limited to medical doctors, nurses, social workers, counselors, psychiatrists, psychologists, etc.

E. date(s) you reported for duty without restrictions after the health care provider released you.

9.

For each date or period of time you notified your supervisor you were not able to report for duty as a police officer with restrictions due to a medical or mental health condition state:

A. reason why you could not report for duty as a police officer without restrictions

B. name(s), address(es), and telephone number(s) of each health care provider who provided services to you

C. date(s) health care services were provided to you by each health care provider. (Health Care providers include, but are not limited to medical doctors, nurses, social workers, counselors, psychiatrists, psychologists, etc.)

D. date(s) or period of time you reported for duty with limited restrictions after the health care provider released you for duty as a police officer with limited restrictions.

10.

Give the name, home and work address, and home and work telephone number of anyone who prepared any business entity you had an interest in, and/or your federal and state income tax returns from 2010 to the present.



EXHIBIT 3

11.

Give dates or period(s) of time Sergeant Quetant was your supervisor.

12.

Was Sergeant Quetant your supervisor at the time you allege defendant Burkart was reading HIPPA-protected information from your medical records; as written in paragraph 123 (x) in your First Amended Complaint?

13.

Describe the medical record(s) defendant Burkart was reading from as alleged in paragraph 123 (x) in your First Amended Complaint.

14.

State each fact supporting your allegation defendant Burkart worked to penalize you for requesting accommodations; as written in paragraph 123 (x) of your First Amended Complaint.

15.

State each fact supporting your allegation defendant Burkart told you he was going to make sure you got fired because of your medical conditions; as alleged in Paragraph 123 (x) of your First Amended Complaint.

16.

State each fact supporting your allegation Captain Demma made requests to defendant Burkart to provide accommodations to you; as written in paragraph 111 in your First Amended Complaint.



17.

For each Request for Admission you denied, please list each fact supporting your denial of the request.

## REQUEST FOR PRODUCTION OF ITEMS

1.

A copy of any item you examined when preparing the answers to the interrogatories, request for production of items, and request for admissions.

2.

A copy of any item you may or will offer as evidence at any hearing or at trial on the merits in this matter.

3.

A copy of any item supporting Captain Demma requested defendant Burkart provide accommodations for you regarding lighting; as alleged in paragraph 111 of your First Amended Complaint.

4.

A copy of any medical record you allege defendant Burkart was reading to Sergeant Quetant; as alleged in paragraph 123 (x) of your First Amended Complaint.

5.

A copy of any item supporting defendant Burkart was prohibited from reading HIPPA-protected information from your medical records to Sergeant Quetant; as written in paragraph 123 (x) of your First Amended Complaint.


EXHIBIT 3

6.

A copy of any item supporting your allegation defendant Burkart worked to penalize you for requesting accommodations; as written in Paragraph 123 (x) of your First Amended Complaint.

7.

Provide a CV and copy of any report or item prepared by anyone who may or will be called to testify at trial as an expert, including but not limited to expert reports, calculations, photos, recordings, etc.

8.

Provide a copy of each federal and state income tax return filed by you and/or any business entity you have/had an interest in including, but not limited to a sole proprietorship, partnership, corporation, joint venture, LLC, etc. for the calendar years 2014, 2015, 2016, 2017, 2018, and 2019.

9.

Provide a copy of any correspondence received by you from a representative of the New Orleans Police Department notifying you to appear at any administrative Civil Service Rule 9 Hearing at Police Headquarters.

10.

For each Civil Service Rule 9 Hearing scheduled by order of the Superintendent of Police, please provide a copy of each letter notifying you to attend the hearing.

11.

Provide a copy of any letter notifying you of your termination from the New Orleans Police Department.



EXHIBIT 3

12.

Attach a copy of any item supporting your denial of any request for admission sent to you.

13.

If you believe any interrogatory or item requested is privilege, please prepare a privilege log and the reason why the answer or item is privileged.

Raymond C. Burkart, Jr., Attorney at Law, LLC

By: _____
Raymond C. Burkart, Jr. (#3673)
321 N. Florida # 104
Covington, LA 70433
Tel. # 985.893.3390
Fax # 985.893.3390
Email: burkartr@bellsouth.net

Certificate of Service

I hereby certify a copy of the above discovery requests was sent to Ellyn Clevenger by hand or via fax, email, or U.S. mail postage prepaid on the 7th day of March 2020.

_____
Raymond C. Burkart, Jr.

EXHIBIT 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHANNON REEVES                              CIVIL NO. 19-10766

V.                                          SECTION: T

CITY OF NEW ORLEANS, ET AL                  MAG: 5

---

### FIRST SET OF REQUEST FOR ADMISSIONS

To:   Shannon Reeves
      Thru her attorney
      Ellyn J. Clevenger
      Wendy Manard
      1100 Poydras St. # 2610
      N.O., LA 70163

Request for Admissions from Raymond C. Burkart, Jr. directed to Shannon Reeves to be answered in writing, under oath, and within the delays provided by Federal Rules of Civil Procedure. The answers and items should be sent to Raymond C. Burkart, Jr. 321 N. Florida # 104 Covington, LA 70433. The interrogatories and request for production of items are continuing.

You- refers to Shannon Reeves

1.

Admit or deny defendant Burkart, Jr. was not authorized by the City of New Orleans, Police Department to hire or fire you on the date you were terminated.


EXHIBIT 3

2.

Admit or deny at the time of your termination, you were not released by your health care provider(s) to perform the job duties of a City of New Orleans Police Officer without restrictions.

3.

Admit or deny subsequent to your termination by the City of New Orleans, you were not released by your health care provider(s) to perform the job duties of a New Orleans Police Officer without restriction(s).

4.

Admit or deny your termination was caused by your inability to perform duties required of you as a New Orleans Police Officer without restriction(s).

5.

Admit or deny your termination was not the result of disciplinary action taken by defendant Burkart.

6.

Admit or deny you were not the subject of a disciplinary investigation (commonly referred to as a DI-1) by the Police Department at the time you received your letter of termination.

7.

Admit or deny your termination was not the result of disciplinary action taken by the Superintendent of Police.



EXHIBIT 3

8.

Admit or deny defendant Burkart, Jr. was not listed as a violating party in your EEOC or ADA Complaints.

9.

Admit or deny your claim for workers compensation benefits was denied by the City of New Orleans.

10.

Admit or deny your administrative appeal in Case # 8804 before the New Orleans Civil Service Commission for reinstatement to the position of Police Officer was dismissed as a result of you and your attorney's failure to appear for the hearing and prosecute your appeal on April 30, 2019.

11.

Admit or deny you did not apply for employment with the City of New Orleans after your termination by the Superintendent of Police.

Raymond C. Burkart, Jr., Attorney at Law, LLC

By: _____
Raymond C. Burkart, Jr. (#3673)
321 N. Florida # 104
Covington, LA 70433
Tel. # 985.893.3390
Fax # 985.893.3390
Email: burkartr@bellsouth.net

Certificate of Service

I hereby certify a copy of the above discovery requests was sent to Ellyn Clevenger by hand or via fax, email, or U.S. mail postage prepaid on the 7th day of March 2020.

_____
Raymond C. Burkart, Jr.

EXHIBIT 3