UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHANNON REEVES                                CIVIL ACTION NO. 19-10766

VERSUS                                        SECTION "T"
                                              JUDGE GUIDRY

                                              MAGISTRATE DIVISION 5
                                              MAGISTRATE JUDGE NORTH

CITY OF NEW ORLEANS;
RHETT CHARLES;
JENERIO SANDERS;
PAUL NOEL;
RANNIE MUSHATT;
WALTER POWERS;
ARLINDA WESTBROOK;
RAYMOND BURKART, SR.;
AND
MICHAEL HARRISON

**PLAINTIFF, SHANNON REEVES', RESPONSES TO DEFENDANT, RAYMOND BURKART'S, REQUEST FOR ADMISSIONS**

TO: KIM M. BOYLE, BRANDON E. DAVIS, REBECCA SHA, PHELPS DUNBAR, LLP, 365 CANAL STREET, SUITE 2000, NEW ORLEANS, LOUISIANA 70130-6534, AS ATTORNEY OF RECORD FOR THE CITY OF NEW ORLEANS.

Plaintiff, Shannon Reeves, submits the following Responses to Defendant, Raymond Burkart's, Request for Admissions of Fact.

1.  Admit or deny your termination was not the result of disciplinary action taken by defendant Burkart.

Plaintiff submits that she is unable to answer this admission, but subject thereto and out of an abundance of caution, this Request is DENIED. Plaintiff submits that this Request does not define the term "disciplinary action." However, if this request seeks to establish whether Plaintiff contends that Defendant Burkart had complained of misconduct by the



EXHIBIT B

Plaintiff, formally and in writing, and that Plaintiff was thereafter subject to a formal and documented investigation, and subsequently found to have committed the misconduct of which Burkart had complained, and as discipline for that misconduct Defendant Burkart imposed the sanction of termination then this Request is ADMITTED, within these limited parameters; Plaintiff does not so contend. However, if this Request seeks to establish that the Department did not seek to treat the Plaintiff's requests for accommodations as being subject to punitive action, up to and including termination, then this request is DENIED.

2. Admit or deny Defendant Burkart was not authorized by the City of New Orleans, Police Department to hire or fire you on the date you were terminated.

It is not possible for the Plaintiff to respond to this request as it is written. Subject to objection, it was Plaintiff's understanding that she was not formally terminated unless and until the Superintendent of the New Orleans Police Department approved and signed the letter formally terminating Plaintiff's employment. Therefore, if this question seeks to establish whether Plaintiff agrees that Defendant Burkart's authority, in the context of termination of Plaintiff's employment, was not congruent with that of the Superintendent, then the request is ADMITTED, within these specific and limited parameters. However, insofar as this request seeks to establish that Defendant Burkart had no part in termination of the Plaintiff's employment, then this request is DENIED.

3. Admit or deny at the time of your termination, you were not released by your health care provider(s) to perform the job duties of a City of New Orleans Police Officer without restrictions.

Plaintiff is unable to answer this request as written. Subject to objection, insofar as this request seeks to establish that any "restrictions," imposed by a health care provider, are equivalent to a finding that an individual is "unable or unwilling" to do his or her job, and

therefore subject to termination under Civil Service rules, federal law notwithstanding, this request is DENIED.

4. Admit or deny at the time of your termination, you were not released by your health care provider(s) to perform the job duties of a City of New Orleans Police Officer without restrictions.

Plaintiff is unable to answer this request as written. Subject to objection, insofar as this request seeks to establish that any "restrictions," imposed by a health care provider, are equivalent to a finding that an individual is unable to perform his or her job functions, and therefore subject to termination under Civil Service rules, federal law notwithstanding, this request is DENIED.

5. Admit or deny your termination was caused by your inability to perform duties required of you as a New Orleans Police Officer without restriction(s).

DENIED.

6. Admit or deny your termination was not the result of disciplinary action taken by defendant Burkart.

This is a repeat of Request No. 1, *supra*. Plaintiff submits that she is unable to answer this admission, but subject thereto and out of an abundance of caution, this Request is DENIED. Plaintiff submits that this Request does not define the term "disciplinary action." However, if this request seeks to establish whether Plaintiff contends that Defendant Burkart had complained of misconduct by the Plaintiff, formally and in writing, and that Plaintiff was thereafter subject to a formal and documented investigation, and subsequently found to have committed the misconduct of which Burkart had complained, and as discipline for that misconduct Defendant Burkart imposed the sanction of termination, then this Request is ADMITTED, within these limited parameters; Plaintiff does not so contend. However, if this Request seeks to establish

-3-

that the Department did not seek to treat the Plaintiff's requests for accommodations as being subject to punitive action, up to and including termination, then this request is DENIED.

7.  Admit or deny you were not the subject of a disciplinary investigation (commonly referred to as a DI-1) by the Police Department at the time you received your letter of termination.

This Request is DENIED for lack of sufficient information. Further, insofar as this Request seeks to establish that the Department did not seek to treat the Plaintiff's requests for accommodations as being subject to punitive action, up to and including termination, then this request is further DENIED.

8.  Admit or deny your termination was not the result of disciplinary action taken by the Superintendent of Police.

This Request is a substantive repeat of Requests No. 1 and 6, *supra*. Plaintiff submits that she is unable to answer this admission, but subject thereto and out of an abundance of caution, this Request is DENIED. Plaintiff submits that this Request does not define the term "disciplinary action." However, if this request seeks to establish whether Plaintiff contends that the Superintendent of Police terminated the Plaintiff, in accordance with the Department's Disciplinary Matrix, as a penalty for a finding of misconduct by the Plaintiff, specifically as listed in Department Policy as misconduct and subject to punitive action, having first been made formally and in writing, and thereafter the subject of a formal and documented investigation, which resulted in a finding of misconduct, and that the Superintendent then imposed discipline in the specific form of termination – within these limited parameters, the Request is ADMITTED; the Plaintiff does not so contend. However, if this Request seeks to establish that the Department did not seek to treat the Plaintiff's requests for accommodations as being subject to punitive action, up to and including termination, then this request is DENIED.

9. Admit or deny defendant Burkart, Jr. was not listed as a violating party in your EEOC or ADA Complaints.

Plaintiff objects to this request on the basis of the fact that it does not seek information relevant to any material fact, in the context of the Plaintiff's claims against this individual Defendant. Subject to and without waiving that objection, insofar as this request seeks to establish that a complainant's failure to specifically list an individual Defendant by name in an EEOC complaint renders said individual Defendant insusceptible of being individually named in a subsequent suit, this request is DENIED. Further, insofar as this Request seeks to establish that Defendant Burkart shares no responsibility in the violations mentioned in the EEOC complaint and/or that he was therefore not on notice of the Plaintiff's claims against him, this Request is DENIED. Finally, this Request is DENIED on the basis of Plaintiff's having specifically described action taken by Defendant Burkart, in the written supplemental charge submitted to the EEOC.

10. Admit or deny your administrative appeal in Case# 8804 before the New Orleans Civil Service Commission for reinstatement to the position of Police Officer was dismissed as a result of you and your attorney's failure to appear for the hearing and prosecute your appeal on April 30, 2019.

This request is DENIED. Plaintiff's appeal was dismissed, on the request of counsel, due to pending litigation.

11. Admit or deny you did not apply for employment with the City of New Orleans after your termination by the Superintendent of Police.

DENIED.

DATE: April 6, 2020.

Respectfully submitted,

/s/ Ellyn J. Clevenger
_____
Wendy Manard (#29622)
Ellyn J. Clevenger (#32395)
Energy Centre: 1100 Poydras Street
Suite 2610
New Orleans, Louisiana 70163
Telephone: (504) 585-7777
Facsimile: (504) 556-2977

ATTORNEYS FOR THE PLAINTIFF
SHANNON REEVES

## CERTIFICATE OF SERVICE

This is to certify Plaintiff's Responses to Defendant Burkart's Requests for Admissions of Fact were forwarded to counsel of record by electronic transmission, on this the 6th Day of April, 2020, as follows:

KIM M. BOYLE
BRANDON E. DAVIS
REBECCA SHA
PHELPS DUNBAR, LLP
365 CANAL STREET, SUITE 2000
NEW ORLEANS, LOUISIANA 70130-6534
Kim.boyle@phelps.com

WILLIAM L. GOODE
THE GOODE LAW FIRM, LLC
P. O. BOX 3366
LAFAYETTE, LOUISIANA 70501
bill@goodelawyer.com

ERIC HESSLER
ATTORNEY AT LAW
2802 TULANE AVENUE
NEW ORLEANS, LOUISIANA 70119
hessler.law@gmail.com

/s/ Ellyn J. Clevenger
_____
ELLYN JULIA CLEVENGER