# ELLYN J. CLEVENGER
**ATTORNEY AT LAW**

Kim M. Boyle
Brandon E. Davis
Rebecca Sha
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534

May 11, 2020

RE:   SHANNON REEVES V. CITY OF NEW ORLEANS, ET AL.; IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA; CIVIL ACTION NO. 19-10766; SECTION "T"; JUDGE GUIDRY; MAGISTRATE DIVISION 5, MAGISTRATE JUDGE NORTH)

(CONSULTATION/DEFICIENCIES IN ANSWER)

(PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE CITY OF NEW ORLEANS)

Dear Ms. Boyle:

    Consistent with the Magistrate's rules, please consider this my attempt to obtain reasonable answers to the discovery – Requests for Production of Documents - tendered by your client, City of New Orleans.  This letter sets out the requests and your responses, and Plaintiff's position as to why each response is insufficient.  This letter is written in response to objections having been submitted regarding almost every request for production.

    I would like to discuss the same the first of next week to resolve differences prior to seeking guidance from the Court.  Please provide me a time on Monday and/or Tuesday of next week to have such a conference.

_____

**Document Requests and Documents Tendered**

**REQUEST NO. 1:**  Please produce the employment files for the following persons, including each person's disciplinary file, employee evaluations, any and all complaints directed against each during their employment with the city, and current employment status, to-wit: (a) Rhett Charles; (b) Jenerio Sanders; (b) Rannie Mushatt; (c) Walter Powers; (d) Arlinda Westbrook; (e) Raymond Burkart, Sr.; (f) Michael Harrison; (g) Shannon Reeves.

**RESPONSE TO REQUEST NO. 1:**

    Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case

because it seeks, among other things, personnel records from broad range of time concerning the Individual Defendants, and seeks highly confidential employment and other information that is highly invasive to the rights of these individuals and seeks information that is not relevant or proportional to the needs of the case. Defendant objects to this request on the basis that it is premature in light of the pending Motion to Dismiss Complaint (R. Doc. 27) and Motion to Dismiss First Amended Complaint (R. Doc. 78). Specifically, Defendant maintains that Plaintiff has not stated any claims against these individual defendants in the Complaint or the First Amended Complaint, such that they are not proper parties to the Complaint or First Amended Complaint. Plaintiff has conceded that all claims against the Individual Defendants under Title VII and the ADA should be dismissed. Plaintiff's remaining claim against the Individual Defendants under Section 1983 do not expressly assert that Plaintiff is suing these Individual Defendants in their individual capacities. To the extent that these individual defendants are being sued in their individual capacities, they are protected by the doctrine of qualified immunity. To the extent Plaintiff is suing the Individual Defendants in their official capacities as current or former public officials of the City, it is deemed to be a suit against the City and therefore redundant and subject to dismissal. Defendant also objects to the request on the basis that it is vague. Specifically, the terms "employment files," "disciplinary file," and "complaints" as used in the request are undefined and unspecified and may be interpreted to have many different meanings.

**Response and problem with non-production:**

The City has raised a multitude of issues with regard to the personnel files of individual defendants. Your objections may be more relevant in a non-employment law context. The persons the subject of this request are individual defendants implicated in context of an employment discrimination dispute pursuant to Title VII and Section 1983.
Both the United States Court of Appeals for the Fifth Circuit and the Eastern District of Louisiana have consistently recognized that plaintiffs in employment discrimination cases may obtain copies of personnel files.[1] The employment files of non-party employees may also be

---

[1] *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); Montgomery-Smith v. La. Dep't of Health & Hosps., No. 08-4737, 2011 U.S. Dist. LEXIS 55342 (E.D. La. 2011); Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll., No. 08-4315, 2010 U.S. Dist. LEXIS 157867 (E.D. La. 2010)(also finding that, unless a request is overly broad on its face, the burden is on the objector to show that the request is overly burdensome); *Bernofsky v. Tulane Univ. Med. Sch.*, CIVIL ACTION NO. 95-358 SECTION "C" (2), 1996 U.S. Dist. LEXIS 5986, 2 (E.D. La. 1996), *citing Coughlin v. Lee*, 946 F. 2d 1152, 1159 (5th Cir. 1991), *Trevino v. Celanase Corp.*, 701 F. 2d 397, 405-406 (5th Cir. 1983)

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

obtained, subject to a protective order, limiting use to attorneys, parties, and purposes of the litigation. *Id.*

**REQUEST NO. 2:**  Please produce a copy of any and all sexual harassment complaints from January 1, 2010 to January 1, 2020; please also include the entire investigative file surrounding any such complaint, and the results of any such complaint.

**RESPONSE TO REQUEST NO. 2:**

> Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis. Defendant also objects to the request because it is invasive to the privacy interest of non-parties to this lawsuit, for which the City has not received consent and/or written authorizations to release.
> Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "sexual harassment," "complaint(s)," and "investigative file" as used in the request are undefined and unspecified and may be interpreted to have many different meanings.
> Defendant also objects to the request on the basis that it is unduly burdensome, onerous, and overly broad in time and scope. Specifically, Defendant objects to the request because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the request on the basis that it is overbroad in scope because it seeks documents concerning "any and all sexual harassment complaints" and is not limited to Plaintiff's claims in this case. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts.
> Finally, Defendant objects to this request to the extent it seeks information that is clearly protected from discovery by the attorney-client privilege and/or work product doctrine. If Defendant withholds any document on the basis of attorney-client privilege and/or work product doctrine, Defendant will produce a privilege log consistent with the requirements of the Federal Rules of Civil Procedure and any applicable orders in this case.
> Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**:  Some information obtained, including the Independent Police Monitor's Office's comments, indicates a department policy of not investigating sexual harassment complaints and/or mischaracterizing the complaints as "neglect

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

3

of duty" complaints. This information is important to determine how the custom, policy and practice of the Department played out with regard to sexual harassment. The information also permits the contextual, fact-intense examination of these policies. The request is limited in context of time (10 years) and does not span the entire period of the Plaintiff's employment. The request is also limited to the New Orleans Police Department. It does not request information as to sexual harassment complaints for the City as a whole.

**REQUEST NO. 3:** Please produce a copy of the New Orleans Police Department's Disciplinary Matrix between the years 2010-2020.

**RESPONSE TO REQUEST NO. 3:**

>Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.
>Defendant objects to the request on the basis that it is vague. Specifically, the term "Disciplinary Matrix" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.
>Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
>Subject to the foregoing objections and without waiving same, see documents bates-numbered CITY 000006-29.
>Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**:

With respect to the objection as to the disciplinary matrix, this objection does not make sense. This term was used in the request precisely because it is the Defendant's own term. I appreciate your withdrawing this objection.

With respect to the Defendant's continued objection and refusal to produce documents, based on its assessment that the only period for which it is required to produce documents is 2014-2018, this is also an improper objection. It is well-established law that plaintiffs are entitled to seek information within a reasonable period of time before and after the discrimination complained of. *Marchese v. Secretary*, No. 03-3082, 2004 U.S. Dist. LEXIS 20680 (E.D. La. 2004). Plaintiffs are also entitled to seek information related to the "atmosphere in which the plaintiff operated." *Id.* at *4.

Finally, the City has produced a document which has an effective date of 05/15/2016 and revised date of 05/21/2017. This means the City has failed to produce documents prior to the 05/15/2016 date – even given the City's stated time period of 2014-2018. Please produce all relevant documents prior to 05/16/2016, if there are none – say so. Also, please identify whether the revised date of 05/21/2017 means the document is still in existence/valid. If not, please produce the additional relevant document(s).

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

4

**REQUEST NO. 4:**  Please produce a copy of the New Orleans Police Department's Sexual Harassment Policy for the years 2010-2020.

**RESPONSE TO REQUEST NO. 4:**

>  Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
>  Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
>  Subject to the foregoing objections and without waiving same, see documents bates-numbered CITY 000030-61.  Defendant reserves the right to supplement and/or amend its response to this request.

**Comment on production**:  Outside of the attempted limitation on discovery (*see* discussion of time period objection, *supra*), there is no objection with regard to the production of found on pages 000030-61.  Because of the limited time for discovery and processing of this case, you are requested to remove your reservation of rights to supplement and consistent with the rules, search your records thoroughly and certify these are the relevant documents so that the Plaintiff understands globally what documents she is looking at, and where to place her reliance. With respect to the

**REQUEST NO. 5:**  Please produce a copy of each and every report issued by the Department to the Office of the Independent Police Monitor to date.

**RESPONSE TO REQUEST NO. 5:**

>  Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.
>  Defendant also objects to the request because it potentially infringes upon the privacy rights of non-party individuals by seeking confidential information as to those individuals.
>  Defendant also objects to the request on the basis that it is vague.  Specifically, the term "report" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.
>
>  Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

    Defendant also objects to the request on the basis that it is overbroad in scope because it seeks "each and every report issued by the Department to the Office of the Independent Police Monitor" irrespective if it relates to Plaintiff's claims.
    Finally, Defendant objects to the request as overbroad, onerous, and unduly burdensome because it would require the City to dig through records of each and every communication between the NOPD to the Office of Independent Police Monitor in an unlimited time frame to find the documents requested, which again, are not relevant or proportional to the Plaintiff's individual claims in this case.
    Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**: Plaintiff is willing to limit this request to reports in which retaliation and sexual harassment are mentioned. With respect to the continued limitation on time period, please see the discussion of the law on this subject, *supra.*

In the context of our anticipated discussion prior to Court invention, two questions – are these reports not something the City agreed to make readily available to the public? In addition, help me understand the confidentiality portion of your objection/privacy. If the information was required to be made public, to what extent is it confidential?

And finally, with regard to the Police Monitor's Office, please help me understand the relationship to the City - should this request be directed to that Office and/or are you answering for both the City and the Police Monitor's Office? Thank you for your help and clarification.

**REQUEST NO. 6:** Please produce a copy of the New Orleans Police Department's policy with regard to disabilities and accommodation of employees from the year 2010-2020.

**RESPONSE TO REQUEST NO. 6:**

    Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
    Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
    Subject to the foregoing objections and without waiving same, see documents bates-numbered CITY 000030-49; 62-80. Defendant reserves the right to supplement and/or amend its response to this request.

**Comment on response**: No problem with the production in response to Request No. 6/thank you for affirmation that the documents produced with Plaintiff's Amended Disclosures are the

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

6

subject document.  If this is not what you are affirming, please say so that this matter can be addressed by the Court.

**REQUEST NO. 7:**  Please produce a copy of any and all complaints of sexual discrimination and sexual harassment received by you [City of New Orleans] from Plaintiff during the course of her employment with the Defendant.

**RESPONSE TO REQUEST NO. 7:**

> Defendant objects to the request on the basis that it is vague.  Specifically, the term "complaints" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.
> Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
> Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
> Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**:  Please see the discussion as to time frame, *supra.*  Further: "complaint" is a commonly used term, meaning written or oral complaints from Plaintiff with regard to sexual discrimination and/or sexual harassment.
The law is well-established that the Plaintiff is entitled to copies of documents regarding complaints that she has made.  The request is limited in time; it does not span the entire period of the Plaintiff's employment.

The information obtained from the Justice Department's investigation reveals a Departmental policy of not investigating sexual harassment complaints and/or mischaracterizing the complaints under neglect of duty complaints.  This information is important in determining how the custom, policy and practice of the Department played out, with regard to sexual harassment.  The information also permits the contextual, fact-intense examination of these policies.

Defendant's obligation to respond is just common sense.  Please withdraw the objection and provide the requested information.

**REQUEST NO. 8:**  Please produce a copy of any and all request for accommodation submitted to you by Plaintiff and/or any representative of Plaintiff [doctor/lawyer, etc.] during the course of Plaintiff's employment with the City.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

7

**RESPONSE TO REQUEST NO. 8:**

>Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "request for accommodation" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.
>Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
>Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
>Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**:
This first problem with this response is, again, that the word "accommodation" and the term "request for accommodation" are commonly used in cases under the ADA. You need to produce the responsive documents.
And again, with respect to your unilateral and arbitrary imposition of the time period, please see the discussion of the law, *supra.* Additionally, this limited period excludes relevant and necessary information, by virtue of the fact that the Plaintiff's onset of disability occurred much earlier than 2014.

**REQUEST NO. 9:** Please produce a copy of all sexual harassment complaints from January 1, 2010 to January 1, 2020 which were categorized as "neglect of duty" complaints by the City; please also include the investigative file surrounding any such complaint and the results of any such complaint.

**RESPONSE TO REQUEST NO. 9:**

>Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis. Defendant also objects to the request because it is invasive to the privacy interests of non-parties to this lawsuit, for which the City has not received consent and/or written authorizations to release.
>Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "sexual harassment complaint," "complaint(s)," and "investigative file," as used in the request are undefined and unspecified and may be interpreted to have many different meanings.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

8

    Defendant also objects to the request on the basis that it is unduly burdensome, onerous, and overly broad in time and scope.  Specifically, Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the request on the basis that it is overbroad in scope because it seeks documents concerning "all sexual harassment complaints from January 1, 2010 to January 1, 2020 which were categorized as 'neglect of duty' complaints" and is not limited to Plaintiff's claims in this case. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts.

    Finally, Defendant objects to this request to the extent it seeks information that is clearly protected from discovery by the attorney-client privilege and/or work product doctrine.  If Defendant withholds any document on the basis of attorney-client privilege and/or work product doctrine, Defendant will produce a privilege log consistent with the requirements of the Federal Rules of Civil Procedure and any applicable orders in this case.

    Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**:  Until the *McDonnell Douglas* burden-shifting analysis is no longer the standard by which which sexual discrimination complaints are judged, the information requested goes directly to the underlying burden of proof and the Court's/jury's review of whether the reason given by the employer is pretextual and/or a ruse.  With respect to the City's conclusion that 2014-2018 is the only period of time for which it must produce information, again, this objection is invalid (*see* discussion of the law, supra); this is also not the extend of the "relevant" time period.[2]

The information sought is consistent with the burden the Plaintiff carries under both Title VII and in a section 1983 claim and should be provided and readily available.[3]  The evidence is also

---

[2] *See F.R.C.P.* 401: Evidence is relevant if: (a) it has any tendence to make any fact more or less probable than it would be the evidence; and (b) the fact is of consequence in the action.

Under a Title VII claim, Where a harassment claim arises out of a supervisor's conduct, "there are four elements of a hostile working environment claim:(1)that he employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3)that the harassment was based on [a protected characteristic]; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Lauderdale v. Tex. Dep't of Criminal Justice,* 512 F.3d 157, 162–63 (5th Cir. 2007). To affect a term, condition, or privilege of employment, the harassing conduct "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Aryain v. Wal-Mart* Stores of Tex., L.P., 534 F.3d 473, 479 (5th Cir. 2008) (alteration in original) (*quoting Lauderdale*, 512 F.3d at 163). We use an objective "reasonable person" standard to evaluate severity and pervasiveness. *Oncale*, 523 U.S. at 82. Ultimately, whether an environment is hostile or abusive depends on the totality of circumstances. *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 23 (1993).

Under Section 1983, Section 1983 provides a cause of action against any "person, who under color of any statute, ordinance, regulations, custom, or usage" violates ,an individual's constitutional rights.  42 U.S.C §1983.  *Monell v.*

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

necessary under affirmative defenses expected; *see Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). Under this defense, an employer will not be vicariously liable for harassment by a supervisor if it can show: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Watts v. Kroger Co.*, 170 F.3d 505, 509–10 (5th Cir. 1999) (*quoting Faragher*, 524 U.S. at 807) (internal quotation marks omitted). The employer bears the burden to prove both elements by a preponderance of the evidence. *Aryain*, 534 F.3d at 483 (*citing Ellert*h, 524 U.S. at 765). The City cannot honestly contend this information is not discoverable, particularly in light of Supreme Court's guidance, the Fifth Circuit case law and the rules of discovery, all of which make it clear this type of evidence is both relevant and necessary. Please fully answer and produce the relevant documents.

**REQUEST NO. 10:** Please produce a copy of the sexual harassment complaints of the following persons, to-wit: Detective Nicole Alcala and Officer Kimberly Clemons. In context of this request, please produce a copy of any and all documents surrounding the receipt of the complaints, investigation(s) and supporting documents and the results of any such investigation.

**RESPONSE TO REQUEST NO. 10:**

>Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.
>Defendant also objects to the request because it potentially infringes upon the privacy rights of non-party individuals by seeking information of those individuals, for which the City has not received consent and/or written authorizations.
>Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "sexual harassment complaint," "complaint(s)," and "investigation," as used in the request are undefined and unspecified and may be interpreted to have many different meanings.
>Finally, Defendant objects to the request on the basis that it is overbroad in scope because it seeks information concerning two non-party individuals and is not limited to Plaintiff's claims in this case.
>Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

*New York City Department of Social Department of Social Services*, 436 U.S. 658 (1978), held that a local governmental entity such as a county is a "person" subject to suit in a section 1983 action.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

**Response and problem with non-production**: The Plaintiff is willing to limit this request to complaints against Defendant Rhett Charles. In that context, see comments under request for production number 9 above. The continued objection to commonly used terms is invalid. The fact that this information is relevant and discoverable is self-explanatory.

**REQUEST NO. 11:** Please produce a copy of any and all sexual harassment complaints, whether or not characterized as neglect of duty, as to which the City of New Orleans/New Orleans Police Department was placed on notice, against Defendants Rhett Charles, Jenerio Sanders, Darryl Albert.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis. Defendant also objects to the request because it is invasive to the privacy interests of non-parties to this lawsuit, for which the City has not received consent and/or written authorizations to release.
Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "sexual harassment complaints" and "notice" as used in the request are undefined and unspecified and may be interpreted to have many different meanings.
Defendant also objects to the request on the basis that it is unduly burdensome, onerous, and overly broad in time and scope. Specifically, Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the request on the basis that it is overbroad in scope because it seeks documents concerning "all sexual harassment complaints. . . against Defendants Rhett Charles, Jenerio Sanders, Darryl Albert" and is not limited to Plaintiff's claims in this case. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts.
Finally, Defendant objects to this request to the extent it seeks information that is clearly protected from discovery by the attorney-client privilege and/or work product doctrine. If Defendant withholds any document on the basis of attorney-client privilege and/or work product doctrine, Defendant will produce a privilege log consistent with the requirements of the Federal Rules of Civil Procedure and any applicable orders in this case.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

11

  *See also* Defendant's Response to Request for Production No. 1, which is expressly referred to and incorporated herein. Subject to the foregoing objections and without waiving same,

 Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**: See response under Request for Production 9 and 10 above.

**REQUEST NO. 12:** Please produce a copy of the complaint file portion of the employment file for the following persons: (a) Troy Williams; (b) Sergeant Walter Powers; (c) Sergeant Christopher Johnson; (d) Keith Ambrose; (e) Kevin Pozzo; (f) Darryl Albert; (g) Stephanie Johnson; (h) Enjolie Harris.

**RESPONSE TO REQUEST NO. 12:**

  Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks personnel information of certain identified Individual Defendants and non-party individuals, and seeks highly confidential employment and other information and is highly invasive to the rights of these individuals.

  Defendant also objects to the request on the basis that it is vague. Specifically, the term "complaint file portion of the employment file" as used in this request is undefined and unspecified and may be interpreted to have many different meanings.

  Defendant also objects to the request on the basis that it is overbroad in time and scope because it is not limited to the time frame relevant to this case (2014-2018).

  Defendant also objects to the request on the basis that it is overbroad in scope because it seeks information concerning the "complaint file portion of the employment file" of certain identified Individual Defendants and non-party individuals and is not limited to Plaintiff's claims in this case which is brought on an individual basis and asserts claims under the ADA, Title VII, and Section 1983.

*See also* Defendant's Response to Request for Production No. 1, which is expressly referred to and incorporated herein. Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**: The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish an ADA discrimination claim, a plaintiff may present "direct evidence that [he] was discriminated against because of [his] disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . .

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

12

(1973)." *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 764 (5th Cir. 2016). Caldwell does not present any direct evidence of discrimination and must therefore proceed under the *McDonnell Douglas* burden-shifting framework. [A plaintiff] bears the initial burden under *McDonnell Douglas* to establish his prima facie case of discrimination. Id. at 765. To carry this burden, Caldwell must establish: (1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. Id. "If he makes that showing, a presumption of discrimination arises, and the employer must 'articulate a legitimate non-discriminatory reason for the adverse employment action.'" *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016) (quoting *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009)). The burden then shifts back to the plaintiff "to produce evidence from which a jury could conclude that the employer's articulated reason is pretextual." Id. "A plaintiff may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010) (internal quotation marks omitted). "**An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action.**" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Emphasis added.

The information and data is necessary and important in context of this burden and should be produced. As to non-parties, the law is clear that the information is discoverable, subject to a protective order (*see* cases cited in Footnote 1, *supra*).

**REQUEST NO. 13:** Please produce a list identifying any and all police officers on light duty or restricted duty, disability, and/or long-term disability from Hurricane Katrina (August 29, 2005) to today's date, including all documents reflecting when the officers were placed on light or restricted duty, disability, or long-term disability; the accommodation provided; and the date the police officer went off light or restricted duty, disability, or long-term disability.

**RESPONSE TO REQUEST NO. 13:**

>Defendant objects to the request on the basis that it is overly broad in time and scope as Plaintiff is requesting information for a 15 year period, unduly burdensome, and vague. As drafted, the request is clearly overbroad and is not limited to relevant individuals, and seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.
>Defendant also objects to the request on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking personnel and medical information of those individuals in a lawsuit to which they are not a party, and seeks confidential and

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

private information related to non-parties to this lawsuit for which the City has not received consent and/or authorizations to release. The personal medical information of other members of the NOPD over an extended period of time is not relevant to Plaintiff's specific claims under the ADA, and whether Plaintiff has properly stated a claim under the ADA and/or can provide adequate evidence to support her allegations.

Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "disability," "long-term disability," and "accommodation" as used in the request are undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the request on the basis that it is overbroad in time and scope and not proportional to the needs of the case because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the request on the basis that it is overbroad in scope because it seeks information concerning individuals who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts. Finally, Defendant objects to the request as unduly burdensome, onerous and not proportional to the needs of this case which involves a single plaintiff who has purported to asserted claims under the ADA, Title VII, and Section 1983, such that it would require the City to dig through records of each and every police officer during the overbroad time period of fifteen years to find the information requested.

Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**: See response to Request for Production No. 12 above; this information is also fact-based as related to Plaintiff.

**REQUEST NO. 14:** Please produce the employment files for the following persons, including each person's disciplinary file, employee evaluations, any and all complaints directed against each during their employment with the city, and current employment status, including compensation rate, off-duty pay, any and all documents supporting the officers being on light duty or restricted duty, disability, or long-term disability, and any accommodation provided to each, to-wit: (a) Glenn Markam; (b) Scott Seymour; (c) Chris Abbott.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks personnel information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

      Defendant also objects to the request because it seeks highly confidential employment and other information and is highly invasive to the privacy rights of these individual defendants and seeks information that is not relevant or proportional to the needs of this case.
      Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "employment files," "disciplinary file," "complaints," "disability," "long-term disability," and "accommodation" as used in the request are undefined and unspecified and may be interpreted to have many different meanings.
      Defendant also objects to the request on the basis that it is overbroad in time and scope because it is not limited to the time frame relevant to this case (2014-2018).
      Defendant also objects to the request on the basis that it is overbroad in scope because it seeks information concerning individuals who are not Plaintiff and this case is brought on an individual basis and asserts claims under the ADA, Title VII, and Section 1983.
      Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Response and problem with non-production**: This was previously addressed in footnote 2 above; see also response to Request for Production No. 13 above.

**REQUEST NO. 15:**  Please produce a copy of the Department's Policy and Procedures Manual for the years 2015-2020.

**RESPONSE TO REQUEST NO. 15:**

      Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
      Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
      Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Comment on response:**   No problem with the production in response to Request No. 15/thank you for affirmation that the documents produced with Plaintiff's Amended Disclosures are the subject document. If this is not what you are affirming, please say so that this matter can be addressed by the Court.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

**REQUEST NO. 16:** You are requested to produce a copy of the retirement benefits/pension plan for Police Officers with the City of New Orleans Police Department in existence at the time of Plaintiff's enrollment in said plan.

**RESPONSE TO REQUEST NO. 16:**

> Defendant objects to the request on the basis that it is vague. Specifically, the term "retirement benefits/pension plan" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.
> Defendant further objects to the request on the basis that the document sought is maintained by the Municipal Police Employees Retirement System ("MPERS").
> Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
> Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**Comment on response:** Is it your position this information and/or documents is not in the possession of the City, if so, please state so affirmatively. With an affirmation in writing, a third-party request for production will be directed to MPERS.

**REQUEST NO. 17:** Please produce the compensation pay schedule for police officers with the Department from the year of Plaintiff's hire to present.

**RESPONSE TO REQUEST NO. 17:**

> Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.
> Defendant also objects to the request on the basis that it is vague. Specifically, the term "compensation pay schedule" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.
> Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).
> Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.
> Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

16

**Response and problem with non-production**:  This information is relevant with regard to damages and tracking economic loss.  Please agree to supplement and produce.  See Pattern Jury Instructions, Fifth Circuit (Civil).

--------

Thank you for your attention to same.  If you have any questions, please inform.

Best regards,

*[signature]*

EJC/files

ALL COPIES BY EMAIL TRANSMISSION ONLY:

cc:	Wendy Manard
	Energy Centre: 1100 Poydras Street
	Suite 2610
	New Orleans, Louisiana 70163

	Shannon Reeves

	EMAIL TRANSMISSION

	William L. Goode
	THE GOODE LAW FIRM, LLC
	P. O. Box 3366
	Lafayette, Louisiana  70501

	EMAIL TRANSMISSION

	Eric Hessler
	Attorney at Law
	2802 Tulane Avenue
	New Orleans, Louisiana  70119

	EMAIL TRANSMISSION

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

17