# ELLYN J. CLEVENGER
**ATTORNEY AT LAW**

Kim M. Boyle
Brandon E. Davis
Rebecca Sha
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534

May 7, 2020

RE: SHANNON REEVES V. CITY OF NEW ORLEANS, ET AL.; IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA; CIVIL ACTION NO. 19-10766; SECTION "T"; JUDGE GUIDRY; MAGISTRATE DIVISION 5, MAGISTRATE JUDGE NORTH)

(CONSULTATION/DEFICIENCIES IN ANSWERS)

(PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO THE CITY OF NEW ORLEANS)

Dear Ms. Boyle:

Consistent with the Magistrate's rules, please consider this my attempt to obtain reasonable answers to the discovery (interrogatories) tendered to your client, City of New Orleans.  This letter sets out the interrogatories, your client's answers, and the reasons why the answers and information provided are insufficient.  This is necessary, in light of your client having submitted objections with regard to practically each and every interrogatory.

I would like to discuss the same during the first part of next week to resolve differences, prior to seeking guidance from the Court.  Please provide me a time on Monday and/or Tuesday of next week to have such a conference.

---

**INTERROGATORY NO. 1:** Please state the reason for Plaintiff's termination, including, A. Date of termination; B. Person(s) who made the decision to terminate Plaintiff.

**RESPONSE TO INTERROGATORY NO. 1:**
Defendant objects to the interrogatory because the information sought in the interrogatory is also known to and in the possession, custody, or control of Plaintiff, as evidenced by Plaintiff's own allegations contained in Plaintiff's Original and Amended Complaints and by Plaintiff's Amended Initial Disclosures. Subject to the foregoing objections and without waiving same, pursuant to Fed. R. Civ. P. 33(d), please see documents bates-numbered CITY 000001-3.

**PLAINTIFF'S EXHIBIT 3**

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440
ellynclevenger@gmail.com

Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with City's answer:  In light of the short window for discovery, reservation of rights to answer the question as to the reason why Plaintiff was terminated and the identity of any person who made the decision to terminate Plaintiff seems nonsensical.  I need an answer.  If the documents located at pp. 1-3 contain the answers, then say so.  Please waive the objection posed.**

**INTERROGATORY NO. 2:** Please provide whether the City ever provided accommodation to Plaintiff with regard to her claim of disability. If you answer no, you need not answer the additional information, to-wit: A. Reason for accommodation; B. Description of accommodation; C. Date(s) of accommodation; D. Person who made the decision to provide any accommodation.
**RESPONSE TO INTERROGATORY NO. 2:**
Defendant objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "accommodation" and "claim of disability" as used in the interrogatory are undefined and unspecified and may be interpreted to have many different meanings.
Defendant also objects to the interrogatory because it is argumentative and both assumes various facts. Also, the interrogatory presumes that Plaintiff has a "disability" under the Americans with Disabilities Act ("ADA") during the relevant time frame and that she satisfied the legal requirements for an accommodation from the City.
Defendant also objects to the interrogatory on the basis that it is overbroad in time and scope because it is not limited to the time frame relevant to this case (2014-2018) and Plaintiff was employed by the City for over 15 years. Finally, Defendant objects to the interrogatory because the information sought in the interrogatory is also known to and in the possession, custody, or control of Plaintiff, as evidenced by Plaintiff's own allegations contained in Plaintiff's Original and Amended Complaints and by Plaintiff's Amended Initial Disclosures.
.

**Query:  Since there is no disagreement with regard to the Protective Order, please provide a date of production of these documents will occur.**

**Problem with City's answer:  Even without the production of the documents, the question should be answered, 1) whether the City provided an accommodation – as that term is understood under the ADA;1 2) the reason for the accommodation; 3) date of**

---

1 Both "accommodation" and "disability" are terms of common usage under the American with Disabilities Act and Rehabilitation Act of 1973.  To be protected under Title I of the Americans with Disabilities Act (ADA), one must have a disability, which is defined by the ADA as a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment.  Under the ADA, a reasonable accommodation is a modification or adjustment to a job, the work environment,
The ADA provides the "Definition of disability" at 42 U.S.C. Section 12102:
    As used in this chapter:
    (1) Disability
    The term "disability" means, with respect to an individual

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment (as described in paragraph (3)).
(2) Major Life Activities
(A) In general
For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.
(B) Major bodily functions
For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.
(3) Regarded as having such an impairment
For purposes of paragraph (1)(C):
(A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
(B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.
(4) Rules of construction regarding the definition of disability
The definition of "disability" in paragraph (1) shall be construed in accordance with the following:
(A) The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter.
(B) The term "substantially limits" shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.
(C) An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.
(D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.
(E)
(i) The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as
(I) medication, medical supplies, equipment, or appliances, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies;
(II) use of assistive technology;
(III) reasonable accommodations or auxiliary aids or services; or
(IV) learned behavioral or adaptive neurological modifications.
(ii) The ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity.
(iii) As used in this subparagraph
(I) the term "ordinary eyeglasses or contact lenses" means lenses that are intended to fully correct visual acuity or eliminate refractive error; and
(II) the term "low-vision devices" means devices that magnify, enhance, or otherwise augment a visual image.

The term "accommodation" is defined by the ADA at 42 U.S.C. Section 12111(9), as follows:
> The term "reasonable accommodation" may include
>> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440
ellynclevenger@gmail.com

**accommodation; 4) person who made the decision to provide the accommodation.  If it is your position that the Plaintiff does not have a disability as that term is defined by the ADA, then please state that as part of your answer.  If it is your position that the Plaintiff's employer was never notified of a disability requiring accommodation, then please state that as part of your answer.**
As to the objection that the question "presumes" that the Plaintiff has a disability and that she "satisfied the legal requirements" for an accommodation from the City – this places the cart before the horse, and is not a valid basis for not answering.

**Additional problems:  The attempt to limit the discovery to a four-year period is implausible in light of the facts - some of Plaintiff's problems arose at the time of Katrina, as documented by the medical records.**

**INTERROGATORY NO. 3:** Please list the names of all police officers who have reported a disability and/or injury in need of accommodation, during the time period that Plaintiff was employed with the Department. Please see chart below in providing the additional information the subject of this interrogatory, to-wit:

| Name of Officer | Date of Employment | Date of Termination | Date of Notice of Injury/disability/etc. | Nature of Accommodation |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**RESPONSE TO INTERROGATORY NO. 3:**

>Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and vague. As drafted, the interrogatory is overbroad because it is not limited to relevant individuals, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.

---

>(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

. 5

Defendant also objects to the interrogatory on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking personnel and medical information of these individuals in a lawsuit to which they are not a party, and seeks confidential and private information related to non-parties to this lawsuit for which the City has not received consent and/or authorizations to release. The personal medical information of other members of the NOPD over an extended period of time is not relevant to Plaintiff's specific claims under the ADA, and whether Plaintiff has properly stated a claim under the ADA and/or can provide adequate evidence to support her allegations.

Defendant also objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "disability and/or injury in need of accommodation" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the interrogatory on the basis that it is overbroad in time and scope and not proportional to the needs of the case because it is not limited to the time frame relevant to this case (2014-2018) and Plaintiff was employed by the City for over 15 years. Defendant also objects to the interrogatory on the basis that it is overbroad in scope because it seeks information concerning individuals who allegedly "have reported a disability and/or injury in need of accommodation" who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts.

Finally, Defendant objects to the interrogatory as unduly burdensome, onerous and not proportional to the needs of this case which involves a single plaintiff who has purported to assert claims under the ADA, Title VII, and Section 1983, such that it would require the City to dig through records of each and every police officer during the overbroad time period of Plaintiff's employment to find the information requested. Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with non-answer** – The test for proving unlawful discrimination under the ADA is now a matter of rote recitation. Under the McDonnell Douglas paradigm[2] the court reviews the

---

[2] "'In employment discrimination cases, a plaintiff may present his case by direct or circumstantial evidence, or both. *Id.* If the plaintiff produces direct evidence that discriminatory animus played a role in the employer's adverse employment decision, the burden of persuasion shifts to the defendant who must prove that it would have taken the same action despite any discriminatory animus. *Id.* If the plaintiff only produces circumstantial evidence of discrimination, the well-known burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), guides our inquiry. *Id.*" *Nall v. BNSF Railroad*, 917 F.3d 335, 441 (5th Cir. 2019).

"Under the *McDonnell Douglas* framework, Nall must first make out a *prima facie* case of discrimination by showing that: (1) he has a disability or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision because of his disability. *Williams v. J.B. Hunt Transp., Inc.,* 826 F.3d 806, 811 (5th Cir. 2016). If he does, the burden shifts to BNSF to articulate a legitimate, non-discriminatory reason for the adverse employment action.

*Id.* If BNSF satisfies its burden, the burden shifts back to Nall "to produce evidence from which a jury could conclude that [BNSF's] articulated reason is pretextual." *Cannon,* 813 F.3d at 590.' *Id., Nall v. BNSF Railroad*, 917 F.3d 335, 441-442 (5th Cir. 2019).

initial burden of proof (prima facie case) and then conducts the burden-shifting analysis, which, once the burden shifts back to the plaintiff, requires analysis of pretext, which is often resolved by examination of data regarding treatment of comparable individuals.  Accordingly, the information regarding the City's policies and how others were treated in the same or a similar context is relevant and important.[3] The discovery is within the contemplated template provided under Rule 26, Federal Rules of Civil Procedure:

>  (b) DISCOVERY SCOPE AND LIMITS.
>
>   (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Please consider withdrawing your objection and providing the information.  The same is both necessary (in context of proof and analysis) and required under the procedural rules.
With regard to your privacy objection, this is resolved by the Protective Order.   The objection that the request is not limited to "subject matter, the same or nearly identical comparators" does not make sense.  The request specifically asks for records concerning officers who reported a disability and were accommodated.  This necessarily is limited by subject matter and the same or nearly identical comparators (only those employees who reported a disability and who received accommodation).  With respect to the objection that the City is required to "dig through records of each and every police officer" – this information should be readily available; it is not a valid objection to production that the City failed to implement an efficient recordkeeping system.

**Please note:  I am willing to discuss/agree to limiting the discovery on this interrogatory from August 25, 2005 (date of Katrina and not the Plaintiff's began date of employment) to present.**

**INTERROGATORY NO. 4:**  Please provide the name and contact information of all persons who have complained on the basis of sexual harassment and/or discrimination against RHETT CHARLES.

---

[3] " 'At summary judgment, evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive.' *Diggs v. Burlington N. & Santa Fe Ry. Co*., 742 F. App'x 1, 4 (5th Cir. 2018) (*quoting LHC Grp*., 773 F.3d at 702). The district court held that the safety concerns emphasized by BNSF constituted a legitimate, non-discriminatory reason for BNSF to place Nall on medical leave. As we have discussed, however, viewing the evidence in the light most favorable to Nall, BNSF's safety concerns were not tied to Nall's ability to perform the tasks required of his job. He could perform those tasks. Instead, BNSF's concerns were tied to his physical impairment—his Parkinson's symptoms."  Id, *Nall v. BNSF Railroad*, 917 F.3d 335, 448 (5th Cir. 2019).

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and vague. As drafted, the interrogatory is overbroad because it is not limited to relevant individuals, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non- party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.

Defendant also objects to the interrogatory on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking personnel information of these individuals in a lawsuit to which they are not a party, and seeks confidential and private information related to non-parties to this lawsuit. The information sought in this interrogatory is not relevant to Plaintiff's specific claims under the Title VII, and whether Plaintiff has properly stated a claim under the Title VII and/or can provide adequate evidence to support her allegations.

Defendant also objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "complained on the basis of sexual harassment and/or discrimination" as used in the interrogatory is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the interrogatory on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the interrogatory on the basis that it is overbroad in scope because it seeks information concerning individuals who allegedly "have complained on the basis of sexual harassment and/or discrimination against RHETT CHARLES" who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts. Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with answer and objections**: Plaintiff would respectfully disagree. Rhett Charles is a defendant in this action and is accused of violating federal law under 42 United States Code section 1983 and is one of the driving forces (as alleged) in the custom, practices and policies of the department in engaging in the violation of the law (sexual harassment) and the protection of those who have engaged in such activity. The employer's knowledge of complaints in relevant, including identifying complainants and/or when complaints were made; please supplement and provide this information and withdraw your objections.

The information sought is consistent with the burden the Plaintiff carries under both Title VII (City) in section 1983 claim (Charles), should be readily available to the City, and should be provided.4 The evidence is also necessary under affirmative defenses expected; *see Burlington*

---

4 Under a Title VII claim, Where a harassment claim arises out of a supervisor's conduct, "there are four elements of a hostile working environment claim:(1)that he employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3)that the harassment was based on [a protected characteristic]; and (4) that the harassment affected a 'term, condition, or privilege' of employment." *Lauderdale v. Tex. Dep't of Criminal Justice,* 512 F.3d 157, 162–63 (5th Cir. 2007). To affect a term, condition, or privilege of employment, the harassing conduct "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Aryain v. Wal-Mart* Stores of Tex., L.P., 534 F.3d 473, 479 (5th Cir. 2008) (alteration in original) (*quoting Lauderdale*, 512 F.3d at 163). We use an objective "reasonable person" standard to

*Indus. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). Under this defense, an employer will not be vicariously liable for harassment by a supervisor if it can show: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Watts v. Kroger Co.*, 170 F.3d 505, 509–10 (5th Cir. 1999) (*quoting Faragher*, 524 U.S. at 807) (internal quotation marks omitted). The employer bears the burden to prove both elements by a preponderance of the evidence. *Aryain*, 534 F.3d at 483 (*citing Ellert*h, 524 U.S. at 765). The City cannot honestly contend this information is not discoverable, particularly in light of Supreme Court's guidance, the Fifth Circuit case law and the rules of discovery – all of which make it clear this type of evidence is relevant and necessary. Please fully answer this interrogatory.

**INTERROGATORY NO. 5:**  Please provide the name, and contact information for all persons who have complained on the basis of sexual harassment and/or discrimination against JENERIO SANDERS.

**RESPONSE TO INTERROGATORY NO. 5:**

> Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and vague.  As drafted, the interrogatory is overbroad because it is not limited to relevant individuals, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non-party individuals who are not parties to this case and this case is brought on an individual, not
> Defendant also objects to the interrogatory on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking  personnel information of these individuals in a lawsuit to which they are not a party, and seeks confidential and private information related to non-parties to this lawsuit.  The information sought in the interrogatory is not relevant to Plaintiff's specific claims under the Title VII, and whether Plaintiff has properly stated a claim under the Title VII and/or can provide adequate evidence to support her allegations.
> Defendant also objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "complained on the basis of sexual harassment and/or discrimination" as used in the interrogatory is undefined and unspecified and may be interpreted to have many different meanings.
> Defendant also objects to the interrogatory on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).  Defendant also objects to  the interrogatory on the basis that it is overbroad in scope because it seeks

---

evaluate severity and pervasiveness. *Oncale*, 523 U.S. at 82. Ultimately, whether an environment is hostile or abusive depends on the totality of circumstances. *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 23 (1993).

Under Section 1983, Section 1983 provides a cause of action against any "person, who under color of any statute, ordinance, regulations, custom, or usage" violates ,an individual's constitutional rights.  42 U.S.C §1983.  *Monell v. New York City Department of Social Department of Social Services*, 436 U.S. 658 (1978), held that a local governmental entity such as a county is a "person" subject to suit in a section 1983 action.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440
ellynclevenger@gmail.com

information concerning individuals who allegedly "have complained on the basis of sexual harassment and/or discrimination against JENERIO SANDERS" who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts. Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with non-answer**: See discussion under 4 above.

**INTERROGATORY NO. 6:** Please provide the names of, and contact information for, all persons who have complained on the basis of sexual harassment and/or discrimination against DARRYL ALBERT.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and vague. As drafted, the interrogatory is overbroad because it is not limited to relevant individuals, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non- party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.

Defendant also objects to the interrogatory on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking personnel information of these individuals in a lawsuit to which they are not a party, and seeks confidential and private information related to non-parties to this lawsuit. The information sought in this interrogatory is not relevant to Plaintiff's specific claims under the Title VII, and whether Plaintiff has properly stated a claim under the Title VII and/or can provide adequate evidence to support her allegations.

Defendant also objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "complained on the basis of sexual harassment and/or discrimination" as used in the interrogatory is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the interrogatory on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the interrogatory on the basis that it is overbroad in scope because it seeks information concerning individuals who allegedly "have complained on the basis of sexual harassment and/or discrimination against DARRYL ALBERT" who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts. Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with non-answer**: See discussion under 4 above.

**INTERROGATORY NO. 7:** Please provide the names of, and contact information for, all persons who have complained on the basis of sexual harassment and/or discrimination against RAYMOND BURKART.

**RESPONSE TO INTERROGATORY NO. 7:**

> Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and vague. As drafted, the interrogatory is overbroad because it is not limited to relevant individuals, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non- party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.
>
> Defendant also objects to the interrogatory on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking personnel information of these individuals in a lawsuit to which they are not a party, and seeks confidential and private information related to non-parties to this lawsuit. The information sought in the interrogatory is not relevant to Plaintiff's specific claims under the Title VII, and whether Plaintiff has properly stated a claim under the Title VII and/or can provide adequate evidence to support her allegations.
>
> Defendant also objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "complained on the basis of sexual harassment and/or discrimination" as used in the interrogatory is undefined and unspecified and may be interpreted to have many different meanings.
>
> Defendant also objects to the interrogatory on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the interrogatory on the basis that it is overbroad in scope because it seeks information concerning individuals who allegedly "have complained on the basis of sexual harassment and/or discrimination against RAYMOND BURKART" who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts. Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with non-answer**: See discussion under 4 above.

**INTERROGATORY NO. 8:** Please provide the names of, and contact information for, all persons who have complained of retaliation by the New Orleans Police Department, for complaining about violation(s) of civil right(s) during employment with the New Orleans Police Department. With respect to this inquiry, please see the additional information requested; see Chart below.

| Name of Complaint | Date of Complaint | Basis of Retaliation (example but/for race) | Whether suit was filed and case number | Whether Complainant is still employed and reason for leaving |
|---|---|---|---|---|
| | | | | |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory on the grounds that it is overly broad in scope, unduly burdensome, and vague. As drafted, the interrogatory is overbroad because it is not limited to relevant individuals, and it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks information concerning non- party individuals who are not parties to this case and this case is brought on an individual, not collective, basis.

Defendant also objects to the interrogatory on the grounds that it is highly invasive to the privacy rights of non-party individuals by seeking personnel information of these individuals in a lawsuit to which they are not a party, and seeks confidential and private information related to non-parties to this lawsuit. The information sought in the interrogatory is not relevant to Plaintiff's specific claims under the Title VII, and whether Plaintiff has properly stated a claim under the Title VII and/or can provide adequate evidence to support her allegations.

Defendant also objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "complained of," "retaliation," "complaining about," and "violation(s) of civil right(s)" as used in the request are undefined and unspecified and may be interpreted to have many different meanings. Defendant also objects to the interrogatory on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the interrogatory on the basis that it is overbroad in scope because it seeks information concerning individuals who alleged "complained of retaliation by the New Orleans Police Department, for complaining about violation(s) of civil right(s)" who are not Plaintiff. Defendant also objects to the request on the basis that it is not limited to subject matter, nearly identical comparators, and is argumentative and assumes facts. Finally, Defendant objects to the interrogatory as unduly burdensome, onerous and not proportional to the needs of this case which involves a single plaintiff who has purported to assert claims under the ADA, Title VII, and Section 1983, such that it would require the City to dig through records of each and every employee of the NOPD to find the information requested.

Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with the non-answer**: Plaintiff has asserted a retaliation claim in the litigation. The public information from the Office of Police Monitor and newspaper reports reveals the Justice Department has information (presumably from the City and/or information tendered to the City)

that one of the main complaints of citizens and employees was the issue of retaliation for either citizens or employees complaining of violation of their rights.    Plaintiff is willing to limit the discovery request to the 10 years preceding this request.  The question is directed at employees' complaints of retaliation only.  This limitation applies to this interrogatory only.  I would like to resolve this issue prior to Court involvement.  Please reconsider your non-answer.

**INTERROGATORY NO. 9:**  Do you contend a Rule IX hearing is not punitive?

**RESPONSE TO INTERROGATORY NO. 9:**

> Defendant objects to the interrogatory on the basis that it is not a proper interrogatory pursuant to Fed. R. Civ. P. 33 because it does not seek information, but rather calls for a legal conclusion and/or opinion.
> Defendant also objects to the interrogatory on the basis that it is vague, undefined, argumentative, and assumes facts. Specifically, the term "punitive" as used in the interrogatory is undefined and unspecified and may be interpreted to have many different meanings.
> Subject to the foregoing objections and without waiving same, pursuant to Fed. R. Civ. P. 33(d), please see documents bates-numbered CITY 000004-5 concerning Rule IX hearings.
> Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**Problem with answer**:  You refer Plaintiff to pages 4-5, Rule IX, Disciplinary Action.  I understand and have seen the rule before, but the question is something else: "Do you contend a Rule IX hearing is not punitive."  The question is asked because there are documents in existence wherein Plaintiff was told that a Rule IX was non-punitive – as such, the objections regarding a legal conclusion and lack of specificity are not valid.  The City has knowledge of the nature of its rules and regulations.  Please answer the question.

Thank you for your attention to same.  The concerns with regards to documents will be forwarded under separate cover.  If you have any questions, please inform.

Best regards,

/s/ Ellyn J. Clevenger

EJC/files

FORWARDED BY EMAIL TRANSMISSION ONLY

cc:    Wendy Manard
       Energy Centre: 1100 Poydras Street
       Suite 2610
       New Orleans, Louisiana 70163

EMAIL TRANSMISSION

Shannon Reeves

EMAIL TRANSMISSION

William L. Goode
THE GOODE LAW FIRM, LLC
P. O. Box 3366
Lafayette, Louisiana 70501

EMAIL TRANSMISSION

Eric Hessler
Attorney at Law
2802 Tulane Avenue
New Orleans, Louisiana 70119

EMAIL TRANSMISSION

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440
ellynclevenger@gmail.com