# ELLYN J. CLEVENGER
**ATTORNEY AT LAW**

Kim M. Boyle
Brandon E. Davis
Rebecca Sha
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534

May 11, 2020

RE: SHANNON REEVES V. CITY OF NEW ORLEANS, ET AL.; IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA; CIVIL ACTION NO. 19-10766; SECTION "T"; JUDGE GUIDRY; MAGISTRATE DIVISION 5, MAGISTRATE JUDGE NORTH)

(CONSULTATION/DEFICIENCIES IN ANSWER)

(PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO INDIVIDUAL DEFENDANTS REPRESENTED BY YOUR OFFICE)

(PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO INDIVIDUAL DEFENDANTS REPRESENTED BY YOUR OFFICE)

Dear Ms. Boyle:

    Consistent with the Magistrate's rules, please consider this my attempt to obtain reasonable answers to the discovery tendered by your clients/the individual defendants represented by your office.  This letter differs from the letters tendered to you regarding the Defendant City's responses.  In the context of the individual defendants, the responses are not merely deficient - I do not see any answers to the interrogatories, nor do I see any responses to requests for production of documents.  I have set out a representative sub-set of objections posed in order to address the same.

    Even with your objections, I believe this consultation is necessary in light of the Court's rules.  For clarification and simplification purposes:  Is it your position your clients should not answer any discovery pending the motions to dismiss?

    I would like to discuss the above issues during our conference on Wednesday.

**PLAINTIFF'S EXHIBIT 5**

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440
ellynclevenger@gmail.com

## Subset of Objections Posed by Individual defendants to
## Plaintiff's First Set of Interrogatories

Defendant objects to the interrogatory on the basis that it is premature in light of the pending Motion to Dismiss Complaint (R. Doc. 27) and Motion to Dismiss First Amended Complaint (R. Doc. 78). Specifically, Defendant maintains that Plaintiff has not stated any claims against [him/her] in the Complaint or the First Amended Complaint, and [she/he] is not a proper party to the Complaint or the First Amended Complaint. Plaintiff has conceded all claims against Defendant under Title VII and ADA. Plaintiff's remaining claim against Defendant under Section 1983 does not expressly assert that Plaintiff is suing Defendant in [her/his] individual capacity. To the extent Plaintiff is suing Defendant in [her/his] individual capacity,[she/he] is protected by the doctrine of qualified immunity. To the extent Plaintiff is suing Defendant in [her/him] official capacity as a public official of the City of New Orleans (the "City"), it is deemed to be a suit against the City and therefore redundant and subject to dismissal.

Defendant also objects to the interrogatory as overbroad, onerous, and unduly burdensome on the basis that it seeks information concerning [her/him] entire employment history, including start dates, "promotions, duties, and responsibilities in each position," which is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Defendant also objects to the interrogatory as overbroad because it seeks information concerning [her/him] employment history during an over broad period of time and is not limited to the time frame relevant to this case (2014-2018). Defendant also objects to the interrogatory because the information it seeks is not relevant to Plaintiff's claims against Defendant under Section 1983.

Defendant expressly reserves the right to amend and/or supplement the response to this interrogatory.

**Response to Objections and Non-Answer:**

Plaintiff disagrees with the Defendant's characterization of the discovery requests as premature. First, the current scheduling/docket control order does not stay the discovery pending resolution of the Defendants' motions; and Defendants have neither requested nor been granted a protective order allowing stay of responses pending such resolution. Your argument - that

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com
2

Plaintiff's submission of discovery requests is premature – would only have merit if one of these had taken place.

Second, if you will recall, after presentation of the Motion for Leave to Amend, aside from the issue of whether a Motion for Leave was even necessary, the Magistrate/Court indicated that it tended to agree with the Plaintiff's recitation of the law as to why the amendment was permissible (referring to the memorandum submitted by the Plaintiff on February 4, 2020 (doc. 57-3)). Given the Court's stated position, and filing of the Plaintiff's amendment, discovery as to the individual defendants is appropriate and proper at this juncture.

If it is your position that the Defendants will not respond at this time, pending resolution of the motions, I appreciate your saying so. I believe your arguments in support of refusal to respond (prematurity and immunity) are misplaced and will likely both need to be addressed by the Court; I would prefer not to waste time so doing.

As an additional note, and as set forth in the Plaintiff's memorandum at Doc. 44, this case is not yet at the summary judgment stage, and a dispositive rendering is inappropriate. This case is fact-intensive in nature. In order to provide the contextual understanding of the relationship between the alleged facts and the law, discovery is necessary; dismissal under an immunity claim would be improper and is not the proper remedy. Accordingly, your acting under the assumption that your motions will be granted is not only improper from a procedural standpoint, it is also not substantively warranted.

Finally, your continuous objections regarding timeliness and immunity are tautological. In other words, what you are essentially saying is 1. Defendants are immune, because the Plaintiff cannot prove that they are not immune, but also 2. the Plaintiff is not entitled to discovery to prove that the Defendants are not immune, because the Defendants are immune. This is both illogical and implausible.

I have not herein addressed objections as to overbreadth and vagueness; however I will do so after we have addressed my inquiry with regard to individual defendants' position – as to whether your position is that no individual defendants will provide answers to discovery pending the motion to dismiss. If this is your firm position, there is no need to address the arguments as to overbreadth and vagueness at this time.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com
3

Thank you for your prompt attention to this matter.

> Best regards,
>
> Ellyn J. Clevenger

EJC/files

ALL COPIES FORWARDED BY EMAIL TRANSMISSION ONLY

cc: Wendy Manard
Energy Centre: 1100 Poydras Street
Suite 2610
New Orleans, Louisiana 70163

Shannon Reeves

William L. Goode
THE GOODE LAW FIRM, LLC
P. O. Box 3366
Lafayette, Louisiana 70501

Raymond C. Burkart, Jr. (#3673)
Attorney at Law
321 N. Florida Street, Suite 104
Covington, Louisiana 70433

Eric Hessler
Attorney at Law
2802 Tulane Avenue
New Orleans, Louisiana 70119

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com
4

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

5