# ELLYN J. CLEVENGER
**ATTORNEY AT LAW**

Kim M. Boyle
Brandon E. Davis
Rebecca Sha
PHELPS DUNBAR, LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana  70130-6534

May 18, 2020

RE: SHANNON REEVES V. CITY OF NEW ORLEANS, ET AL.; IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA; CIVIL ACTION NO. 19-10766; SECTION "T"; JUDGE GUIDRY; MAGISTRATE DIVISION 5, MAGISTRATE JUDGE NORTH)

(REQUEST FOR ADDITIONAL TIME TO ANSWER DEFENDANTS' REQUESTS TO PLAINTIFF)

(CONFERENCE CALL – SUMMATION)

(REQUEST FOR WRITTEN ANSWERS)

Dear Ms. Boyle and Ms. Sha:

In order to provide complete requests, and avoid the necessity of immediate supplementation, I am requesting one additional week (until Tuesday, May 26, 2020) to produce my client's responses to Defendants' discovery requests.

I appreciate your participation in the conference call on Friday, during which we spent a little over an hour discussing each request and whether you intended to supplement. As stated, I will provide a proposal for structuring of discovery moving forward; I will send that under separate cover. My understanding of our conversation, and request for a designated time frame for revised and/or supplemental responses, is as follows.

### Interrogatories to the Defendant, City of New Orleans

1. Your stated position is that the document (termination letter) speaks for itself (as to information regarding Plaintiff's termination). **As I said during the call, I do need a written answer to this effect; please also revise your answer to be compliant with (recently revised) Rule 34(B).**

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

**PLAINTIFF'S EXHIBIT 6**

2. You intend to supplement your response as to accommodations made to the Plaintiff with respect to her disability claim, insofar as any documentation related to those accommodations is contained in her employment file. **Please note that I also need a written response to this interrogatory; please also revise your answer to be compliant with (recently revised) Rule 34(B).**

3. You do not intend to provide any information with respect to Interrogatory #3 (regarding police officers who have reported a disability/requested accommodation from 2005 on). **Please revise your response to be compliant with Rule 34(B).**

4. You do not intend to provide any information as to any persons who have complained of harassment by Defendant Rhett Charles, other than the Plaintiff, subject to the caveat that you will look at the jurisprudence, and you will possibly supplement, if you think it is warranted after review of the law (Interrogatory #4). **If you do intend to supplement, I am requesting that you do so by Tuesday, May 26, 2020. Please also revise your answer to be compliant with Rule 34(B).**[1] The Court has yet to rule on the motion to modify deadlines, and as of today's date, it has been forty-seven (47) days since discovery was transmitted to you. As I stated during our conference call, I do understand that the City is operating under extraordinary circumstances. After we spoke, it also occurred to me that, because police officers are essential employees, there are staff at headquarters who are able to assist in locating and producing documents. Under no circumstances do I want to be put in the position of conducting depositions without complete answers to discovery. If you do not supplement by May 26, 2020, I will need to schedule a conference call with the Magistrate as soon as possible, prior to filing a motion to compel.

5. You will not provide any documents regarding sexual harassment complaints filed Against Defendants Sanders and Burkart, or against Darryl Albert. **Please revise this answer in order to comply with Rule 34(B) (Interrogatories 5, 6, and 7).**

6. With respect to Interrogatory #8, regarding information as to NOPD employees who have complained of retaliation, you will not provide any information. **Please revise your response in order to be compliant with Rule 34(D).**

7. With respect to Interrogatory #9, relating to whether a Rule 9 hearing is punitive, you indicated that the document produced speaks for itself. **Please provide a written response stating this position; please also revise your response in order to be compliant with Rule 34(D).**

**Requests for Production of Documents, to the City of New Orleans**

1. With respect to #1 (employment files of Defendants) you have stated that you will not

---

[1] I am requesting that you supplement all answers noted herein, including any revisions made pursuant to Rule 34(D), by May 26, 2020.

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

provide copies of files for any Defendants, except that you will consider providing a copy of Defendant Rhett Charles' employment file.  **Please provide any intended supplementation by Tuesday, May 26, 2020; additionally, please revise your response and comply with Rule 34(D).**

2.  Request for production #2 relates to sexual harassment complaints and investigative Files.  You will not produce any of these documents.  **Please revise your response to comply with Rule 34(D).**

3.  Request for production #3 relates to the NOPD's Disciplinary Matrix from the year 2010 through 2020.  You stated that you will produce copies of the Disciplinary Matrix from 2011 through 2020.  **Please provide supplemental documents by Tuesday, May 26, 2020.  Please also revise your response in the context of Rule 34(D).**

4.  Request for Production #4 requests a copy of the NOPD's sexual harassment policy from 2010 through 2020.  If I am recalling correctly, and based on my notes, you stated that you would provide copies of the policy from 2011 through 2020.  **Please provide supplemental documents by May 26, 2020; please also revise your response for compliance with Rule 34(D).**

5.  Request for Production #5 requests copies of each and every report issued by the NOPD to the Office of the Independent Police Monitor to date.  As we discussed, this request specifically relates to reports produced pursuant to the Consent Decree with the Department of Justice in 2012, which requires annual reports to the Office of the Independent Police Monitor summarizing each misconduct complaint, describing each allegation, disposition, and discipline imposed.  You stated that you would consider supplementation of this response; **please provide any supplemental response by May 26, 2020, and also please ensure that your response is compliant with the requirements of Rule 34(D).**

6.  Request #6 relates to NOPD policy regarding disability and accommodations; you stated that you have provided the relevant information.  **Please revise your response to comply with Rule 34(D).**

7.  Request #7 relates to copies of any and all sexual harassment complaints received by Plaintiff during the course of her employment.  You stated that you would supplement this response with any relevant documents that may be contained in Plaintiff's employment file.  **Please provide supplemental documents by May 26, 2020; please also revise your response in order to comply with Rule 34(D).**

8.  Request #8 seeks information related to Plaintiff's requests for accommodations.  You stated that you would supplement this request to provide any relevant documents contained in Plaintiff's employment file; **please produce supplemental documents by May 26, 2020, and also revise your response to comply with Rule 34(D).**

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com
3

9.  Request #9 seeks documents related to sexual harassment complaints categorized as "neglect of duty" complaints, from 2010 through 2020.  You stated that you would not provide any such documents.  **Please revise your response to comply with Rule 34(D).**

10. Request #10 seeks documents related to complaints of sexual harassment made by two female officers who testified against Defendant Rhett Charles in the context of Plaintiff's sexual harassment complaint.  You stated that you will not provide any such documents, citing privacy concerns.  **Please revise your response to comply with Rule 34(D).**

11. Request #11 seeks documents in the context of sexual harassment complaints against Defendants Rhett Charles and Jenerio Sanders, and against Darryl Albert.  You stated that you would consider providing some information as to Defendant Rhett Charles, but that you would not provide any information in the context of this request for Sanders or Albert, citing relevance (sexual harassment not alleged against Sanders or Albert).  **Please provide any supplemental documents by May 26, 2020; please also revise your response for compliance with Rule 34(D).**

12. Request #12 seeks complaint portions of employment files for Troy Williams; Walter Powers; Christopher Johnson; Keith Ambrose; Kevin Pozzo; Darryl Albert; Stephanie Johnson; and Enjolie Harris.  You stated that you will not provide any of the requested documents.  **Please provide a revised response that is compliant with Rule 34(D).**

13. Request #13 seeks information relating to officers who have been on light duty/restricted duty/disability status since Hurricane Katrina.  You stated that you would not provide any of these documents, citing relevance and privacy concerns.  **Please provide a revised response that is compliant with Rule 34(D).**

14. Request #14 seeks employment files of Scott Seymour and Chris Abbott.  You stated that you will not provide these documents, citing relevance and privacy concerns.  **Please provide a revised response that is compliant with Rule 34(D).**

15. Request #15 seeks the NOPD's Policy and Procedures Manual for the years 2015-2020.  You stated that you were not clear as to precisely what documents this request contemplated, and I promised to provide clarification.  To that end, please note that this request seeks the NOPD policy manual, which includes all current NOPD policies, as to each year from 2015 through 2020.  **Please provide any supplemental response to this request by May 26, 2020; to the extent that you will not supplement, please provide a revised response that is compliant with Rule 34(D).**

16. Request #16 seeks information related to the Plaintiff's retirement benefits/pension plan

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

4

(i.e. the plan in which Plaintiff enrolled at the time she was hired).  You stated that this document would probably in the custody and control of MPERS (Municipal Police Employees Retirement System).  **Please revise your response to be compliant with Rule 34(D).**

17. Request #17 asks for the compensation pay schedule of police officers from the year that the Plaintiff was hired to the present.  You stated that you were not aware of any such information or documentation.  It is my understanding that state law requires public agencies to maintain a pay schedule.  **Please provide a revised response by May 26, 2020; please also ensure that your revised response complies with Rule 34(D).**

**Interrogatories to Individual Defendants**

1. With respect to Interrogatories directed to individual defendants, requesting income information (tax returns; assets), you stated that you would not provide any information as to requested income, assets, and the like for any individual defendants, until the Rule 12(b)(6) motions are ruled upon and it is determined whether they will remain parties to the suit.  **Please provide a written response indicating as much; please also ensure that your response complies with Rule 34(D).  I appreciate your providing the revised response by May 26, 2020.**

2. With respect to all other interrogatories directed to individual defendants, **please provide written responses which provide information as to each Defendant's personal knowledge.**  For example, with respect to an interrogatory which seeks information related to Defendant Arlinda Westbrook's employment history, you stated that she probably cannot recall each and every position she's held with the NOPD.  You also pointed out that I can direct this question to her in deposition.  However, this does not relieve her of the obligation to respond in writing to this interrogatory.  Similarly, with respect to her instructions to individual complainants in the context of sexual harassment complaints, you stated that this request should be directed to the Defendant City of New Orleans, and that you would then produce documents related to the request.  This does not relieve Defendant Westbrook of the obligation to provide a written response to this interrogatory.  **Please supplement and revise your responses to Interrogatories directed to individual defendants by May 26, 2020; please also ensure that your request complies with Rule 34(D).**

3. With respect to all documents sought in the requests for production directed to individual Defendants, you provided that the documents do not belong to the individual Defendants, but rather belong to the Defendant City of New Orleans, and that the requests should be directed to the City.  I initially stated that I would revise the requests and send to the City's attention.  However, it occurred to me after our conversation that, because you also represent the City of New Orleans, this objection is semantic in nature and serves only to delay this process for months.  I would appreciate your reconsideration of your refusal to respond; **in the event that you choose to supplement, please do so by May 26, 2020.  Please also revise your responses to comply with Rule 34(D).**

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com

**PLAINTIFF'S EXHIBIT 4**

Best regards,

*Ellyn J. Clevenger*

EJC/files

ALL COPIES FORWARDED BY EMAIL TRANSMISSION ONLY

cc: Wendy Manard
Energy Centre: 1100 Poydras Street
Suite 2610
New Orleans, Louisiana 70163

Shannon Reeves

William L. Goode
THE GOODE LAW FIRM, LLC
P. O. Box 3366
Lafayette, Louisiana 70501

Raymond C. Burkart, Jr. (#3673)
Attorney at Law
321 N. Florida Street, Suite 104
Covington, Louisiana 70433

Eric Hessler
Attorney at Law
2802 Tulane Avenue
New Orleans, Louisiana 70119

1115 Moody Avenue
Galveston, Texas 77550
409.621.6440

1100 Poydras
Suite 2610
New Orleans, Louisiana 70163
504.585.7777

ellynclevenger@gmail.com
6

 **Gmail**    E C <ellynclevenger@gmail.com>

**Reeves versus City of New Orleans, et al.; Defendants' discovery**

**Kim Boyle (1790)** <Kim.Boyle@phelps.com>    Thu, May 21, 2020 at 3:11 PM
To: E C <ellynclevenger@gmail.com>, "Rebecca Sha (1258)" <Rebecca.Sha@phelps.com>, "Brandon Davis (1312)" <Brandon.Davis@phelps.com>
Cc: "hessler.law_gmail.com" <hessler.law@gmail.com>, Raymond Burkart <burkartr@bellsouth.net>, Bill Goode <bill@goodelawyer.com>, wendy manard <wendy@wmanard.com>, Shannon Reeves <shannonreeves794@yahoo.com>, April Curtis <april@wmanard.com>, Faye Turner <faye@goodelawyer.com>, Goode Law Receptionist <receptionist@goodelawyer.com>

Good afternoon Ellyn and we are writing in response to your letter we received on Monday night, May 18th.

First, we do *not* have an objection to you responding to our discovery requests on Tuesday, May 26th.

Second, while we intend to supplement some of our discovery responses as we discussed in detail during our conference call on Friday, May 15th, we are not able to do that by May 26th but we are working on it now and will supplement as soon as we possibly can.

Third, without going through each item outlined in your recent letter as we have already discussed the defendants' responses in detail during our call last week, I do not understand some of the things stated in your letter as it relates to some of our discovery responses.  By way of example only, in regards to our response to Interrogatory Number 1, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure which expressly states that "[i]f the answer to an interrogatory may be determined by

examining . . . a party's business records . . . the responding party may answer by" specifying the records that must be reviewed . . . and giving the interrogating party a "reasonable opportunity to examine the records . . . ", we have already provided this information by producing the termination letter pursuant to Rule 33(d) (which presumably is already in your client's possession). Accordingly, we believe that we have reasonably and appropriately responded to this interrogatory.

Also by way of example only, I am confused by your repeated references to Rule 34(B) and 34(D) of the Federal Rules of Civil Procedure, which I do not recall discussing during our almost 90 minute call last Friday. I am confused as to what you are referencing, as the most recent version of Rule 34 does not contain (B) and (D) other than as subsections to other provisions of Rule 34.

I do not want to continue to go back and forth in response to your six page letter received on Monday as we extensively discussed each discovery response provided by the City and/or the Individual Defendants that we represent during our call last Friday; also, we specifically advised during that call the responses we plan to supplement and the responses to which we are maintaining objections at this time. Accordingly, we will forward our supplemental responses as soon as we can but it will not be on Tuesday. In the meantime, we continue to maintain and reserve our stated objections as outlined in our responses.

Thanks,

Kim

**Kim M. Boyle**
Phelps Dunbar LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130
Direct: 504-679-5790
Fax: 504-568-9130
Email: kim.boyle@phelps.com



CONFIDENTIALITY NOTICE - This e-mail message, including any attachments, is private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, any use, distribution, or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

[Quoted text hidden]

 E C <ellynclevenger@gmail.com>

## Reeves versus City of New Orleans, et al.; Defendants' discovery

E C <ellynclevenger@gmail.com>     Tue, May 26, 2020 at 3:38 PM
To: "Kim Boyle (1790)" <Kim.Boyle@phelps.com>
Cc: "Rebecca Sha (1258)" <Rebecca.Sha@phelps.com>, "Brandon Davis (1312)" <Brandon.Davis@phelps.com>, "hessler.law_gmail.com" <hessler.law@gmail.com>, Raymond Burkart <burkartr@bellsouth.net>, Bill Goode <bill@goodelawyer.com>, wendy manard <wendy@wmanard.com>, Shannon Reeves <shannonreeves794@yahoo.com>, April Curtis <april@wmanard.com>, Faye Turner <faye@goodelawyer.com>, Goode Law Receptionist <receptionist@goodelawyer.com>
Bcc: Anthony Griffin <anthonypgriffin@gmail.com>

Kim - thanks for the response. With respect to Rule 34, I may have misstated the applicable subsection. I was referring to amended Rule 34(b)(2) which now explicitly requires that a responding party state objections with specificity and indicate whether documents or information are being withheld on the basis of such objection.

With respect to your not having responses by today, I am also not able to provide responses today, but will be able to have them out to you by the end of the week.

[Quoted text hidden]