UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON REEVES** | **CIVIL ACTION NO. 19-10766** |
| **VERSUS** | **SECTION "T"** |
| **CITY OF NEW ORLEANS, ET AL.** | **JUDGE GUIDRY** |
| | **MAG. DIV. (5)** |
| | **MAGISTRATE JUDGE NORTH** |

**CITY OF NEW ORLEANS' FIRST SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF**

Defendant, the City of New Orleans (the "City'), appears through undersigned counsel, without waiving and expressly maintaining any and all rights, objections, claims, privileges or defenses, including but not limited to the pending motions to dismiss, pursuant Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, submits the following First Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents propounded by Plaintiff, Shannon Reeves.[1]

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 2:**  Please provide whether the City ever provided accommodation to Plaintiff with regard to her claim of disability.  If you answer no, you need not answer the additional information, to-wit:  A. Reason for accommodation; B. Description of accommodation; C. Date(s) of accommodation; D. Person who made the decision to provide any accommodation.

**RESPONSE TO INTERROGATORY NO. 2:**

---

[1] Defendant, the City of New Orleans, experienced a Ransomware attack on the morning of December 13, 2019 which may impact the Defendant's ability to fully respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents at this time. Defendant reserves the right to amend and supplement its responses as it discovers additional information.

**PLAINTIFF'S EXHIBIT 7**

Defendant objects to the interrogatory on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the terms "accommodation" and "claim of disability" as used in the interrogatory are undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the interrogatory because it is argumentative and both assumes various facts. Also, the interrogatory presumes that Plaintiff has a "disability" under the Americans with Disabilities Act ("ADA") during the relevant time frame and that she satisfied the legal requirements for an accommodation from the City.

Defendant also objects to the interrogatory on the basis that it is overbroad in time and scope because it is not limited to the time frame relevant to this case (2014-2018) and Plaintiff was employed by the City for over 15 years.

Finally, Defendant objects to the interrogatory because the information sought in the interrogatory is also known to and in the possession, custody, or control of Plaintiff, as evidenced by Plaintiff's own allegations contained in Plaintiff's Original and Amended Complaints and by Plaintiff's Amended Initial Disclosures.

Subject to the foregoing objections and without waiving same, pursuant to Fed. R. Civ. P. 33(d), Defendant will produce non-privileged, responsive documents pursuant to the Court's Protective Order that will govern the exchange of confidential information between the parties in this matter.

Defendant expressly reserves the right to supplement and/or amend its response to this interrogatory.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to Defendant's original objections to Interrogatory No. 2, and without waiving same, pursuant to Fed. R. Civ. P. 33(d), please see documents bates-numbered CITY_000081-914; CITY_000986-1020.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce the employment files for the following persons, including each person's disciplinary file, employee evaluations, any and all complaints directed against each during their employment with the city, and current employment status, to-wit: (a) Rhett Charles; (b) Jenerio Sanders; (b) Rannie Mushatt; (c) Walter Powers; (d) Arlinda Westbrook; (e) Raymond Burkart, Sr.; (f) Michael Harrison; (g) Shannon Reeves.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case because it seeks, among other things, personnel records from broad range of time concerning the Individual Defendants, and seeks highly confidential employment and other information that is highly invasive to the rights of these individuals and seeks information that is not relevant or proportional to the needs of the case. Defendant objects to this request on the basis that it is premature in light of the pending Motion to Dismiss Complaint (R. Doc. 27) and Motion to Dismiss First Amended Complaint (R. Doc. 78). Specifically, Defendant maintains that Plaintiff has not stated any claims against these individual defendants in the Complaint or the First Amended Complaint, such that they are not proper parties to the Complaint or First Amended Complaint. Plaintiff has conceded that all claims against the Individual Defendants under Title VII and the ADA should be dismissed. Plaintiff's remaining claim against the Individual Defendants under Section 1983 do not expressly assert that Plaintiff is suing these Individual Defendants in their individual capacities. To the

extent that these individual defendants are being sued in their individual capacities, they are protected by the doctrine of qualified immunity. To the extent Plaintiff is suing the Individual Defendants in their official capacities as current or former public officials of the City, it is deemed to be a suit against the City and therefore redundant and subject to dismissal.

Defendant also objects to the request on the basis that it is vague. Specifically, the terms "employment files," "disciplinary file," and "complaints" as used in the request are undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the request on the basis that it is overbroad in time and scope because it is not limited to the time frame relevant to this case (2014-2018) and Plaintiff was employed by the City for over 15 years. Defendant also objects to the request on the basis that it is overbroad in scope because it seeks documents concerning "any and all complaints directed against" the identified Individual Defendants who are not Plaintiff and this case is brought on an individual, not collective, basis and asserts claims under the ADA, Title VII, and Section 1983.

As to Plaintiff, subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request. Defendant will produce non-privileged, responsive documents pursuant to the Court's Protective Order that will govern the exchange of confidential information between the parties in this matter.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

Subject to Defendant's original objections to Request No. 1, and without waiving same, please see documents bates-numbered CITY_000081- 914; CITY_000986-1020.

**REQUEST NO. 3:** Please produce a copy of the New Orleans Police Department's Disciplinary Matrix between the years 2010-2020.

**RESPONSE TO REQUEST NO. 3:**

- 4 -

Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Defendant objects to the request on the basis that it is vague. Specifically, the term "Disciplinary Matrix" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Subject to the foregoing objections and without waiving same, see documents bates-numbered CITY 000006-29. Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Subject to Defendant's original objections to Request No. 3, and without waiving same, please see documents bates-numbered CITY_000915-961; CITY_001052-1089.

**REQUEST NO. 4:** Please produce a copy of the New Orleans Police Department's Sexual Harassment Policy for the years 2010-2020.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections and without waiving same, see documents bates-numbered CITY 000030-61. Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Subject to Defendant's original objections to Request No. 4, and without waiving same, please also see documents bates-numbered CITY_001090-13159.

**REQUEST NO. 6:** Please produce a copy of the New Orleans Police Department's policy with regard to disabilities and accommodation of employees from the year 2010-2020.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections and without waiving same, see documents bates-numbered CITY 000030-49; 62-80. Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Subject to Defendant's original objections to Request No. 6, and without waiving same, please also see documents bates-numbered CITY_001090-13159.

**REQUEST NO. 7:** Please produce a copy of any and all complaints of sexual discrimination and sexual harassment received by you [City of New Orleans] from Plaintiff during the course of her employment with the Defendant.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to the request on the basis that it is vague. Specifically, the term "complaints" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Subject to Defendant's original objections to Request No. 7, and without waiving same, please also see documents bates-numbered CITY_000081- 914; CITY_000986-1020.

**REQUEST NO. 8:** Please produce a copy of any and all request for accommodation submitted to you by Plaintiff and/or any representative of Plaintiff [doctor/lawyer, etc.] during the course of Plaintiff's employment with the City.

**RESPONSE TO REQUEST NO. 8:**

Defendant also objects to the request on the basis that it is vague, undefined, and calls for a legal conclusion. Specifically, the term "request for accommodation" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to Defendant's original objections to Request No. 8, and without waiving same, please also see documents bates-numbered CITY_000081- 914; CITY_000986-1020.

**REQUEST NO. 15:** Please produce a copy of the Department's Policy and Procedures Manual for the years 2015-2020.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:**

Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Defendant objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

- 8 -

Defendant also objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections, and without waiving same, please also see documents bates-numbered CITY_001090-13159.

**REQUEST NO. 17:** Please produce the compensation pay schedule for police officers with the Department from the year of Plaintiff's hire to present.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to the request on the basis that it seeks documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Defendant also objects to the request on the basis that it is vague. Specifically, the term "compensation pay schedule" as used in the request is undefined and unspecified and may be interpreted to have many different meanings.

Defendant also objects to the request on the basis that it is overbroad because it is not limited to the time frame relevant to this case (2014-2018).

Finally, Defendant objects to the request on the basis that the information sought by Plaintiff in this request is, or should be, in the possession, custody, and/or control, as reflected by Plaintiff's Amended Disclosures.

Subject to the foregoing objections and without waiving same, Defendant reserves the right to supplement and/or amend its response to this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to Defendant's original objections to Request No. 17, and without waiving same, please also see documents bates-numbered CITY_001020-1051.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Kim M. Boyle*
    KIM M. BOYLE (#18133)
    BRANDON DAVIS (#29823)
    REBECCA SHA (#35317)
    365 Canal Street • Suite 2000
    New Orleans, Louisiana 70130-6534
    Telephone: (504) 566-1311
    Telecopier: (504) 568-9130
    kim.boyle@phelps.com
    brandon.davis@phelps.com
    rebecca.sha@phelps.com

**ATTORNEYS FOR DEFENDANTS THE CITY OF NEW ORLEANS, PAUL NOEL, ARLINDA WESTBROOK, JENERIO SANDERS, WALTER POWERS, RANNIE MUSHATT, AND MICHAEL HARRISON**

## **CERTIFICATE OF SERVICE**

This will certify the City of New Orleans First Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production was forwarded to all counsel of record by electronic transmission, on this the _____ day of June, 2020, to-wit:

| | |
|---|---|
| Ellyn J. Clevenger (#32395)<br>Wendy Manard (#29622)<br>1100 Poydras Street Suite 2610<br>New Orleans, Louisiana 70163<br>ellynclevenger@gmail.com | William L. Goode<br>The Goode Law Firm, LLC<br>P. O. Box 3366<br>Lafayette, Louisiana 70501<br>bill@goodelawyer.com |
| Eric Hessler<br>Attorney At Law<br>2802 Tulane Avenue<br>New Orleans, Louisiana 70119<br>hessler.law@gmail.com | Raymond C. Burkart, Jr. (#3673)<br>321 North Florida #104<br>Covington, Louisiana 70433<br>burkhartr@bellsouth.net |

                                              */s/ Kim M. Boyle*
                                              KIM M. BOYLE (#18133)
                                              BRANDON DAVIS (#29823)
                                              REBECCA SHA (#35317)