

**Mitchell J. Landrieu**
MAYOR

# CITY OF NEW ORLEANS
# DEPARTMENT OF POLICE

715 South Broad Street
New Orleans, LA 70119

*"to protect and to serve"*



**Ronal W. Serpas, Ph.D.**
SUPERINTENDENT

March 12, 2013

Police Officer IV Shannon T. Reeves
13337 Curran Road
New Orleans, Louisiana 70128

Dear Officer Reeves:

You are hereby instructed to appear before Deputy Superintendent Stephanie M. Landry, UNARMED and in court attire, on **Tuesday, March 26, 2013, at 10:00 A.M.**, at NOPD Headquarters, 715 South Broad Street, New Orleans, Louisiana, in the Management Services Bureau's conference room, Room 159, first floor. This will be a continuation of your original Rule IX Hearing, conducted under file number 24-2012, on Wednesday, December 19, 2012. During this continued administrative hearing, you may present any information and/or documentation regarding your current or future ability to perform the full duties of your classified Civil Service position and your willingness to do so. You may have counsel or another representative or both present during this meeting. You may take notes or tape record this meeting. Rule IX Hearings are administrative and not disciplinary in nature.

Please read the enclosed Police Officer's Bill of Rights and NOPD Rule 2: Moral Conduct; Paragraph 3: Honesty and Truthfullness. You will be asked to sign another copy acknowledging them at your hearing. Please contact the Administrative Duties Division office prior to Monday, March 25, 2013, at 504-658-5225, or by e-mail jjjohnson@nola.gov, to inform Sergeant Jeffrey J. Johnson of the number of persons, including yourself, who will appear on your behalf at your hearing. A continuation will not be granted due to your tardiness or that of your representative. This hearing may be held in absentia unless you have obtained specific written permission from Deputy Superintendent Stephanie M. Landry.

Sincerely,

Ronal W. Serpas
Superintendent of Police

RWS:jjj

**PLAINTIFF'S EXHIBIT 8**

CITY_000081

NOPD Rule 2: Moral Conduct; Paragraph 3: Honesty and Truthfulness states: Employees are required to be honest and truthful at all times, in their spoken, written, or electronic communications. Truthfulness shall apply when an employee makes a materially false statement with the intent to deceive. A statement is material when, irrespective of its admissibility under the rules of evidence, it could have affected the course or outcome of an investigation or an official proceeding, whether under oath or not, in all matters and official investigations relating to the scope of their employment and operations of the Department, as follows:

a. employees shall truthfully state the facts in any oral, written, or electronic communication;
b. employees shall not willfully or negligently make any false, misleading, or incorrect oral, written, or electronic communication;
c. employees shall not willfully or negligently withhold relevant information of which they have knowledge, from any oral, written, or electronic communication;
d. employees shall truthfully answer all questions directed to them on the order of the Superintendent of Police, the Superintendent's designee, a superior officer, or any judicial, departmental, or other official investigative body.

This regulation does not prohibit using accepted practices in interrogation techniques governed by Federal and/or State Court rulings.

Confidential - Subject to Protective Order
Case 2:19-cv-10766-GGG-MBN Document 119-8 Filed 06/15/20 Page 3 of 11



# DEPARTMENT OF POLICE

715 South Broad Street
New Orleans, Louisiana 70119

*"to protect and to serve"*



LATOYA CANTRELL
MAYOR

MICHAEL S. HARRISON
SUPERINTENDENT

May 23, 2018

Shannon Reeves
13337 Curran Rd.
New Orleans, LA 70128

Ms. Reeves:

On Tuesday, May 22, 2018, a New Orleans Police Department continuation hearing, relative to the City of New Orleans Civil Service Rule IX, Section 1: Maintaining Standards of Service, file number 05-2015, was administered by Commander Derek Frick of the New Orleans Police Department, Management Services Bureau, at NOPD Headquarters, 715 South Broad Street, New Orleans, Louisiana. This hearing was conducted to allow you to discuss your future with NOPD.

You attended the hearing and were represented by Attorney Ellyn Clevenger. Representing the New Orleans Police Department were Commander Derek Frick, Major Raymond Burkart Jr., and MDS I Derrick Jolly. Also in attendance, representing the Third Party Administrator for Workers' Compensation for the City of New Orleans, was Mr. Troy Gray of Corvel Corporation. Prior to the hearing, you signed a copy of the Police Officer's Bill of Rights, Louisiana Revised Statute 40:2531, acknowledging you understood your rights. You also acknowledged you understood the hearing was administrative and not disciplinary in nature.

Rule IX addresses corrective actions the appointing authority may take when an employee in the classified service is unable or unwilling to perform the duties of that position in a satisfactory manner, and Rule IX was read into the record. The City of New Orleans Civil Service Commission Rule IX, Section 1: Maintaining Standards of Service states:

## RULE IX
## DISCIPLINARY ACTIONS
### Section 1. MAINTAINING STANDARDS OF SERVICE

1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. This action may include one or more of the following:
1.) Removal from the service
2.) Involuntary retirement

3.) Reduction in pay in the salary range within the salary range for the employee's classification, subject to the provision of Rule IV, Section 8.
4.) Demotion to a position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8
5.) Suspension without pay not exceeding one hundred twenty (120) calendar days.
6.) Fine

On Friday, May 9, 2014, at 1:11pm, you notified the Second District Desk Officer (Nicole Honore) that you were sick and were not reporting for duty. The call was documented as per departmental procedure on a Form 109-R. The reason you provided for your absence was a Migraine Headache.

On Monday, May 12, 2014, at approximately 2:25pm, you arrived at the Second District Station and met with Lieutenant Jenerio C. Sanders, the Second District Platoon Commander. During the meeting you informed Lieutenant Sanders that you were ill and receiving medical care. As a result of your on-going medical treatment, your treating practitioner informed you that you will be unable to return to work for a period of six months.

You further explained to Lieutenant Sanders that you believed your medical issue was a result of a job related injury. You told him that your injury was diagnosed on May 8, 2014 and was believed to be a result of an action or several actions initiated by a superior officer within the New Orleans Police Department.

Lieutenant Sanders documented all allegations in an incident report under item number E-17434-14 and completed a First Report of Injury in your name.

Since being transferred to the Administrative Duties Division you have provided multiple Physicians' Examination Certification Forms (Form 50's) signed by LCSW Eliot Levin from May 12, 2014 – April 27, 2018. All of these documents noted the following diagnosis: PTSD, anxiety, stress, and depression. You also suffered from migraines which you went to the doctor for as well. Additionally, you have been working limited duty on and off from the time you transferred to The Administrative Duties Division on May 18, 2014 – present.

Upon reviewing your form 50's from the time period of September 7, 2016 – April 27, 2018, LCSW Eliot Levin has given multiple estimated full duty return dates. You have not been able to return back to full duty on any of the given estimated return dates.

The most recent Physician's Examination Certificate Form (Form 50) signed by LCSW Eliot Levin, indicated you are "ABLE TO RETURN TO LIMITED DUTY WITH THE FOLLOWING RESTRICTIONS ON: 4/28/2018." Based on the information provided on the Form 50's, your medical prognosis has NOT changed since transferring to The Administrative Duties Division on May 18, 2014. Thus it should be noted that the New Orleans Police Department does not have any permanent Limited/Light Duty assignments. You have not worked in a Full Duty capacity since May 6, 2014.

Commander Derek Frick informed you that based on the fact that your medical prognosis has not changed since entering The Administrative Duties Division on May 18, 2014, that you are not able to function in the capacity of a New Orleans police officer. His recommendation to the Superintendent of Police, Michael S. Harrison, would be that you are removed from service with the New Orleans Police Department via *Termination of Service*.

After a thorough and complete review of information and documentation presented, I adopt Commander Derek Frick's recommendation. Therefore, due to your inability to perform full duties expected as a New Orleans Police Officer, you are hereby notified that you are removed from the service of the New Orleans Police Department, effective Wednesday, May 23, 2018.

You are advised that you may have a right to appeal this decision to the City of New Orleans Civil Service Commission within thirty (30) days of the date of this letter.

There may be other positions with the City of New Orleans that you may qualify for. It is your responsibility to seek such accommodations with the Public and Employee Relations Division by contacting the City of New Orleans Civil Service Department at (504) 658-3500.

You should contact the New Orleans Police Department Human Resources Division at (504) 658-5400, for information on the status of any fringe benefits due to you. You are also instructed to return any and all departmentally-owned and issued equipment immediately, obtain a receipt for this property and present the receipt to the Human Resources Division. A copy of this letter will be retained in your personnel file.

Sincerely,

Michael S. Harrison
Superintendent of Police

MSH: dkj

Cc: Department of Civil Service
    NOPD Pension Board
    NOPD Human Resources
    Operations Bureau
    Commander, ADD
    Public Integrity Bureau

Confidential - Subject to Protective Order
Case 2:19-cv-10766-GGG-MBN   Document 119-8   Filed 06/15/20   Page 6 of 11



Mitchell J. Landrieu
MAYOR

CITY OF NEW ORLEANS
# DEPARTMENT OF POLICE
715 South Broad Street
New Orleans, LA  70119

*"to protect and to serve"*



Ronal W. Serpas, Ph.D.
SUPERINTENDENT

June 6, 2013

Police Officer IV Shannon T. Reeves
13337 Curran Road
New Orleans, Louisiana 70128

Dear Officer Reeves:

    You are hereby instructed to appear before Deputy Superintendent Stephanie M. Landry, UNARMED and in court attire, on **Tuesday, June 18, 2013, at 10:00 A.M.**, at NOPD Headquarters, 715 South Broad Street, New Orleans, Louisiana, in the Management Services Bureau's conference room, Room 159, first floor. This will be a continuation of your original Rule IX Hearing, conducted under file number 24-2012, on Tuesday, March 26, 2013. During this continued administrative hearing, you may present any information and/or documentation regarding your current or future ability to perform the full duties of your classified Civil Service position and your willingness to do so. You may have counsel or another representative or both present during this meeting. You may take notes or tape record this meeting. Rule IX Hearings are administrative and not disciplinary in nature.

    Please read the enclosed Police Officer's Bill of Rights and NOPD Rule 2: Moral Conduct; Paragraph 3: Honesty and Truthfullness. You will be asked to sign another copy acknowledging them at your hearing. Please contact the Administrative Duties Division office prior to Monday, June 17, 2013, at 504-658-5225, or by e-mail jjjohnson@nola.gov, to inform Sergeant Jeffrey J. Johnson of the number of persons, including yourself, who will appear on your behalf at your hearing. A continuation will not be granted due to your tardiness or that of your representative. This hearing may be held in absentia unless you have obtained specific written permission from Deputy Superintendent Stephanie M. Landry.

Sincerely,

Ronal W. Serpas
Superintendent of Police

BY: Stephanie M. Landry
Deputy Superintendent
Management Services Bureau

RWS:jjj

CITY_000086

# CHAPTER 25. RIGHTS OF LAW ENFORCEMENT OFFICERS WHILE UNDER INVESTIGATION

§2531. Applicability; minimum standards during investigation; penalties for failure to comply

A. The provisions of this Chapter shall only apply to police employees as defined by R.S. 40:1372(5) and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal.

B. Whenever a police employee or law enforcement officer is under investigation, the following minimum standards shall apply:

(1) The police employee or law enforcement officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation and the identity and authority of the person conducting such investigation, and at the commencement of any interrogation, such officer shall be informed as to the identity of all persons present during such interrogation. The police employee or law enforcement officer shall be allowed to make notes.

(2) Any interrogation of a police employee or law enforcement officer in connection with an investigation shall be for a reasonable period of time and shall allow for reasonable periods for the rest and personal necessities of such police employee or law enforcement officer.

(3) All interrogations of any police employee or law enforcement officer in connection with the investigation shall be recorded in full. The police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.

(4)(a) The police employee or law enforcement officer being questioned, whether as a target or as a witness in an administrative investigation, shall have the right to be represented by counsel, other representative, or both, of the police employee or law enforcement officer's choice.

(b) The police employee or law enforcement officer shall be granted up to thirty days to secure such representation, during which time all questioning shall be suspended.

(c) The police employee or law enforcement officer's representative or counsel shall be allowed to offer advice to the employee or officer and make statements on the record regarding any question asked of the employee or officer at any interrogation, interview, or hearing in the course of the investigation.

(5) No statement made by the police employee or law enforcement officer during the course of an administrative investigation shall be admissible in a criminal proceeding.

(6) Repealed by Acts 2008, No. 654, §2.

(7) When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.

(8) In the case of a police employee who is a member of the State Police Service as set forth in Article X, Section 41 of the Louisiana Constitution of 1974, the appointing authority may petition the State Police Commission, or its executive director, for an extension of the time within which to complete the investigation. The State Police Commission, or its executive director, shall set the matter for hearing and shall provide notice of the hearing to the police employee who is under investigation. The police employee who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the State Police Commission, or its executive director, finds that the appointing authority has shown good cause for the granting of an extension of time within which to complete the investigation, the State Police Commission, or its executive director, shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon determination of the appointing authority to institute disciplinary action against the police employee or a determination of an unfounded or unsustained complaint. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

C. There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

Acts 1985, No. 425, §1; Acts 1991, No. 450, §1, eff. July 15, 1991; Acts 2001, No. 933, §1; Acts 2007, No. 91, §1; Acts 2007, No. 258, §2; Acts 2008, No. 249, §1; Acts 2008, No. 654, §§1, 2.

WITH MY SIGNATURE BELOW, I ACKNOWLEDGE RECEIPT OF THIS INFORMATION.

_____                    _____
SIGNATURE                                               DATE RECEIVED

_____
PRINT NAME
(NOTE: RULE IX HEARINGS ARE NOT DISCIPLINARY IN NATURE)

NOPD Rule 2: Moral Conduct; Paragraph 3: Honesty and Truthfulness states: Employees are required to be honest and truthful at all times, in their spoken, written, or electronic communications. Truthfulness shall apply when an employee makes a materially false statement with the intent to deceive. A statement is material when, irrespective of its admissibility under the rules of evidence, it could have affected the course or outcome of an investigation or an official proceeding, whether under oath or not, in all matters and official investigations relating to the scope of their employment and operations of the Department, as follows:
a. employees shall truthfully state the facts in any oral, written, or electronic communication;
b. employees shall not willfully or negligently make any false, misleading, or incorrect oral, written, or electronic communication;
c. employees shall not willfully or negligently withhold relevant information of which they have knowledge, from any oral, written, or electronic communication;
d. employees shall truthfully answer all questions directed to them on the order of the Superintendent of Police, the Superintendent's designee, a superior officer, or any judicial, departmental, or other official investigative body.
This regulation does not prohibit using accepted practices in interrogation techniques governed by Federal and/or State Court rulings.

Confidential - Subject to Protective Order
Case 2:19-cv-10766-GGG-MBN   Document 119-8   Filed 06/15/20   Page 9 of 11




**CITY OF NEW ORLEANS**

# DEPARTMENT OF POLICE

715 South Broad Street
New Orleans, LA 70119

*"to protect and to serve"*

Mitchell J. Landrieu
MAYOR

Ronal W. Serpas, Ph.D.
SUPERINTENDENT

September 19, 2013

Police Officer IV Shannon T. Reeves
13337 Curran Road
New Orleans, Louisiana 70128

Dear Officer Reeves:

You are hereby instructed to appear before Deputy Superintendent Stephanie M. Landry, UNARMED and in court attire, on **Tuesday, October 8, 2013, at 9:30 A.M.**, at NOPD Headquarters, 715 South Broad Street, New Orleans, Louisiana, in the Management Services Bureau's conference room, Room 159, first floor. This will be a continuation of your original Rule IX Hearing, conducted under file number 24-2012, on Tuesday, June 18, 2013. During this continued administrative hearing, you may present any information and/or documentation regarding your current or future ability to perform the full duties of your classified Civil Service position and your willingness to do so. You may have counsel or another representative or both present during this meeting. You may take notes or tape record this meeting. Rule IX Hearings are administrative and not disciplinary in nature.

Please read the enclosed Police Officer's Bill of Rights and NOPD Rule 2: Moral Conduct; Paragraph 3: Honesty and Truthfullness. You will be asked to sign another copy acknowledging them at your hearing. Please contact the Administrative Duties Division office prior to Monday, October 7, 2013, at 504-658-5225, or by e-mail jjjohnson@nola.gov, to inform Sergeant Jeffrey J. Johnson of the number of persons, including yourself, who will appear on your behalf at your hearing. A continuation will not be granted due to your tardiness or that of your representative. This hearing may be held in absentia unless you have obtained specific written permission from Deputy Superintendent Stephanie M. Landry.

Sincerely,

Ronal W. Serpas
Superintendent of Police

RWS:jjj

CITY_000089

# CHAPTER 25. RIGHTS OF LAW ENFORCEMENT OFFICERS WHILE UNDER INVESTIGATION

§2531. Applicability; minimum standards during investigation; penalties for failure to comply

A. The provisions of this Chapter shall only apply to police employees as defined by R.S. 40:1372(5) and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal.

B. Whenever a police employee or law enforcement officer is under investigation, the following minimum standards shall apply:

(1) The police employee or law enforcement officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation and the identity and authority of the person conducting such investigation, and at the commencement of any interrogation, such officer shall be informed as to the identity of all persons present during such interrogation. The police employee or law enforcement officer shall be allowed to make notes.

(2) Any interrogation of a police employee or law enforcement officer in connection with an investigation shall be for a reasonable period of time and shall allow for reasonable periods for the rest and personal necessities of such police employee or law enforcement officer.

(3) All interrogations of any police employee or law enforcement officer in connection with the investigation shall be recorded in full. The police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.

(4)(a) The police employee or law enforcement officer being questioned, whether as a target or as a witness in an administrative investigation, shall have the right to be represented by counsel, other representative, or both, of the police employee or law enforcement officer's choice.

(b) The police employee or law enforcement officer shall be granted up to thirty days to secure such representation, during which time all questioning shall be suspended.

(c) The police employee or law enforcement officer's representative or counsel shall be allowed to offer advice to the employee or officer and make statements on the record regarding any question asked of the employee or officer at any interrogation, interview, or hearing in the course of the investigation.

(5) No statement made by the police employee or law enforcement officer during the course of an administrative investigation shall be admissible in a criminal proceeding.

(6) Repealed by Acts 2008, No. 654, §2.

(7) When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.

(8) In the case of a police employee who is a member of the State Police Service as set forth in Article X, Section 41 of the Louisiana Constitution of 1974, the appointing authority may petition the State Police Commission, or its executive director, for an extension of the time within which to complete the investigation. The State Police Commission, or its executive director, shall set the matter for hearing and shall provide notice of the hearing to the police employee who is under investigation. The police employee who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the State Police Commission, or its executive director, finds that the appointing authority has shown good cause for the granting of an extension of time within which to complete the investigation, the State Police Commission, or its executive director, shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon determination of the appointing authority to institute disciplinary action against the police employee or a determination of an unfounded or unsustained complaint. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

C. There shall be no discipline, demotion, dismissal, or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal, or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

Acts 1985, No. 425, §1; Acts 1991, No. 450, §1, eff. July 15, 1991; Acts 2001, No. 933, §1; Acts 2007, No. 91, §1; Acts 2007, No. 258, §2; Acts 2008, No. 249, §1; Acts 2008, No. 654, §§1, 2.

WITH MY SIGNATURE BELOW, I ACKNOWLEDGE RECEIPT OF THIS INFORMATION.

_____                              _____
SIGNATURE                                                       DATE RECEIVED

_____
PRINT NAME
(NOTE: RULE IX HEARINGS ARE NOT DISCIPLINARY IN NATURE)

NOPD Rule 2: Moral Conduct; Paragraph 3: Honesty and Truthfulness states: Employees are required to be honest and truthful at all times, in their spoken, written, or electronic communications. Truthfulness shall apply when an employee makes a materially false statement with the intent to deceive. A statement is material when, irrespective of its admissibility under the rules of evidence, it could have affected the course or outcome of an investigation or an official proceeding, whether under oath or not, in all matters and official investigations relating to the scope of their employment and operations of the Department, as follows:

a. employees shall truthfully state the facts in any oral, written, or electronic communication;
b. employees shall not willfully or negligently make any false, misleading, or incorrect oral, written, or electronic communication;
c. employees shall not willfully or negligently withhold relevant information of which they have knowledge, from any oral, written, or electronic communication;
d. employees shall truthfully answer all questions directed to them on the order of the Superintendent of Police, the Superintendent's designee, a superior officer, or any judicial, departmental, or other official investigative body.

This regulation does not prohibit using accepted practices in interrogation techniques governed by Federal and/or State Court rulings.