UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON REEVES                                    CIVIL ACTION

VERSUS                                            NO: 19-10766

CITY OF NEW ORLEANS, ET AL                        SECTION: T


## ORDER

Before the Court are four related motions to dismiss: (1) Defendants' Rule 12(b)(6) Motion to Dismiss[1] filed by the City of New Orleans and Individual Defendants, Paul Noel, Jenerio Sanders, Stephanie Landry, Christopher Johnson, Walter Powers, Michael Harrison and Arlinda Westbrook; (2) Defendant's Rule 12(b)(6) Motion to Dismiss[2] filed by Rannie Mushatt; (3) Defendants' 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint[3] filed by the City of New Orleans and Individual Defendants, Paul Noel, Jenerio Sanders, Walter Powers, Michael Harrison, Rannie Mushatt, and Arlinda Westbrook; and (4) Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint[4] filed by Rhett Charles. Shannon Reeves ("Plaintiff") has filed opposition memoranda to the motions.[5] For the following reasons, the motions to dismiss are **GRANTED IN PART** and **DENIED IN PART**.

## FACTUAL BACKGROUND

Plaintiff, a former female police officer, has filed suit against the City of New Orleans and a number of Individual Defendants for alleged sexual harassment and hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, and for failure to accommodate and

---

[1] R. Doc. 27.
[2] R. Doc. 38.
[3] R. Doc. 78.
[4] R. Doc. 80.
[5] R. Docs. 44 and 83.

retaliation under the Americans with Disabilities Act, 42 U.S.C. § 126, *et seq*. On April 20, 2017, Plaintiff submitted her initial intake questionnaire to the Equal Employment Opportunity Commission ("EEOC"), which was assigned the number 461-2017-01099. The charge form lists the bases for the charge as "Sex," "Disability," and "Retaliation."[6] Plaintiff alleged in the charge form that the actions were "ongoing," and listed the following as disabilities: "1. PTSD, 2. Migraines limiting exposure to lighting in work space, 3. Anxiety, 4. Depression, 5. High blood pressure, 6. Mental effects of Sexual Abuse and Ridicule by co-worker."[7]

On April 24, 2017, the EEOC forwarded a Notice of Charge of Discrimination of Charge No. 461-2017-01099 to the New Orleans Police Department ("NOPD") identifying Plaintiff as the charging party and stating that "[w]ithin 60 days, a perfected charge (EEOC Form 5) will be available for you to view and download from the EEOC Respondent Portal once it has been received from the Charging Party."[8] The notice did not include any charge of discrimination and did not require a response from the NOPD.

On January 28, 2018, Plaintiff contends she transmitted a "Supplemental Complaint of Retaliation" to the EEOC.[9] The supplement addressed retaliatory action taken by Plaintiff's employer since the date of filing of the charge and described the "punishment" imposed on Rhett Charles, the ongoing harassment and hostility by co-workers, the withholding of pay and pension benefits, and the problems Plaintiff encountered in communicating with supervising officers.[10] Plaintiff contends she participated in a two-hour telephone interview with the EEOC investigator regarding the facts contained in that supplement, and that the EEOC assigned a separate charge

---

[6] R. Doc. 44-1.
[7] R. Doc. 44-1.
[8] R. Doc. 27-2.
[9] R. Doc. 44-2.
[10] R. Doc. 44-2.

number (461-2018-02385) to instances of retaliatory conduct occurring after the date of filing the initial charge.

On September 14, 2018, Plaintiff filed two EEOC Charges (No. 461-2017-01099 and No. 461-2018-02385) against the NOPD.[11] In Charge No. 461-2017-01099, Plaintiff alleges she was subjected to discrimination based on sex, disability, and retaliation from June 30, 2016 through December 21, 2017.[12] Plaintiff claims she had "ongoing medical conditions which the New Orleans Police Department are aware of," and that she "provided several doctors notes that asked for Reasonable Accommodations," which were denied.[13] Plaintiff also alleges that, on November 23, 2016, Officer Troy Williams reported to Sergeant Powers that Defendant Charles was sexually harassing females in the office, including the Plaintiff.[14] Plaintiff claims that she made a written complaint in January 2017, and that Defendant Charles was transferred to another district.[15] Plaintiff further alleges that the investigation into Defendant Charles was completed in April 2017, and he was suspended and demoted.[16]

In her second charge, Charge No. 461-2018-02385, Plaintiff alleges she was subjected to discrimination based on sex, disability, and retaliation from March 1, 2018 through May 22, 2018.[17] Plaintiff alleges that after she complained about Defendant Charles sexually harassing her and the denial of her requests for accommodation, she endured a hostile work environment, intimidation, and was eventually discharged.[18] Plaintiff claims that she discovered that "her retirement pay has not [been] taken out since 2015," and that she had been listed as terminated

---

[11] R. Doc. 44-3 and 44-4.
[12] R. Doc. 44-3.
[13] R. Doc. 44-3.
[14] R. Doc. 44-3.
[15] R. Doc. 44-3.
[16] R. Doc. 44-3.
[17] R. Doc. 44-4.
[18] R. Doc. 44-4.

since March 2015." [19] Plaintiff alleges that on May 22, 2018, she received a notice about a Rule 9 hearing where two workman's compensation employees were present. After deliberation, Plaintiff was informed that she was being discharged due to her inability to perform her job. [20] Plaintiff alleges that after she was discharged, Defendant Charles went online and commented about her firing. Plaintiff claims that the workman's compensation company informed her she was discharged because she could not perform her job, and contends she was retaliated against for filing her previous EEOC complaint No. 461-2017-01099. [21]

On November 16, 2018, NOPD prepared a Response/Position Statement to EEOC Charge Number 461-2017-01099.[22] On December 9, 2018, Plaintiff submitted a reply to the assertions contained in the NOPD's November 16, 2018 letter.[23] On February 15, 2019, Plaintiff requested issuance of a Right to Sue Letter with respect to both charges.[24] On February 25, 2019, the EEOC issued both Right to Sue Letters.[25]

## PROCEDURAL BACKGROUND

On May 27, 2019, Plaintiff initiated this action alleging sexual harassment and hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, and for failure to accommodate and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 126, *et seq.*[26]

### A.  Americans with Disabilities Act Claim

Plaintiff's complaint alleges that she suffers from post-traumatic stress disorder, depression, and anxiety, and that she gets severe migraine headaches triggered by fluorescent

---

[19] R. Doc. 44-4.
[20] R. Doc. 44-4.
[21] R. Doc. 44-4.
[22] R. Doc. 44-5.
[23] R. Doc. 44-6.
[24] R. Doc. 44-8.
[25] R. Doc. 44-9.
[26] R. Doc. 1.

lights, which limits her ability to perform her job.[27] Plaintiff alleges that on July 13, 2015, a counselor treating Plaintiff wrote a letter requesting accommodations for Plaintiff's anxiety and depression, but Plaintiff claims that the request was ignored. Plaintiff also alleges that on September 24, 2015, Plaintiff's treating neurologist wrote a letter advising NOPD that Plaintiff was restricted from working under fluorescent lights due to her condition, but that Defendant Landry refused to read the letter. Plaintiff also alleges that in late 2016, she was moved to an administrative position in an office in the basement that was isolated and involved processing paperwork. Plaintiff claims that she preferred this position, but that she was transferred in February 2017 to the front desk at NOPD headquarters where the workplace was filled with fluorescent lighting. Plaintiff alleges that she had a conversation with Defendant Harrison about her migraines and accommodation, but he directed her to bring her request to the appropriate chain of command.

### B. Sexual Harassment Claim

Plaintiff also claims she was subjected to sexual harassment by Defendant Charles, her then supervisor, on February, March, June, and July 2016 in the form of verbal comments and touching,[28] and that she made an initial complaint regarding Defendant Charles's alleged conduct on November 23, 2016. Plaintiff states that she initiated the complaint after a male NOPD officer, Troy Williams, filed a complaint against Defendant Charles wherein Troy Williams indicated Defendant Charles had been sexually harassing females in the unit. Defendant Johnson investigated Plaintiff's complaint beginning in December 2016. Plaintiff also allegedly reported the harassment to Defendant Price at the New Orleans Independent Police Monitor. Plaintiff alleges that on December 7, 2016, she provided audio recordings of Defendant Charles to Defendant Johnson, the investigator. Plaintiff alleges that she initiated her complaint on November

---

[27] R. Doc. 1, p.12.
[28] R. Doc. 1 at ¶¶ 30-46.

23, 2016, and that Defendant Charles was transferred "within a few days after Plaintiff reached out" to a clinical social worker for help. Plaintiff claims that NOPD took a year to investigate her complaint against Defendant Charles.

On August 1, 2017, Plaintiff allegedly had a meeting with Defendant Westbrook and Defendant Johnson, the investigator, where Plaintiff was informed that her complaint of sexual harassment against Defendant Charles was not valid and that complaints of other women could not be considered. Plaintiff contends that in November 2017, Defendant Charles received a one-day suspension as a reprimand for sexually harassing Plaintiff and was demoted from the rank of Sergeant to Police Officer. Plaintiff alleges that several Individual Defendants all failed to take action to adequately or properly train or supervise Defendant Charles or to prevent the incident or take corrective actions including implementing a policy on sexual harassment.

### C.  Retaliation Claim

Plaintiff alleges that she was retaliated against for making her complaint of sexual harassment in November 2016 against Defendant Charles and for requesting ADA accommodations in 2015 and 2016. Plaintiff alleges that after she made her November 2016 complaint, a NOPD employee, Sergeant Kenneth Quetant stopped speaking with her, and that on July 21, 2017, two female NOPD officers, Caroline Dalton and Angel Clemons, spoke loudly about people making complaints. When Plaintiff confronted the two officers on July 24, 2017, they confirmed they had problems with her because she was responsible for getting people in trouble and for recording people. Plaintiff also alleges that certain unnamed male officers made comments to her such as "I'd better be careful around you or you'll file a complaint on me,"[29] and that she

---

[29] R. Doc. 1, pp. 21-22.

should watch her back. Plaintiff also claims that NOPD failed to keep her complaint confidential or to protect her medical information.

Plaintiff alleges that after making her complaints in 2015 and 2016, she was transferred to several different positions, including the position that suited her requested accommodations in late 2016, but that she was transferred out of that position to work the headquarters front desk in February 2017. Plaintiff also alleges that after making her complaints in 2015 and 2016, her pay was withheld on several occasions. Plaintiff further alleges that in January 23, 2018, her employer reported to her pension plan that she had been terminated from her job and that she discovered that no payments had been made to her pension since early 2015. Plaintiff alleges that these actions were taken after she complained that Defendant Albert allegedly disclosed her medical information to his girlfriend.  Plaintiff alleges that she was terminated on May 16, 2018, for inability to perform her job duties for medical reasons.

### D.  Motions to Dismiss

The Rule 12(b)(6) Motion to Dismiss[30] filed by the City of New Orleans and Individual Defendants, Paul Noel, Jenerio Sanders, Stephanie Landry, Christopher Johnson, Walter Powers, Michael Harrison, and Arlinda Westbrook seeks dismissal of all of Plaintiff's claims. Defendants contend that the Individual Defendants are improperly named as defendants and that Plaintiff's claims for discrimination and retaliation under Title VII and the ADA are untimely and barred by the applicable statute of limitations. Additionally, Defendants assert that Plaintiff has not exhausted her administrative remedies prior to filing suit against the City.

The Rule 12(b)(6) Motion to Dismiss[31] filed by Rannie Mushatt, likewise, contends that Mushatt, is improperly named as a defendant to this lawsuit as he is not an "employer" and that

---

[30] R. Doc. 27.
[31] R. Doc. 38.

Plaintiff cannot state a claim under Title VII and the ADA against Mushatt, such that all claims against Mushatt should be dismissed, with prejudice. Additionally, Rannie Mushatt asserts that Plaintiff's claims under Title VII and the ADA should also be dismissed, as untimely and barred by the applicable statute of limitations, and that Plaintiff did not exhaust her administrative remedies against her former employer prior to filing suit against the City.

The Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint[32] filed by the City of New Orleans and Individual Defendants, Paul Noel, Jenerio Sanders, Walter Powers, Michael Harrison, Rannie Mushatt, and Arlinda Westbrook asserts Plaintiff's First Amended Complaint has failed to state a claim against the City and the Individual Defendants. Specifically, Defendants claim Plaintiff has expressly conceded that she cannot sustain her claims against the Individual Defendants under Title VII and the ADA and that Plaintiff's §1983 claims are time-barred, such that she cannot proceed against any of the Defendants pursuant to §1983. Additionally, Defendants contend the Individual Defendants are clearly protected by qualified immunity, and Plaintiff has not alleged specific facts to establish municipal liability on behalf of the City.

The Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint[33] filed by Rhett Charles contends that Plaintiff's §1983 claims are time-barred and that Rhett Charles is protected by qualified immunity.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[34] Motions to dismiss for failure to state

---

[32] R. Doc. 78.
[33] R. Doc. 80.
[34] Fed. R. Civ. P. 12(b)(6).

a claim are viewed with disfavor and are rarely granted.[35] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[36] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[37] and the documents attached to the complaint.[38] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[39] which includes matters of public record.[40] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[41] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[42]

## A.  Individual Defendants

Defendants contend that dismissal of Plaintiff's claims against the named Individual Defendants is appropriate because the named Individual Defendants are not Plaintiff's "employer." The law is clear in the Fifth Circuit that there is no individual liability under Title VII.[43] Because Title VII prohibits an "employer" from discriminating on the basis of race, color, religion, sex, or national origin,[44] a plaintiff may not maintain a Title VII claim against the agents or employees of his employer.[45] Moreover, the district courts within the Fifth Circuit that have considered the issue

---

[35] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[37] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[38] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[39] *Lovelace v. Software Spectrum Inc*., 78 F.3d 1015, 1018 (5th Cir. 1996).

[40] *Norris v. Hearst Tr*., 500 F.3d 454, 461 n.9 (5th Cir. 2007).

[41] *Lovick v. Ritemoney Ltd*., 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).

[42] *Twombly*, 550 U.S. at 555.

[43] *See Ackel v. Nat'l Commc'ns, Inc*., 339 F.3d 376, 381 n. 1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities.").

[44] 42 U.S.C. § 2000e–2.

[45] *Smith v. Amedisys, Inc*., 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir. 1999).

have similarly concluded that there is no individual liability under the ADA.[46] Accordingly, Plaintiff's Title VII claims and ADA claims against the Individual Defendants are dismissed with prejudice.

### B.   Time-Barred and Failure to Exhaust Administrative Remedies

Defendants contend Plaintiff has failed to exhaust her administrative remedies because she has not timely filed her EEOC Charges within the relevant limitations period and because she has alleged ADA claims that are far outside of the scope of her EEOC Charge. It is well settled that "a court may entertain a Title VII lawsuit only if the aggrieved party has (1) exhausted his or her administrative remedies, and (2) has filed suit within the time permitted after receiving a 'notice of right to sue.'"[47] Exhaustion of administrative remedies is a prerequisite to filing suit under federal discrimination statutes.[48] Exhaustion occurs when a complainant timely files a charge of discrimination with the EEOC and receives a notice of right to sue.[49] A plaintiff's Title VII claims based on events that occurred more than 300 days before he filed his EEOC charge are time-barred.[50]

A claimant's "employment discrimination suit can be dismissed where it is not based on or related to the specific claims made in the plaintiff's Charge of Discrimination."[51] Accordingly, the scope of the complaint is limited to "'the discrimination stated in the charge itself or developed in the course of a reasonable [EEOC] investigation of that charge.'"[52] Thus, the failure to assert a

---

[46] *Franklin v. City of Slidell*, 928 F.Supp.2d 874, 882 (E.D. La. 2013); *Starkman v. Evans*, 18 F.Supp.2d 630, 632 (E.D.La. 1998) (finding that employee could not be held individually liable under the ADA); *Robertson v. Neuromedical Ctr.*, 983 F.Supp. 669, 670 n. 1 (M.D.La. 1997).
[47] *Taylor v. Books-A-Million*, 296 F.3d 376, 378-79 (5th Cir. 2002).
[48] *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).
[49] 42 U.S.C. §§ 2000e -5(e)(f).
[50] *O'Neal v. Cargill, Inc.*, 178 F.Supp.3d 408, 418 (E.D. La.2016) (*citing Grice v. FMC Techs. Inc.*, 216 Fed.Appx. 401, 406 (5th Cir. 2007)).
[51] *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1992).
[52] *Gloster v. ArcelorMittal LaPlace, LLC*, 2014 WL 1329870, at *11 (E.D. La. Mar. 31, 2014) (internal citations omitted).

claim of discrimination in an EEOC charge and/or its lack of development in the course of a reasonable investigation of that charge precludes the claim from later being brought in a civil suit.[53]

Defendants contend that Plaintiff's perfected Charges are dated September 14, 2018, but they clearly allege discrete acts of discrimination and failure to accommodate occurring in 2015 and 2016, which should be deemed time-barred. Because three-hundred days before September 14, 2018 is November 18, 2017, Defendants claim Plaintiff can only legally seek redress for alleged actions occurring from November 18, 2017 to May 22, 2018, when Plaintiff's employment ended. Plaintiff agrees that a charge of discrimination must be filed within 300 days of the action that the complainant alleges to be improper.[54] However, Plaintiff claims the date Plaintiff submitted the intake questionnaire to the EEOC, April 20, 2017, should be considered the date Plaintiff properly completed her charge of discrimination. Notably, the EEOC forwarded a Notice of Charge of Discrimination of Charge No. 461-2017-01099 to Defendants on April 24, 2017. Defendants claim that, even using the date of April 20, 2017, the vast majority of Plaintiff's allegations in her Complaint under the ADA are prescribed or time-barred as the alleged denial of accommodations occurred in July 13, 2015, and September 24, 2015.[55] Because three-hundred days before April 20, 2017 is June 24, 2016, the Court finds Plaintiff's allegations that occurred prior to June 24, 2016 are time-barred. Plaintiff's allegations that occurred after June 24, 2016 are not time-barred.

### C. ADA Claim

Defendants contend Plaintiff fails to state a claim under the ADA because Plaintiff fails to allege a disability that substantially limits her in major life activities. In order to state a claim under

---

[53] *Id.*
[54] R. Doc. 44, p.8, citing 42 U.S.C. § 2000e-5(e)(1).
[55] R. Doc. 66, p.5.

the ADA, a plaintiff must prove that she has a disability, is qualified for the job, and her employer made an adverse employment decision because of her disability.[56] A disability is defined "in relevant part as 'a physical or mental impairment that substantially limits one or more major life activities of such individual.' An impairment is substantial if it 'substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.'"[57] "Major life activities include 'caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.'"[58] Plaintiff alleges that she is disabled due to her PTSD, anxiety, depression, and migraines. Plaintiff's complaint, however, fails to allege that these conditions substantially limited Plaintiff in performing any major life activity. Therefore, the Court finds that Plaintiff has failed to state a claim for relief under the ADA.

### D.  Title VII Claims for Sexual Harassment and Hostile Work Environment

Defendants contend Plaintiff fails to state a claim for harassment under Title VII. In order to recover for a harassment claim under Title VII, the harassment alleged must have affected a "term, condition, or privilege" of employment.[59] In order to affect a job's terms and conditions, the harassment must be "sufficiently severe or pervasive ... and create an abusive working environment."[60] The Fifth Circuit has held that, in determining whether an environment is hostile or abusive, a court must look at the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere

---

[56] *Nelly v. PSEG Texas, Ltd. Partnership*, 735 F.3d 242 (5th Cir. 2013).

[57] *Lanier v. Univ. of Tex. Southwestern Med. Ctr.,* 527 F. App'x 312, 318 (5th Cir. 2013) *(quoting* 42 U.S.C. § 12102(1)(A); 29 U.S.C. § 705(20)(B); 29 C.F.R. § 1630.2(j)(1)(ii)).

[58] *Kemp v. Holder,* 610 F.3d 231, 234-35 (5th Cir. 2010) (quoting 42 U.S.C. § 12102(2)(A)).

[59] *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 330 (5th Cir. 2009) (*quoting Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007)).

[60] *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 116, 122 (2002) (*quoting Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

offensive utterance, whether it unreasonably interferes with an employee's work performance, and whether the complained of conduct undermined the plaintiff's workplace competence.[61] The Fifth Circuit has also noted that the environment must be deemed both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.[62]

Defendants contend that Plaintiff's allegations do not rise to the severity required to state a claim for sexual harassment or hostile work environment under Title VII. However, Plaintiff makes specific and detailed factual allegations of ongoing harassment. Because the Court must construe Plaintiff's complaint in the light most favorable to Plaintiff, [63] the Court finds that Plaintiff's allegations sufficiently state a claim for sexual harassment and hostile work environment under Title VII.

### E.  Retaliation Claims

Defendants contend Plaintiff fails to state a claim for retaliation. In order to state a retaliation claim, a plaintiff must allege "(1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."[64] "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." [65] An adverse employment action is "one that 'a reasonable employee would have found ... [to be] materially adverse, which in [the retaliation] context means it well might have dissuaded a reasonable worker

[61] *Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div*., 512 F.3d 157, 163 (5th Cir. 2007) *(internal quotations and quotation marks omitte*d).
[62] *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (*citing Harris,* 510 U.S. at 21-22).
[63] *Lovick v. Ritemoney Ltd*., 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[64] *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471 (5th Cir.2002).
[65] *Ackel v. Nat'l Commc'ns, Inc*., 339 F.3d 376, 385 (5th Cir.2003) (*internal quotations omitted*).

from making or supporting a charge of discrimination.'"[66] An employment action is not materially adverse if it amounts to only "petty slights or minor annoyances that often take place at work and that all employees experience."[67]

Plaintiff alleges that she was retaliated against for making her complaint of sexual harassment in November 2016 against Defendant Charles and for requesting ADA accommodations in 2015 and 2016. Plaintiff alleges that after she made her November 2016 complaint, a NOPD employee, Sergeant Kenneth Quetant stopped speaking with her, and that on July 21, 2017, two female NOPD officers, Caroline Dalton and Angel Clemons spoke loudly about people making complaints. Plaintiff fails, however, to allege facts to support that she suffered any adverse employment action as a result of her making those complaints. Therefore, Court finds that Plaintiff's allegations fail to state a claim for retaliation under Title VII.

## CONCLUSION

For the reasons set forth above, the motions to dismiss are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Title VII claims and ADA claims against the Individual Defendants are dismissed with prejudice. Plaintiff's allegations that occurred prior to June 24, 2016, are time-barred, but Plaintiff's allegations that occurred after June 24, 2016 are not time-barred. Plaintiff has failed to state a claim for relief under the ADA and has failed to state a claim for retaliation under Title VII. Plaintiff has, however, alleged facts to state a claim for sexual harassment and hostile work environment under Title VII.

**New Orleans, Louisiana**, on this 5th day of August, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[66] *Puente v. Ridge,* 324 Fed.Appx. 423, 429 (5th Cir.2009) (*quoting Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)).
[67] *Burlington*, 548 U.S. at 68, 126 S.Ct. 2405.