UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON REEVES | CIVIL ACTION NO. 19-10766 |
| VERSUS | SECTION "T"<br>JUDGE GUIDRY |
| CITY OF NEW ORLEANS, ET AL. | MAGISTRATE DIVISION 5<br>MAGISTRATE JUDGE NORTH |

**PLAINTIFF, SHANNON REEVES', MEMORANDUM IN SUPPORT OF MOTION FOR COMMENCEMENT OF DISCOVERY**

This Memorandum in Support of Motion for Commencement of Discovery is filed by Plaintiff, Shannon Reeves,

**I. MOTION FOR RECONSIDERATION AND IMMUNITY FOR INDIVIDUAL DEFENDANTS SHOULD BE DENIED; DISCOVERY SHOULD PROCEED.**

**A. F.R.C.P. Rule 60(b) Motions for Relief From a Judgment or Order**

Insofar as the Defendant's motion requests this Court's reconsideration of its order pursuant to Federal Rule of Civil Procedure 59(e), Defendants' motion was not timely filed. Defendants' motion is properly considered pursuant to Rule 60(b).[1]

---

[1] Even if Defendants' motion had been filed within the 10-day period for submission of motions made pursuant to Federal Rule of Civil Procedure 59(e), such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments" and "is not intended to give the parties 'a

There is no specific provision in the Federal Rules of Civil Procedure for a "Motion to Reconsider*.*" *Bollinger Shipyards Lockport, L.L.C. v. AmClyde Engineered Prods. Co.*, Nos. 01-707, 01-708, 2003 U.S. Dist. LEXIS 10577, *2-*3 (E.D. La. 2003), *citing to Lavespere v. Niagara Mach. & Tool Works,* Inc., 910 F.2d 167, 173 (5th Cir. 1990).  However, the Fifth Circuit and this Court have found that "a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion "for relief from judgment" under Rule 60(b).  *Bollinger Shipyards Lockport, L.L.C. v. AmClyde Engineered Prods. Co.*, *supra* at *3.  A party who moves the court to reconsider its ruling on a dispositive pre-trial motion, pursuant to Rule 59(e), must do so within ten (10) days of the court's ruling.  *Id.*  If such a motion is filed outside of that ten (10)-day period, it is appropriately cognized as "motion for relief from judgment" pursuant to Rule 60(b).  *Id.*

In this case, this Court's ruling on Defendants' Motions to Dismiss was signed August 5, 2020, and filed into the record in this cause on August 6, 2020 (Doc. 166).  Defendants' Motion for Reconsideration was filed fourteen (14) days later, on August 20, 2020 (Doc. 168).  Accordingly, Defendants' motion is

---

second bite at the apple.'" *Berry v. Roberson*, No. 13-00145-BAJ-RLB, 2016 U.S. Dist. LEXIS 149496, *4-*5 (M.D. La. 2016)(internal citations omitted).  Because Defendants' motion offers no new evidence, legal theory(ies), or argument, a Rule 59(e) analysis would also mandate dismissal.

properly considered pursuant to Rule 60(b). (Order at Doc. 166; Motions to Dismiss at 27, 38, 78, 80). On August 20, 2020, Defendants filed a Motion for Reconsideration of this Court's August 5, 2020 Order (Motion for Reconsideration at Doc. 168).

Federal Rule of Civil Procedure 60(b) provides as follows:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Defendants have alleged no basis for relief pursuant to any of the conditions enumerated in Rule 60(b) subsections (1) through (5). Subsection (6)'s general "any other reason that justifies relief" is the only applicable clause.

Relief under Rule 60(b) "is an extraordinary remedy."[2]  The Fifth Circuit has held that, although subsection (6) contains "a catch-all provision, meant to cover circumstances not covered by Rule 60(b)'s other enumerated provisions[,] Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'"[3]  To support a claim for relief pursuant to Rule 60(b)(6), Defendants must show that this Court's judgment was "manifestly unjust."[4]

This Court's denial of Defendants' requests that claims be dismissed does not comprise an extraordinary circumstance, nor was it manifestly unjust.  As such, Defendants' motion should be denied, and discovery should commence.

### B. Commencement of Discovery as to Defendant City; Commencement of Limited Discovery as to Individual Defendants

Defendant City of New Orleans has no claim of qualified immunity.  As such, discovery as to the Defendant, City of New Orleans, should commence.  In this context, Plaintiff would request a ruling from the Court as to her motion to compel (Doc. 120).

---

[2] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 U.S. Dist. LEXIS 141280 at *14 (E.D. La. 2011), *citing Pryor v. U.S. Postal Service,* 769 F. 2d 281, 287 (5th Cir. 1985).

[3] *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *citing Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)(quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d at 160).

[4] *West v. Reith*, No. 15-2512, 2019 U.S. Dist. LEXIS 139562 at *10 (E.D. La. 2019)(*citing Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993), in turn quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

4

With respect to the remaining individual Defendants, as Plaintiff noted in her memorandum filed at Doc. 137-1, some discovery is permissible prior to this Court's disposition of Defendants' claims of qualified immunity. Plaintiff may seek clarification of "facts needed to rule on the immunity claim." *Lion Boulos v. Wilson*, 834 F. 2d 504, 507-508 (5th Cir. 1987).

In this case, Defendants' claims of immunity are either partially or wholly based on questions of fact. Plaintiff must be permitted to conduct some discovery, in order to ascertain the extent of Defendants' individual involvement in the factual circumstances giving rise to the Plaintiff's Title VII claim.

Accordingly, Plaintiff respectfully requests that this Court permit commencement of discovery as to the Defendant City of New Orleans. Additionally, Plaintiff requests that this Court permit commencement of limited discovery regarding individual Defendants, in order that Plaintiff may seek clarification of necessary facts regarding the immunity claim.

Specifically, Plaintiff desires to take the depositions of the individual Defendants. Further, this Court has yet to rule on the Plaintiff's motion to compel (Doc. 120); Plaintiff desires to propound written discovery requests upon the Defendant which are specifically tailored to elicit information relevant to the Defendants' claims of qualified immunity.

Finally, Plaintiff would request that the Court set a specific time period regarding the limited discovery to be conducted as to the individual Defendants. Plaintiff would also request in this context that the Court consider briefing by the parties, submitted within a set period of time thereafter, regarding support for Plaintiff's opposition to the Defendants' claims, and Defendants' response thereto.

## C. Conclusion and Prayer

Plaintiff respectfully requests that this Court deny the Defendants' Motion for Reconsideration; that this Court permit discovery to commence as to the City of New Orleans; that this Court permit discovery to commence as to the individual Defendants, for the limited purpose of seeking information as to the Defendants' claims of qualified immunity, for a period of sixty (60) days; and finally that this Court consider briefing as to Plaintiff's opposition to Defendants' claims of qualified immunity, to be submitted by the Plaintiff within thirty (30) days of termination of said limited discovery period, with any responses by Defendants to be submitted within twenty-one (21) days of the date of filing of Plaintiff's brief.

DATE: November 12, 2020.

        Respectfully submitted,

        /S/ ELLYN J. CLEVENGER
        _____
        Ellyn J. Clevenger (#32395)
        Wendy Manard (#29622)
        Energy Centre: 1100 Poydras Street
        Suite 2610
        New Orleans, Louisiana 70163
        Telephone: (504) 585-7777
        Facsimile: (504) 556-2977

        ATTORNEYS FOR THE PLAINTIFF
        SHANNON REEVES