## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON REEVES** | **CIVIL ACTION NO. 19-10766** |
| **VERSUS** | **SECTION "T"** |
| | **JUDGE GUIDRY** |
| **CITY OF NEW ORLEANS, ET AL.** | |
| | **MAG. DIV. (5)** |
| | **MAGISTRATE JUDGE NORTH** |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR COMMENCEMENT OF DISCOVERY

**MAY IT PLEASE THE COURT:**

Defendants, the City of New Orleans (the "City") and named Individual Defendants, Paul Noel, Jenerio Sanders, Walter Powers, Michael Harrison, Rannie Mushatt, and Arlinda Westbrook,[1] through undersigned counsel, file this Response in Opposition to Plaintiff's Motion for Commencement of Discovery (the "Motion").[2] Plaintiff's Motion purports to seek relief as to discovery but is actually an improper and clearly untimely opposition to Defendants' Motion for Reconsideration[3] and Motion to Stay,[4] and belated motion for reconsideration of the Court's Order staying all discovery deadlines and pretrial deadlines for sixty days after the Court's ruling on Defendants' Motion for Reconsideration.[5] The Court should deny the Motion based not only upon Plaintiff's blatant attempts to circumvent the applicable rules, but also because Plaintiff has failed to state any legitimate basis or legal support for the overreaching relief she seeks. For these reasons,

---

[1] Defendants appear solely for the filing of the instant Response in Opposition to Motion for Commencement of Discovery, without waiving, and expressly reserving all defenses, motions, objections, and arguments.

[2] R. Doc. 192.

[3] R. Doc. 168.

[4] R. Doc. 169.

[5] R. Doc. 185.

detailed below, the Motion should be denied and Plaintiff's proposed order should be rejected by the Court.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

On May 27, 2019, Plaintiff filed suit against the City of New Orleans and eight individual defendants, alleging violations of the ADA and Title VII.[6]  In response, the City and Individual Defendants filed Rule 12(b)(6) Motions to Dismiss on the grounds that the Individual Defendants were improperly named as defendants under Title VII and the ADA; that her claims for discrimination and retaliation under Title VII and ADA were untimely and legally baseless; and that Plaintiff had not properly exhausted her administrative remedies prior to filing suit against the City.[7]  Plaintiff then filed her Amended Complaint where she did not assert new substantive factual allegations.[8]  Instead, apparently acknowledging that the Individual Defendants could not be considered "employers" subject to liability under Title VII or the ADA, Plaintiff simply attempted to add a new cause of action based on 28 U.S.C. § 1983, alleging, without any factual basis, that the Individual Defendants violated her constitutionally protected right to equal protection.  R. Doc. 63.  A plain reading of Plaintiff's Amended Complaint shows that the Individual Defendants are entitled to qualified immunity and that any attempt to assert a claim against the City for municipal liability fails as a matter of law.  Accordingly, Defendants moved for reconsideration and/or to alter or amend the Court's August 6, 2020 Judgment granting in part and denying in part the motions to dismiss, and to ask the Court to address and dismiss Plaintiff's insufficient constitutional claims for failure to state a claim.  Defendants also moved to stay certain pre-trial

---

[6] R. Doc. 1.

[7] R. Doc. 27.

[8] R. Doc. 63.

deadlines, including the discovery deadline pending adjudication of the Motion for Reconsideration.

Defendants' Motion for Reconsideration[9] and Motion and Stay[10] were briefed and submitted on September 9, 2020.[11] Plaintiff either choose not to or failed to timely oppose either motion prior to the submission dates and on September 10, 2020, the Court entered an order staying the discovery deadlines for sixty days after this Court's ruling on Defendants' motion for reconsideration.[12] The Court stated: "Because defendants' motions for reconsideration are related to claims of qualified immunity, the Court will stay the discovery deadline and submission deadline for pretrial and Daubert motions until 60 days after the Court's ruling on the motions for reconsideration."[13]

Plaintiff did not file any motion requesting relief from the Court's September 10th Order staying the discovery deadlines and the deadline for doing so of 28 days under Rule 59 has clearly expired.

The fact that Plaintiff's Motion to Commence Discovery is baseless is reflected by Plaintiff's own admissions and filings. Specifically, in addition to failing to oppose Defendants' Motion for Reconsideration and Motion to Stay, Plaintiff expressly acknowledged to the Court and the parties that she could not pursue certain discovery while the unresolved issues, including the issue of qualified immunity, were pending. For instance, **Plaintiff** previously filed a motion to continue discovery deadlines on the basis that she "is unable to conduct discovery with respect to individual

---

[9] R. Doc. 168.

[10] R. Doc. 169.

[11] R. Doc. 179. The original submission date for both motions was September 16, 2020. Defendants moved for expedited consideration, which was granted by the Court. Under E.D.L.A. Local Rule 7.5, Plaintiff had to submit her opposition eight days prior to the submission date, which she failed to do.

[12] R. Doc. 185.

[13] R. Doc. 185 at pg. 2.

defendants, until their qualified immunity defenses are addressed by this Court."[14] Plaintiff also unilaterally cancelled her own scheduled deposition (and other depositions) to the great inconvenience of the other parties days before they were noticed to take place pending the Court's ruling on "pending motions to dismiss" because "[t]he pending judgments will likely resolve/clarify some of the issues."[15] Consistent with her own acknowledgement that discovery should not take place until the Motion for Reconsideration was adjudicated, Plaintiff took no actions in the case between the time the Court entered the stay on September 10, 2020 until she inexplicably filed this Motion. Plaintiff filed her present Motion *two months* after submission of Defendants' Motion for Reconsideration which remains pending before this Court, and the Court's clear order of September 10th granting the stay.

In a blatant attempt to circumvent the rules of the Eastern District of Louisiana governing deadlines for filing timely opposition to motions, Plaintiff's Motion is currently submitted to the District Court as a motion and memorandum in support of commencement of discovery. However, Plaintiff's actual purpose in filing this motion is reflected by the fact that she previously attempted to submit a virtually identical motion to the Magistrate Judge and as a supplemental memorandum in opposition to the motion to dismiss, which was stricken by the Clerk's Office as deficient.[16] The Court should deny Plaintiff's motion as untimely and legally baseless.

## SUMMARY OF ARGUMENT

Plaintiff clearly waived the arguments in the Motion when she did not timely oppose Defendants' Motion for Reconsideration and Motion to Stay and further when she failed to seek relief in response to the Court's order granting the Motion to Stay. Plaintiff did not seek leave to file

---

[14] R. Doc. 135-1 at pg. 4.

[15] *See* Exhibit A and Exhibit B.

[16] R. Doc. 191.

an opposition and does not even attempt to demonstrate "excusable neglect" under Rule 6(b)(1) for her untimely Motion. Plaintiff not only failed to object to a stay of the discovery deadlines, but also waived those arguments through admissions to the Court and in her course of conduct admitting that she cannot pursue discovery until the qualified immunity issues in the motion to dismiss are resolved and unilaterally cancelling her own deposition pending the Court's ruling. Plaintiff's about face on matters which have been submitted for over two months and subject to this Court's express Order should be rejected and the Motion denied for this reason alone. Even if the Court were to consider Plaintiff's procedurally improper arguments (which Defendants respectfully request it should not), such arguments lack any basis in law or fact. Specifically, Plaintiff's assertion that Defendants' Motion for Reconsideration is untimely under Fed. R. Civ. P. 59(e) cites an out of date version of Rule 59 and the incorrect deadline. Plaintiff's related argument that Defendants' Motion for Reconsideration should be analyzed under Rule 60(b) should also be rejected because Rule 60(b) has no application to Defendants' Motion for Reconsideration. Finally, Plaintiff's request to commence discovery and set a scheduling deadline concerning the issue of qualified immunity (which Defendants have already briefed and is already under submission) ignores her own admissions, conduct, and clearly established law. The Motion should be denied.

## ARGUMENT

### I. The Motion is Improper and Untimely.

Plaintiff's Motion is nothing more than a thinly veiled opposition to the Defendants' Motion for Reconsideration and Motion to Stay filed over two months late by the Plaintiff.

As an initial matter, because Plaintiff failed to raise any opposition to the Motion for Reconsideration and Motion to Stay, any such arguments are now waived. Courts in the Eastern

District of Louisiana have deemed arguments not raised in the body of an opposition to be waived.[17] Here, Plaintiff *never* filed any oppositions to either motion. The Motion for Reconsideration has been submitted since September 9, 2020 and the Court granted the Motion to Stay on September 10, 2020, more than two (2) months ago. Plaintiff's current Motion improperly and belatedly seeks to challenge the Court's September 10, 2020 order staying the discovery deadlines for sixty days after this Court's ruling on Defendants' Motion for Reconsideration. Plaintiff never filed any motion requesting relief from the Court's Order staying the discovery deadlines and the timeframe for doing so under Rule 59 (28 days) has long expired.

Plaintiff's belated attempt to raise these waived arguments improperly framed as a "motion for commencement of discovery" ignores the Federal Rules of Civil Procedure and local rules of the Eastern District of Louisiana and should be rejected by the Court. Under the Federal Rules of Civil Procedure, Plaintiff was required to seek leave of court before filing a late response. Rule 6(b)(1) grants the Court discretion to allow untimely responses, but it mandates that a motion requesting leave of court to file the untimely response be filed.[18] The Supreme Court has confirmed that, under Rule 6(b)(1)(B), "any *post* deadline extension must be 'upon motion made.'"[19] Local Rule 7.2 similarly requires leave of court to file briefing after the submission date. Local Rule 7.2 provides, after the submission date "no further briefing will be allowed, except with prior leave of court."

---

[17] *Eveler v. Ford Motor Co.*, No. 16-14776, 2017 WL 3382460, at *11 (E.D. La. Aug. 7, 2017) (Africk, J.); *Morton v. Soc. Sec. Admin.*, No. 15-4435, 2016 WL 5724810, at *4 (E.D. La. Sept. 15, 2016) (Knowles, M.J.) ("Poorly organized, unclear arguments are waived due to inadequate briefing."); *see also, e.g., Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009) (concluding that issues not briefed are waived).

[18] Fed. R. Civ. P 6(b)(1); *Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (concluding that district court did not abuse discretion in prohibiting untimely response to a motion for summary judgment).

[19] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 (1990) (citing Fed. R. Civ. P. 6(b)(1)(B)).

PD.30332689.1

Plaintiff does not satisfied the requirement for requesting leave of court by merely filing the Motion.[20] Rule 6(b)(1) also requires a party seeking to file an untimely response to demonstrate "excusable neglect" for the failure to satisfy the deadline which Plaintiff has utterly failed to do here.[21] The movant bears the burden of establishing excusable neglect.[22] Plaintiff has not even attempted to make any showing of excusable neglect and cannot do so under any circumstances of facts. When considering whether to enlarge a time period as a result of "excusable neglect" courts in the Fifth Circuit consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[23] Two months has been deemed too long to excuse the neglect of filing a motion for leave.[24] Here, even if Plaintiff had properly sought leave of court to file the untimely oppositions to the Motion for Reconsideration and Motion to Stay (which she failed to do), Plaintiff would be unable to demonstrate excusable neglect for not filing an opposition over *two months* late and for no reason.

Plaintiff's position in the Motion that discovery must commence is completely contrary to her prior admissions that she cannot seek discovery as to the Individual Defendants until the Court rules on the Individual Defendants' qualified immunity defenses as well as her actions in unilaterally cancelling her own scheduled deposition pending the Court's ruling. Also, Plaintiff confirmed her

---

[20] *See Lujan*, 497 U.S. at 897 ("in order to receive the affidavits here, the District Court would have had to regard the very filing of the late document as the 'motion made' to file it").

[21] Fed. R. Civ. P 6(b)(1); *see Vasudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147 (5th Cir. 2017) (applying the "excusable neglect" standard to a district court's ruling on a motion to strike an untimely opposition).

[22] *Traffic Scan Network, Inc. v. Winston*, No. 92-2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) (Vance, J.) ("The burden of establishing excusable neglect is on the party seeking the enlargement of time.").

[23] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original); *Homelife in the Gardens, LLC v. Landry*, No. 16-15549, 2018 WL 310377, at *1 (E.D. La. Jan. 5, 2018).

[24] *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2020 WL 2812866, at *3 (N.D. Tex. May 30, 2020) (concluding that two months delay was too long to excuse neglect).

PD.30332689.1

own position by not taking any actions in the case for two months. Defendants would be substantially prejudiced by resuming discovery, including concerning the issues submitted in the Motion for Reconsideration, prior to the Court ruling on the pending and submitted Motion for Reconsideration. The very argument in the Motion for Reconsideration and Motion to Stay is that the Court should rule on the qualified immunity defenses before discovery commences. A ruling to commence discovery at this point would be highly prejudicial to Defendants. Further, the length of Plaintiff's delay—*two months*—is substantial. Plaintiff's Motion should be summarily rejected based upon the Plaintiff's obvious and baseless attempt to mask the clearly late opposition to the Motion to Stay and the Motion for Reconsideration as a "Motion to Commence Discovery."

Also, Plaintiff's request for a briefing schedule on the issue of qualified immunity is another baseless effort to avoid her failure to timely oppose the pending and submitted Motion for Reconsideration. Plaintiff is clearly not entitled to a briefing schedule on this issue because the Motion for Reconsideration was filed three months ago, has been submitted to the Court for over two months, and Plaintiff had the opportunity to brief the issue by timely filing an opposition by September 1st. Not only has Plaintiff waived her right to now oppose the Motion for Reconsideration, but also her request for a briefing schedule is yet another belated and improper attempt to forge an opportunity to file an opposition while ignoring the applicable rules.

Accordingly, the Court should deny the Motion to Commence Discovery as untimely and improper oppositions to the Motion to Stay and Motion for Reconsideration and request for relief from the Court's September 10, 2020 Order granting the Motion to Stay.

II.     **Plaintiff's Belated Opposition to the Motion for Reconsideration Should Be Rejected.**

Even if the Court were to consider Plaintiff's waived arguments (which Defendants expressly request that it does not), they lack any basis in the law or fact. Plaintiff's suggestion that Defendants' Motion for Reconsideration was untimely under a ten day deadline cites to an out of date version of

Rule 59(e) and associated case law.  Defendants' Motion for Reconsideration was filed within twenty-eight days (and in fact, fourteen days) of the Court's ruling on the Motion to Dismiss pursuant to Rule 59(e).  The case cited by Plaintiff, *Bollinger Shipyards Lockport, L.L.C. v. Amclyde Engineered Prod., Inc.*, utilizes outdated time periods but does recite good law about determining whether a motion to reconsider falls under Rule 59(e) or Rule 60(b).[25]  More recently, a court in the Eastern District of Louisiana has explained the law using the proper deadlines: "[t]he difference in treatment is based on timing.  If the motion is filed **within twenty-eight days of the judgment**, then it falls under Rule 59(e).  However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b)."[26]  There's no question that Defendants' Motion for Reconsideration was timely filed within the applicable 28 days deadline, and in fact, was filed fourteen (14) days after entry of the Court's ruling on Defendants' Motion to Dismiss.  Plaintiff's related argument that Defendants' Motion for Reconsideration should be analyzed under Rule 60(b) should also be rejected because Rule 60(b) has no application to Defendants' Motion for Reconsideration.  As set forth in detail in Defendants' Motion for Reconsideration, under the applicable standards of Rule 59(e), the Court should reconsider Plaintiff's constitutional claims against the City and Individual Defendants.  Thus, even if the Court were to consider Plaintiff's belated and waived arguments, they should be denied.

---

[25] No. 01-707, 2003 WL 21396773 (E.D. La. June 11, 2003).

[26] *Thompson v. Dep't of the Interior*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018) (internal citations omitted) (emphasis added).

**III.     Plaintiff's Request to Commence Discovery and Set a Briefing Schedule Should Be Denied.[27]**

Finally, even if the Court were to consider Plaintiff's waived and untimely arguments (which Defendants request that it does not), Plaintiff's request for commencement of discovery as to the City and Individual Defendants and to set a briefing schedule on the issue of qualified immunity is nothing more than a legally baseless attempt to circumvent the pending Motion for Reconsideration and should be denied.  Commencing discovery, especially as to Individual Defendants, is contrary to the well established body of law providing that qualified immunity is a defense against suit and should be resolved at the earliest stage of litigation.

As set forth in detail in Defendants' Motion to Stay, which was granted by this Court on September 10th, as well as the Motion for Reconsideration, Individual Defendants' qualified immunity defense should be ruled upon before discovery proceeds in this matter.  Again, as Plaintiff previously conceded, she "is unable to conduct discovery with respect to individual defendants, until their qualified immunity defenses are addressed by this Court."[28]

"Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."[29]   For the district court to permit discovery when the defendant claims qualified immunity, the plaintiff must first plead specific facts that "allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged *and* that defeat a qualified immunity

---

[27] Plaintiff also requests a ruling on her pending Motion to Compel (R. Doc. 120), but ignores that the Court has already denied that motion. R. Doc. 160.

[28] R. Doc. 135-1 at 4. Notably, Judge North's order on Defendants' motion to extend the discovery deadlines expressly continued the discovery deadlines "until 60 days after the last ruling on the pending dispositive motions," all of which asserted the defense of qualified immunity.  *See* R. Doc. 160 at 2.

[29] *Mitchell v. Forsyth*, 472 U.S. 511, 526  (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)).

PD.30332689.1

defense with equal specificity."[30]  Only when the plaintiff alleges facts that permit the inference both that the defendant is liable and that there is no qualified immunity, "if the court remains unable to rule on the immunity defense without further clarification of the facts," then may the court allow *limited* discovery "narrowly tailored to uncover only those facts needed to rule on the immunity claim."[31]  Here, as detailed in the Motion for Reconsideration, a plain reading of the Amended Complaint shows that Plaintiff cannot establish that the Individual Defendants are liable for any constitutional claims *or* that the Individual Defendants are not entitled to qualified immunity.

As to the City, while Plaintiff is correct that the City does not assert a defense of qualified immunity, the Motion for Reconsideration asks the Court to reconsider whether the Amended Complaint adequately states a constitutional claim against the City.  Adjudication of this issue will significantly impact the scope of discovery as it relates to the City.  Also, on a practical level, recommencing discovery only as to the City on a piecemeal basis and before the issues of qualified immunity and constitutional claims against the City are resolved is likely to resolve in inefficiency and discovery disputes regarding the scope of discovery.  Importantly, Plaintiff cannot show any prejudice for a short delay in discovery until the Motion for Reconsideration is adjudicated, especially given her own conduct in cancelling her deposition.

Accordingly, Plaintiff's request and proposed order to commence discovery and to set a briefing schedule on the issue of qualified immunity must be denied while the Motion for Reconsideration is pending.

---

[30] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (emphasis added).

[31] *Id.*

## **CONCLUSION**

The Court should not entertain Plaintiff's improper and untimely Motion which is a thinly veiled opposition to motions submitted and ruled upon over two months ago. For the above reasons, Plaintiff's Motion and proposed order should be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ Kim M. Boyle*
        KIM M. BOYLE (#18133)
        BRANDON DAVIS (#29823)
        REBECCA SHA (#35317)
        365 Canal Street • Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130
        kim.boyle@phelps.com
        brandon.davis@phelps.com
        rebecca.sha@phelps.com

**ATTORNEYS FOR DEFENDANTS THE CITY OF NEW ORLEANS, PAUL NOEL, ARLINDA WESTBROOK, JENERIO SANDERS, WALTER POWERS, RANNIE MUSHATT, AND MICHAEL HARRISON**