UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON REEVES            CIVIL ACTION

           NO. 19-10766

VERSUS

           SECTION: T (5)

CITY OF NEW ORLEANS, ET AL.

## ORDER

Before the Court is a Motion to Extend Time to File Plaintiff's Response to Defendant's Motion for Summary Judgment.[1] Therein, plaintiff, Shannon Reeves, seeks additional time to file an opposition to the Motion for Summary Judgment[2] filed by defendant, the City of New Orleans. The City has opposed the Motion.[3] For the reasons below, Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff instituted this case on May 27, 2019.[4] Following preliminary motion practice, the Court entered a scheduling order in March, 2020, setting this matter for trial in September, 2020.[5] Thereafter, the Court's scheduling order was modified and the case continued on multiple occasions at the request of the parties.[6] The most recent scheduling order, which was effectuated in response to a motion to continue filed by Plaintiff, required all pretrial motions to be filed in sufficient time to permit hearing thereon no later than May 10, 2023.[7] On April 24, 2023, the City filed a Motion for Summary Judgment and noticed it for submission on May 10, 2023, in

---

[1] R. Doc. 221.
[2] R. Doc. 218.
[3] R. Doc. 223.
[4] R. Doc. 1.
[5] R. Doc. 79.
[6] *See* R. Docs. 114, 116, 137, 159, 160, 161, 162, 163, 167, 182, 202, 206, 213, 215, 216, & 217.
[7] R. Doc. 215.

1

accordance with the scheduling order.[8] Pursuant to Local Rule 7.5, Plaintiff's deadline to file an opposition to the Summary Judgment was May 2, 2023. Importantly, the City's Summary Judgment was nearly substantively identical to a summary judgment motion that it had previously filed in December 2022.[9] That motion, however, was withdrawn without prejudice, in light of the continuance of this case that was requested by Plaintiff, also in December, 2022.[10]

Plaintiff's instant Motion requests an extension of 21 days to file an opposition to the City's summary judgment. Plaintiff claims entitlement to this relief pursuant to Federal Rule of Civil Procedure 6 and Local Rule 7.8.[11] The Motion was filed *ex parte* but does not include any representation that the City does not oppose or consents to the relief sought. Plaintiff represents that her counsel failed to timely file an opposition to the summary judgment because of a heavy workload and trial schedule.[12]

The City responds to Plaintiff's Motion by noting the age of this case and the number of continuances and scheduling order modifications that have been afforded to Plaintiff.[13] The City emphasizes the lateness of Plaintiff's request, as it was filed approximately three weeks after her opposition was due and nearly two weeks after the summary judgment was under submission with the Court. The City further argues that Plaintiff has had months to prepare an opposition to its summary judgment because a nearly identical motion was previously filed in December, 2022.[14] As such, Plaintiff has failed to take advantage of the continuance that she requested and this case should be allowed to proceed toward the trial currently set for July 10, 2023.[15]

---

[8] R. Doc. 218.
[9] R. Doc. 214.
[10] See R. Docs. 215, 216, 217.
[11] R. Doc. 221.
[12] R. Doc. 221.
[13] R. Doc. 223.
[14] R. Doc. 223.
[15] R. Doc. 223.

## **LAW & ANALYSIS**

Federal district courts have the inherent power to enforce their scheduling orders.[16] Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[17] "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[18] In considering such requests, courts in the Fifth Circuit examine four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."[19] Whether to extend a deadline set forth in a scheduling order is within the sound discretion of the trial court.[20] In deciding whether to extend a deadline, the Court's "judgment range is exceedingly wide," because it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[21]

In this case, the cumulative weight of the applicable factors warrants denial of the extension requested by Plaintiff. First, the Court finds that Plaintiff's explanation for her failure to timely respond is not compelling. The fact that Plaintiff chose not to seek relief from the Court prior to her deadline is also problematic. Combined with the continuances and deadline extensions previously granted to Plaintiff, the lateness of her current Motion undermines Plaintiff's explanation for her failure to oppose the summary judgment. Most importantly, Plaintiff's Motion fails to explain the significance of the opposition she seeks to file. Indeed, if there was critical

---

[16] *See Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 886 & n. 3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).
[17] Fed. R. Civ. P. 16(b)(4).
[18] *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up).
[19] *Id.*
[20] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).
[21] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

evidence that might serve to defeat the City's summary judgment, it would have been brought to the Court's attention or, at a minimum, identified and explained in Plaintiff's request for an extension. Based on what has been presented to the Court, the importance of the requested scheduling order modification is discernably low because it would not impact the Court's evaluation of the City's summary judgment. The City has been defending this case for over four years and this case is set for trial in July. Any deadline extension or prolongment of this matter works material prejudice against this defendant. On the other hand, in the absence of any reasonable justification for an extension in Plaintiff's favor, the Court is not aware of any prejudice that might be suffered by Plaintiff. Thus, this factor weighs heavily against modifying the Court's scheduling order. For this same reason, a continuance at this time would not cure the prejudice to the City.

## CONCLUSION

For the reasons above,

**IT IS ORDERED** that Plaintiff's Motion to Extend Time to File Plaintiff's Response to Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 20th day of June, 2023.

                                              GREG GERARD GUIDRY
                                    UNITED STATES DISTRICT JUDGE