UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHANNON REEVES**  **CIVIL ACTION**

**NO. 19-10766**

**VERSUS**

**SECTION: T (5)**

**CITY OF NEW ORLEANS, ET AL.**

## ORDER

Before the Court is a Motion for Summary Judgment filed by defendant, the City of New Orleans (the "City").[1] Plaintiff, Shannon Reeves ("Plaintiff"), has not filed an opposition to the Motion.[2] Considering the facts, law, and argument presented, the Motion is **GRANTED**.

## BACKGROUND

In its current posture, this Title VII case arises from the alleged sexual harassment and hostile work environment experienced by Plaintiff when she was employed by the New Orleans Police Department ("NOPD"). Plaintiff was fired from this job in 2018 for her inability to perform her job duties.[3] Before she was terminated, Plaintiff filed two Equal Employment Opportunity Commission ("EEOC") charges against the NOPD alleging sex and disability discrimination.[4] Plaintiff specifically alleged that her supervisor, Sergeant Rhett Charles, sexually harassed her and that the NOPD failed to reasonably accommodate her disabilities. In 2019, after receiving a right to sue letter from the EEOC, Plaintiff brought this civil suit alleging "unwelcome, invasive, and

---

[1] R. Doc. 218.
[2] The Motion was submitted to the Court on May 10, 2023. To date, Plaintiff has not filed an opposition. Instead, on May 22, 2023, Plaintiff filed a "Motion to Extend Time to File Plaintiff's Response to Defendant's Motion for Summary Judgment" seeking additional time to file a memorandum in opposition to the City's Motion for Summary Judgment. *See* R. Doc. 221. The "Motion to Extend" was denied by the Court in a separate Order. *See* R. Doc. 225. Thus, the instant Motion is deemed unopposed.
[3] R. Doc. 218-6, pp. 4-6.
[4] R. Doc. 44-3.

illegal" conduct, including sexually charged conversations and conduct with her supervisor.[5] Plaintiff further asserted that the NOPD failed to investigate the matter and only superficially disciplined Sergeant Charles.[6] To that end, Plaintiff brought sexual harassment, hostile work environment, Title VII retaliation, and failure to accommodate claims against the City, Sergeant Charles, and several other defendants.[7]

On August 6, 2020, the Court granted in part and denied in part several motions to dismiss filed by the named defendants.[8] Specifically, the Court dismissed Plaintiff's Americans with Disabilities Act ("ADA") claims, found that individual liability was unavailable under Title VII, barred Plaintiff's claims arising prior to June 24, 2016, as prescribed, and ruled her retaliation claims were unsupported.[9] The Court, however, found Plaintiff's claims "that occurred after June 24, 2016 [were] not time-barred" and ruled there was sufficient factual information for her sexual harassment and hostile work environment claims to survive defendants' Rule 12 motions.[10] Upon the defendants' motion for reconsideration, the Court dismissed Plaintiff's ADA claims against the City and her Section 1983 claims as prescribed.[11]

In light of the Court's prior rulings, Plaintiff's only surviving claims are those against the City for sexual harassment and hostile work environment brought pursuant to Title VII and related to conduct that occurred after June 24, 2016.[12] In relation to this pertinent timeframe, the undisputed facts show that Sergeant Charles called Plaintiff into his office in July 2016, and made inappropriate comments about her breasts and having sex with her.[13] Plaintiff recorded this

---

[5] R. Doc. 63 at 5.
[6] *Id.* at 12-13.
[7] *Id.* at 7-11.
[8] R. Doc. 166.
[9] *See* R. Doc. 166.
[10] *Id.* at 14.
[11] R. Doc. 201.
[12] *See* R. Docs. 166, 207, & 208.
[13] R. Doc. 218-3, pp. 18-21.

interaction using her cell phone, but did not provide the recording to a supervisor, or any other person with authority to address the harassment, until December 2016, several months later.[14] In fact, before lodging a formal complaint against Sergeant Charles in December 2016, Plaintiff only spoke with non-supervisory coworkers about the incident.[15] About one month after the recorded incident, in August 2016, Plaintiff had another inappropriate encounter with Sergeant Charles. At that time, Sergeant Charles again called Plaintiff into his office and made comments about her breasts.[16] This was the last time Plaintiff was harassed by Sergeant Charles.[17]

On October 29, 2016, before Plaintiff reported the two incidents that occurred in July and August, another NOPD employee, Troy Williams, lodged a complaint against Sergeant Charles, alleging that he had inappropriately touched Williams at work.[18] At the time he filed his complaint, Williams was interviewed and reported that Sergeant Charles had also engaged in inappropriate behavior with other employees, including Plaintiff, at various times, although Williams had not witnessed those interactions.[19] In connection with the investigation of Williams's complaint, an NOPD supervisor assigned to investigate Williams's case attempted to interview Plaintiff on November 23, 2016. Plaintiff, however, refused to speak with the supervisor at that time.[20] Then, on or about December 6, 2016, Plaintiff made a formal complaint against Sergeant Charles with the Independent Police Monitor and produced the recording of the inappropriate conversation that was on her phone.[21] Up until this point in time, Plaintiff had not reported Sergeant Charles's conduct to the Public Integrity Bureau, the Independent Police Monitor, or any supervisory NOPD

---

[14] R. Doc. 218-3, pp. 22-23.
[15] R. Doc. 218-3, pp. 24-25.
[16] R. Doc. 218-3, pp. 25-29.
[17] R. Doc. 218-3, pp. 29-30.
[18] R. Doc. 218-4, pp. 29-31.
[19] R. Doc. 218-4, p. 31.
[20] R. Doc. 218-3, pp. 30-31.
[21] R. Doc. 218-3, p. 31.

3

officer.[22] On December 18, 2016, shortly after Plaintiff lodged her complaint with the Independent Police Monitor, the NOPD transferred Sergeant Charles out of the Plaintiff's work unit, where he remained pending the completion of the investigation.[23] Following a thorough investigation into Sergeant Charles's conduct, he was found to have breached NOPD policies and disciplined accordingly.[24]

The City now seeks summary judgment on Plaintiff's claims related to the two incidents that occurred in the summer of 2016. The City avers that Plaintiff is unable to meet her burden of proof to show that the inappropriate conduct affected a term, condition, or privilege or her employment and that the City knew or should have known of the conduct and failed to take prompt remedial action to address it.[25] Plaintiff failed to timely file an opposition and the Court denied Plaintiff's request to file a late opposition for failure to show good cause therefor.[26] Trial of this matter is set for July 10, 2023, and the City's Motion is ripe for ruling.

## LAW & ANALYSIS

### I.  Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[27] The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the

---

[22] R. Doc. 218-3, pp. 32-33.
[23] R. Doc. 218-4, p. 46.
[24] R. Doc. 218-4, p. 47;
[25] R. Doc. 218-2.
[26] *See*, R. Doc. 225.
[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

outcome of the suit under the governing substantive law."[28] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party.[29] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[30] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[31] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[32]

## II. Plaintiff's Claims for Sexual Harassment and Hostile Work Environment

A plaintiff asserting sexual harassment claims under Title VII is required to show that "the harassment created a hostile or abusive working environment."[33] "This type of claim 'embodies a series of criteria that express extremely insensitive conduct against [a protected individual], conduct so egregious as to alter the conditions of employment and destroy their equal opportunity in the workplace.'"[34] To prove a hostile work environment/sexual harassment claim a plaintiff must show that:

> (1) she is [a] member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of

---

[28] *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc*., 882 F.2d 993, 996 (5th Cir. 1989)).
[29] *Celotex,* 477 U.S. at 323.
[30] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[31] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[32] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[33] *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 434 (5th Cir. 2005).
[34] *Paul v. Northrop Grumman Ship Systems*, 309 Fed. Appx. 825, 827 (5th Cir. 2009) (quoting *DeAngelis v. El Paso Mun. Police Officers Ass'n,* 51 F.3d 591, 593 (5th Cir.1995)).

employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.[35]

The City argues that Plaintiff is unable to meet her burden of proof on elements (4) and (5) above. Cognizant of the fact that each element must be proven, the Court begins and ends its analysis with Plaintiff's inability to satisfy the fifth element of the test above concerning knowledge and prompt remedial action.

"'Prompt remedial action' must be 'reasonably calculated' to end the harassment." "Whether an employer's response to discriminatory conduct is sufficient 'will necessarily depend on the particular facts of the case – the severity and persistence of the harassment, and the effectiveness of any initial remedial steps.'"[36]

Here, the undisputed facts show that Sergeant Charles engaged in inappropriate conduct with Plaintiff in July and August 2016. Nonetheless, Plaintiff did not report Sergeant Charles's inappropriate conduct to any NOPD supervisor, the Police Integrity Bureau, or Independent Police Monitor until December 6, 2016, approximately four months later. Moreover, soon after Williams lodged his complaint against Sergeant Charles, an NOPD investigator attempted to interview Plaintiff about Sergeant Charles's conduct on November 23, 2016, and Plaintiff failed to take advantage of that opportunity to report her own harassment. Victims of workplace harassment have an obligation to report any alleged misconduct, and, to that end, an employer cannot be held liable for inappropriate conduct of which it had no knowledge.[37] The undisputed facts further show that Plaintiff did not report Sergeant Charles until December 6, 2016, and twelve days later, the NOPD transferred Sergeant Charles out of Plaintiff's work unit. Thereafter, a full investigation

---

[35] *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 434 (5th Cir. 2005).
[36] *Hirras v. National R.R. Passenger Corp.*, 95 F.3d 396, 399-400 (5th Cir. 1996) (quoting *Waltman v. International Paper Co.,* 875 F.2d 468, 479 (5th Cir. 1989)).
[37] *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 299-300 (5th Cir. 2001).

into Sergeant Charles's conduct was completed and he was ultimately found to have violated NOPD workplace policies and demoted. The Court, therefore, finds that once the City became aware of Sergeant Charles's misconduct in relation to Plaintiff, swift remedial action was taken to remove him from her work environment and additional remedial measures were ultimately taken to discipline Sergeant Charles. Accordingly, Plaintiff will be unable to satisfy her burden of proof on these claims at trial and summary judgment is warranted.

## CONCLUSION

For the reasons above,

**IT IS ORDERED** that the City's Motion for Summary Judgment is **GRANTED** and that Plaintiff's claims in this suit are **DISMISSED WITH PREJUDICE**. Judgment will be entered separately in favor of the City, and against Plaintiff.

New Orleans, Louisiana this 20th day of June, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE