UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHANNON REEVES**                                                  **CIVIL ACTION**

                                                                                    **NO. 19-10766**

**VERSUS**

                                                                                    **SECTION: T (5)**

**CITY OF NEW ORLEANS, ET AL.**

## ORDER AND REASONS

The Court has before it Plaintiff Shannon Reeves's second opposed Motion for an extension of time to file her notice of appeal. R. Doc. 247. Defendant New Orleans City ("New Orleans") has filed an opposition, R. Doc. 250, and Plaintiff has submitted a reply memorandum, R. Doc. 251. Having considered the parties' briefing, as well as the applicable facts and law, the Court will GRANT the Motion.

**I.     DISCUSSION**

As is relevant to the instant Motion, on June 6, 2023, this Court granted New Orleans's motion for summary judgment on Plaintiff's remaining claims and entered judgment against Plaintiff and in favor of New Orleans in this matter. R. Docs. 226; 227. Plaintiff moved for reconsideration of that judgment. R. Doc. 229. On October 10, 2023, the Court denied Plaintiff's motion for reconsideration. R. Doc. 242. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff's deadline to file a notice of appeal was November 9, 2023. Plaintiff filed her notice of appeal on November 10, 2023, one day late. R. Doc. 243.

After New Orleans filed a motion with the Fifth Circuit to dismiss Plaintiff's appeal for lack of jurisdiction due to the untimely filed notice of appeal, Plaintiff moved this Court for a one-day extension of time to file her notice of appeal. R. Doc. 244. In that motion, Plaintiff argued

only, and incorrectly, that her notice of appeal had in fact been timely filed. *See* R. Doc. 244-1. However, Rule 4(a)(5)(A)(ii) allows a district court to extend the time to file a notice of appeal only if the moving party "shows excusable neglect or good cause." Because Plaintiff had not made any argument that her failure to timely file the notice of appeal was based on excusable neglect or that there was good cause to grant the extension of time, the Court denied Plaintiff's first motion for an extension. R. Doc. 246.

Plaintiff now moves the court for a second time to grant a one-day extension of the deadline to file her notice of appeal and thereby render the November 10, 2023 notice of appeal timely filed. R. Doc. 247. Plaintiff, who has enrolled additional counsel for the limited purpose of arguing the instant Motion, now asserts her failure to timely file the notice of appeal was due to excusable neglect.

The Supreme Court has held courts must review four factors in determining whether neglect is excusable: (1) the danger of prejudice to the adverse party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). None of these factors is more important than the others. *See In re CJ Holding Co.*, 27 F. 4th 1105, 1114 (5th Cir. 2022). Here, Plaintiff argues there would be no prejudice to New Orleans in granting her a one-day extension; such a minimal delay does not negatively impact judicial proceedings; the delay was caused by a mental health crisis suffered by Plaintiff's counsel, Ellyn J. Clevenger; and Plaintiff herself acted in good faith. R. Doc. 247 at 8–10. In contrast, New Orleans argues it would be prejudiced should the Court grant Plaintiff's Motion because it "deserves closure to this case after four years of litigation;" that the allegations of a mental health crisis suffered by Ms.

Clevenger do not rise to the level of excusable neglect; and Ms. Clevenger, whose actions are imputed to Plaintiff, did not act in good faith.

As to the first two factors, the Court agrees New Orleans would not be prejudiced by permitting Plaintiff a one-day delay in filing her notice of appeal, and this short delay would not negatively impact judicial proceedings. New Orleans's argument to the contrary is essentially that if the Court grants Plaintiff's Motion, it will be required to defend against an appeal, and if the Court does not, it will not. But if this were adequately prejudicial for the Court to deny Plaintiff's Motion, no court could ever grant a motion for an extension to file a notice of appeal beyond the deadline for that filing based on excusable neglect, as Rule 4(a)(5)(B) clearly anticipates it may. The question before the Court is rather whether New Orleans would be prejudiced by having to defend against an appeal based on a notice of appeal filed on November 10, 2023, rather than November 9, 2023. The answer is plainly that it would not.

As to the third factor, New Orleans complains that "Plaintiff cites no caselaw that provides that the alleged mental health of her attorney is excusable neglect, good cause, or sufficient basis to satisfy the inquiry of factor 3[.]" R. Doc. 250 at 4. While this may be true, the Fifth Circuit has held that "failing to disprove 'reasonable control' is not necessarily fatal to a petitioner's request for relief." *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 283 (5th Cir. 2019) (quoting *George Harms Constr. Co., Inc. v. Chao*, 371 F.3d 156 (3d Cir. 2004)). As the Supreme Court explained in *Pioneer*, the word "neglect" "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. at 388. Thus, "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or

3

carelessness, as well as by intervening circumstances beyond the party's control." *Id.* (internal citation omitted). Based thereupon, the Supreme Court concluded in *Pioneer* that "the lack of any prejudice to the [non-movant] or to the interests of efficient judicial administration, combined with the good faith of [movants] and their counsel, weigh strongly in favor of permitting the tardy claim." *Id.* at 398.

Following the logic of *Pioneer*, Fifth Circuit has considered the excusable neglect standard and held the *Pioneer* factors to permit a finding of excusable neglect, even where the delay was within the reasonable control of the movant, where the court found no prejudice to the adverse party, no negative impact on judicial proceedings, and no bad faith on the part of the movant. *See Coleman*, 942 F.3d at 284–86 (reversing the Occupational Safety and Health Review Commission's finding of no excusable neglect as to a party's filing eighteen days past the deadline, even though the delay had been within the control of the party, because there was no prejudice to the adverse party or impact on judicial proceedings because of the delay, nor any evidence of bad faith). Similarly, in *Sparks v. L.M. Berry & Co.*, a case very much like this one, the Fifth Circuit affirmed a district court's holding that the plaintiff's one-day-late filing of his notice of appeal was excusable neglect, explaining there was no danger of prejudice, no evidence of bad faith, and only a minimal delay. 184 F.3d 815 (5th Cir. 1999). Thus, in the absence of a showing of bad faith, *Coleman* and *Sparks* indicate that Plaintiff's neglect in filing her notice of appeal one day late was excusable under the *Pioneer* factors.

New Orleans argues Ms. Clevenger's lack of good faith is evidenced by her failure to engage additional counsel to support her in this matter after she first moved this Court to accept a late filing on the basis that she was experiencing a mental health crisis in July, 2023. R. Doc. 250 at 8; *see also* R. Doc. 229. While the Court is troubled by this failure, and reminds Ms. Clevenger

of her professional and ethical duties to withdraw from representation of her clients if she is unable to represent them adequately due to her health issues, the Court does not find Ms. Clevenger's failure to withdraw or enroll additional counsel to be evidence that she was in bad faith in filing Plaintiff's notice of appeal one day late. Thus, finding no prejudice to New Orleans, no negative impact on judicial proceedings, a minimal delay only, and no bad faith on the part of Plaintiff or her counsel, the Court holds Plaintiff's neglect to have been excusable. The Court will therefore grant Plaintiff's Motion for a one-day extension of the deadline to file her notice of appeal.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion, R. Doc. 247, is GRANTED, and Plaintiff's deadline for filing her notice of appeal is hereby extended from November 9, 2023, to November 10, 2023.

New Orleans, Louisiana, this 11th day of December, 2023.

							_____
							GREG GERARD GUIDRY
							UNITED STATES DISTRICT JUDGE