UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SHANNON REEVES**                                                            **CIVIL ACTION**

                                                                              **NO. 19-10766**

**VERSUS**

                                                                              **SECTION: T (5)**

**CITY OF NEW ORLEANS, ET AL.**

## ORDER AND REASONS

The Court has before it Defendant New Orleans City ("New Orleans") Motion for Reconsideration, R. Doc. 255, of this Court's order granting Plaintiff Shannon Reeves's second opposed motion for an extension of time to file her notice of appeal, R. Doc. 254. Plaintiff has filed an opposition, R. Doc. 256, and New Orleans has submitted a reply memorandum, R. Doc. 259. Having considered the parties' briefing, as well as the applicable facts and law, the Court will DENY the Motion.

### I.   DISCUSSION

As is relevant to the instant Motion, on June 6, 2023, this Court granted New Orleans's motion for summary judgment on Plaintiff's remaining claims and entered judgment against Plaintiff and in favor of New Orleans in this matter. R. Docs. 226; 227. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff's deadline to file a notice of appeal was November 9, 2023. Plaintiff filed her notice of appeal on November 10, 2023, one day late. R. Doc. 243.

On November 11, 2023, New Orleans filed a motion with the Fifth Circuit to dismiss Plaintiff's appeal for lack of jurisdiction due to the untimely filed notice of appeal. Plaintiff submitted no opposition, and the Fifth Circuit granted New Orleans's motion and dismissed Plaintiff's appeal on December 5, 2023. In the meantime, Plaintiff moved this Court for a one-day

extension of time to file her notice of appeal and thereby render the late-filed notice timely. R. Docs. 244; 247. The Court denied Plaintiff's first such motion because Plaintiff had not made any argument that her failure to timely file the notice of appeal was based on excusable neglect or that there was good cause to grant the extension of time, as required by Rule 4(a)(5)(A)(ii). R. Doc. 246. However, on December 11, 2023, the Court granted Plaintiff's second such motion, holding Plaintiff's neglect in filing her notice of appeal one day late to be excusable. R. Doc. 254.

New Orleans now moves the Court to reconsider that order, asserting the Court manifestly erred in granting Plaintiff's motion. R. Doc. 255. New Orleans argues the Fifth Circuit's dismissal of Plaintiff's appeal for lack of jurisdiction prior to the Court's ruling on Plaintiff's motion for an extension of time to file her notice of appeal precludes the Court from granting that motion. R. Doc. 255-1 at 2. New Orleans offers no substantive support for this argument apart from pointing out that compliance with Rule 4 is essential to confer appellate jurisdiction, and therefore the lack of a timely-filed notice of appeal mandates dismissal of the appeal. *Id.* at 3.

This is, of course, true: when Plaintiff initially filed her notice of appeal, it was untimely, and thus could not confer jurisdiction over the appeal to the Fifth Circuit, thereby mandating the Fifth Circuit's dismissal of the appeal. But nothing in Rule 4, nor any case cited by New Orleans, indicates a district court is somehow divested of its jurisdiction over a motion for an extension of time to file a notice of appeal by a circuit court's dismissal of the appeal for lack of jurisdiction based on a previous untimely-filed notice of appeal. The mandate dismissing Plaintiff's appeal has yet to be issued, and Plaintiff's motion for reconsideration of the Circuit's dismissal remains pending. Fifth Circuit case law also indicates that a district court's granting of a motion for an extension of time to file can render an untimely notice of appeal timely, and thus capable of

conferring appellate jurisdiction, under at least some circumstances. *See Lewallen v. City of Beaumont*, 394 F. App'x 38, 42 (5th Cir. 2010).

It is a question for the Fifth Circuit, and currently pending before it, whether that court can now assert jurisdiction over Plaintiff's appeal following this Court's granting of Plaintiff's motion for an extension of time to file her notice of appeal. But this Court finds no merit to New Orleans's argument that it was precluded from granting Plaintiff's motion because the Circuit had already dismissed Plaintiff's appeal for lack of jurisdiction, and thus manifestly erred. Accordingly, New Orleans's Motion must be denied.

**II. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that New Orleans's Motion for Reconsideration, R. Doc. 255, is **DENIED**.

New Orleans, Louisiana, this 4th day of January, 2024.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

3